**Entered on Docket**
**December 31, 2012**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: December 28, 2012**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 12-30143DM |
| CARL ALEXANDER WESCOTT and | ) |
| MONETTE ROSEMARIE STEPHENS, | ) Chapter 7 |
| | ) |
| Debtors. | ) |
| _____ | ) |
| JANINA M. HOSKINS, TRUSTE IN | ) Adversary Proceeding |
| BANKRUPTCY OF THE ESTATE OF | ) No. 12-3148DM |
| CARL ALEXANDER WESCOTT and | ) |
| MONETTE ROSEMARIE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARL ALEXANDER WESCOTT and | ) |
| MONETTE ROSEMARIE STEPHENS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

SCHEDULING ORDER FOR:

[X] TRIAL IN ADVERSARY PROCEEDING

[ ] FINAL HEARING ON MOTION FOR RELIEF FROM STAY

[ ] TRIAL ON OBJECTIONS TO CLAIM

[ ] HEARING ON OBJECTIONS TO CONFIRMATION OF CHAPTER \_\_ PLAN

[ ] OTHER:

Trial Scheduling Order
Revised July, 2011

```
    [X] A Status Conference in this adversary proceeding
    [ ] A preliminary hearing on this motion for relief from stay
    [ ] A hearing regarding objections to claim
    [ ] A prehearing conference regarding objections to
        confirmation of plan
    [ ] Other: _____
```

was held on December 28, 2012.

Appearances were as follows:

    [X] For plaintiff <u>Janina M. Hoskins, Trustee in Bankruptcy of the Estate of Carl Alexander Wescott and Monette Rosemarie Stephens</u> ("Plaintiff"),

              <u>Jean Barnier, Esq.                           </u>;

    [X] For defendant <u>Carl Alexander Wescott     </u> ("Defendant"),

              <u>Howard L. Hibbard, Esq.                 </u>;

    [X] For defendant <u>Monette Rosemarie Stephens   </u> ("Defendant"),

              <u>Sheila Gropper Nelson, Esq.                </u>;

    [ ] For Debtor(s): _____;

    [ ] For Moving Party: _____
_____;

    [ ] For Trustee:_____;

    [ ] For Creditor: _____ ("Creditor"),
_____;

    [ ] For United States Trustee: _____;

    [ ] Other(s): _____
_____.

    Upon due consideration, the court hereby enters the following scheduling order.

    **TRIAL**. The trial or hearing ("Trial") on the above matter(s) will commence on the Date and Time of Trial, set forth below, at

Trial Scheduling Order
Revised July, 2011                  -2-

the United States Bankruptcy Court, 235 Pine Street, Twenty-Second Floor, San Francisco, CA 94104. The Time Reserved for Trial is also shown below. During the week prior to the Trial, the court may move the starting time or day. The court's Calendar Clerk/Courtroom Deputy will advise the parties of any such change by telephone. **All parties are cautioned to be prepared to adjust their schedules accordingly.**

**MOTIONS.** Unless otherwise ordered, (a) motions to join other parties and to amend the pleadings must be filed not later than **30** days after entry of this scheduling order and (b) motions for summary judgment must be heard no later than **30** calendar days before the Date and Time of Trial.

**DISCOVERY.** Discovery shall be completed by the Discovery Deadline shown below. Completion means that depositions must be concluded, although not necessarily transcribed. As to written and production discovery, responses must be due before the Discovery Deadline. The court will attempt to resolve all discovery disputes on an expedited basis via telephonic conference, which any party may initiate by request to the court's Calendar Clerk/Courtroom Deputy and notice to the other party after they have met and conferred and made a good faith effort to resolve the dispute. The party requesting the conference should submit a brief letter explaining the issues to be presented.

The Discovery Deadline may be extended by the parties by agreement, without an order of the court.

**EVIDENCE.** On motions for relief from stay, testimonial

evidence at the Trial must be presented by written declaration(s) or deposition excerpt(s), unless the court by order allows oral testimony. B.L.R. 4001-1(e). Any motion for permission to introduce any oral testimony (including by cross-examination of the other party's declarant(s) or deponent(s)) shall be filed and served (with chambers copies provided) no later than **14** calendar days before the Date and Time of Trial and shall include the names of the witnesses, the subject of their expected testimony, and, where applicable, a statement of the reasons why the testimony cannot properly be introduced by declaration(s) or deposition excerpt(s). Any opposition shall be filed and served (with chambers copies provided) no later than **10** calendar days before the Date and Time of Trial. The court will rule on the motion without a hearing. No such motion is required for cross-examination or redirect examination of expert witnesses.

Except on motions for relief from stay, declarations of non-expert witnesses will not be considered except by stipulation of the parties.

**PRE-TRIAL SUBMISSIONS.** Not later than **7** calendar days before the Date and Time of Trial, each party shall:

(a) File and serve a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies. Briefs shall not exceed **15** pages without prior permission of the court. The court will not normally request or permit post-trial briefs.

(b) Except for motions for relief from stay, file and

Trial Scheduling Order
Revised July, 2011                -4-

Case: 12-03148   Doc# 18   Filed: 12/28/12   Entered: 12/31/12 10:05:10   Page 4 of 10

serve a witness list, including a brief summary of the anticipated testimony from each witness.  If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list.  The presence of a witness' name on the witness list is to alert the court and the other side that the witness <u>may</u> be called.  It does not mean that that person <u>will</u> be called.  Accordingly, each party is responsible for ensuring the attendance of <u>every witness</u> the party intends to call, whether or not named by the other side.  Except in exceptional circumstances, and absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list.  This subparagraph shall not apply to expert witnesses or their testimony.

      (c)  On motions for relief from stay, file and serve (i) a notice identifying any declaration(s), deposition excerpt(s) or memoranda previously filed in connection with the preliminary hearing and (ii) any additional declarations the party wishes the court to consider.

      (d)  File and serve a list of exhibits (other than those to be used for impeachment or rebuttal) and exchange, but not file, copies of all exhibits the party intends to introduce into evidence.  Any paper(s) in the court's file of which a party intends the court to take judicial notice, or other facts that are proper for judicial notice under Fed. R. Evid. 201, must be reproduced and included as an exhibit(s).  Copies of the declarations filed and served in accordance with this order shall

be marked as exhibits in the manner described herein.  All
exhibits are to be premarked for identification.

In adversary proceedings, Plaintiff's exhibits should be marked by number and defendant's exhibits should be marked by letter.  On motions for relief from stay and other contested matters initiated by motion, Moving Party's exhibits should be marked by number and Respondent's, Debtor's or Trustee's exhibits should be marked by letter.  On objections to claim(s) and objections to confirmation of plans, Creditor's exhibits should be marked by number and Debtor's or Trustee's exhibits should be marked by letter.

Each page of any exhibit that has more than one page is to be numbered consecutively.  The parties shall bring to Trial copies of all exhibits for opposing counsel, the witnesses and the court, together with an exhibit list.  If a party has more that **10** exhibits, the exhibits should be placed in a three-ring binder with a tab for each exhibit and the exhibit list placed at the front of the binder.

**EXPERTS.**  The presentation of expert testimony at Trial shall be governed by the following:

(a) Direct evidence shall be presented by a declaration that authenticates the report of the expert.  See FRCP 26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026.  Each party shall file and serve declarations of experts and other documentary evidence related thereto no later than **30** calendar days prior to the Discovery Deadline; provided, however, on motions for relief

from stay, such declarations shall be filed and served no later than **14** calendar days prior to the Date and Time of Trial.

(b) To cross-examine an opposing party's expert declarant, a party shall notify the opposing party in writing or by e-mail at least **3 court** days before the Date and Time of Trial, in which case the declarant will be required to attend the Trial. Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert. Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse the opposing party no less than the expenses incurred in producing the expert at the Trial.

**PRE-TRIAL OBJECTIONS.** Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS**, above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits. Parties must meet and confer <u>before</u> Trial to attempt to reach agreement regarding admissibility. The court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE.** If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial. Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph. Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial.

Trial Scheduling Order
Revised July, 2011            -7-

Case: 12-03148    Doc# 18    Filed: 12/28/12    Entered: 12/31/12 10:05:10    Page 7 of 10

Copies of motions and oppositions should be delivered or faxed directly to Chambers.  Motions in limine will be heard at the commencement of Trial.

**STIPULATIONS.**  At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose.  Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL**.  Unless otherwise agreed by the parties or ordered by the court, Plaintiffs in adversary proceedings, moving parties on motions for relief from stay, and claimants on objections to claims will present their cases-in-chief first.  On objections to confirmation of plans, debtors or other plan proponents will present their cases-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES.**  The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.[1]  This paragraph supercedes the expert disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via Fed. R. Bankr. P. 7026.

**NOTICE TO COURT.**  No later than the Monday of the week prior

---

[1] The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party.  Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal.  Peals v Terre Haute Police Dept., 535 F.3d 621, 630 (7th Cir. 2008); see also Daly v. Far Eastern Shipping Co., 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), aff'd 108 Fed. Appx. 476 (9th Cir. 2004).

Case: 12-03148    Doc# 18    Filed: 12/28/12    Entered: 12/31/12 10:05:10    Page 8 of 10

to the Date and Time of Trial, counsel for: Plaintiff (in an adversary proceeding); Moving Party (on a motion for relief from stay); and the Debtor or Trustee (on objections to claim or objection to plan confirmation) **must** telephone or e-mail the court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

**NON-COMPLIANCE.** Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See FRCP 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

**DATE AND TIME OF TRIAL**: **June 3, 2013, at 9:30 a.m.**

**TIME RESERVED FOR TRIAL**: **One Day**

**DISCOVERY DEADLINE**: **May 3, 2013**

**OTHER PROVISIONS: A status conference will be held on February 22, 2013.**

***END OF ORDER***

Trial Scheduling Order
Revised July, 2011                -9-

COURT SERVICE LIST

Howard L. Hibbard, Esq.
Law Office of Howard L. Hibbard
251 Park Rd., Ste. 800
Burlingame, CA 94010