| | |
|---|---|
| 1 | MacCONAGHY & BARNIER, PLC<br>JOHN H. MacCONAGHY, SBN 83684 |
| 2 | JEAN BARNIER, SBN 231683<br>GREGORY J. BABCOCK, SBN 260437 |
| 3 | 645 First St. West, Suite D<br>Sonoma, California 95476 |
| 4 | Telephone: (707) 935-3205<br>Email: gbabcock@macbarlaw.com |
| 5 | |
| 6 | Attorneys for Plaintiff,<br>JANINA M. HOSKINS |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 12-30143 DM |
| | ) | |
| CARL ALEXANDER WESCOTT AND | ) | (Chapter 7) |
| MONETTE ROSEMARIE STEPHENS, | ) | |
| | ) | A.P. No. 12-3148 |
| | ) | |
| | ) | **TRUSTEE'S MOTION FOR DISCOVERY** |
| Debtors. | ) | **SANCTIONS AND ENTRY OF DEFAULT** |
| | ) | **PURSUANT TO FRCP 37(d);** |
| | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES** |
| | ) | |
| JANINA M. HOSKINS, TRUSTEE IN | ) | Date: April 26, 2013 |
| BANKRUPTCY OF THE ESTATE OF | ) | Time: 10:00 a.m. |
| CARL ALEXANDER WESCOTT AND | ) | San Francisco Courtroom 22 - Montali |
| MONETTE ROSEMARIE STEPHENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARL ALEXANDER WESCOTT AND | ) | |
| MONETTE ROSEMARIE STEPHENS, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION**

Plaintiff Janina M. Hoskins, Trustee hereby moves this court for discovery sanctions and entry of default judgment for denial of discharge against defendant Debtor Carl Alexander Wescott.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Bankruptcy Procedure 7037 provides that Federal Rule of Civil Procedure 37 applies in adversary proceedings. A court may order sanctions, including default judgment pursuant to Rule 37(b)(2)(A)(vi), against a party who fails to appear for his deposition. Fed.R.Civ.P. 37(d).

The Trustee is entitled to an order for default judgment against the Debtor due to his failure to appear for his noticed deposition on March 22, 2012. The Trustee was not provided any notification by the Debtor that he would not appear at the deposition until March 19, 2012 - at which time his attorney informed the Trustee that it was his understanding that the Debtor was out of the country. But the Debtor was actually in San Francisco that very day, attempting to frustrate the Trustee's retrieval of the Debtors' financial records from a storage unit at City Storage. The Debtor's failure to appear for his deposition was willful and without justification.

## **FACTS**

On February 16, 2013, pursuant to Civil Local Rule 30-1, Trustee's counsel emailed Howard L. Hibbard, counsel for the Debtor to coordinate available dates for the taking of the Debtor's deposition. [Decl. ¶3]

On February 28, 2013, Trustee counsel's staff e-mailed Mr. Hibbard again with regards to scheduling the Debtor's deposition. Trustee's counsel received no response. [Decl. ¶3]

On February 28, 2013, Trustee's counsel's office served a Notice of Taking Deposition, unilaterally scheduling the deposition for March 22, 2013. [Decl. ¶3]

On March 19, 2013, Trustee's counsel received an email from Debtor's counsel, stating that he would be withdrawing from the case and that it was his understanding that the Debtor was out of the country. [Decl. ¶4]

On March 19, 2013, the Debtor was in San Francisco, where he attempted to frustrate the Trustee's retrieval of the Debtors' business records from a storage unit at City Storage. [Decl. ¶5]

The Debtor failed to appear for his deposition on March 22, 2013. [Decl. ¶6]

**ARGUMENT**

A Court may enter default judgment against a party who has failed to appear for a noticed deposition if the failure to appear is due to willfulness or bad faith. Fed. R. Civ. P. 37(b)(2)(A)(vi), (d)(1)(A)(I); and see, *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).

Courts consider five factors in determining whether entry of default judgment is warranted: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendant, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Stars' Desert Inn*, 105 F.3d at 524. Each of these factors are in favor of the Trustee and entry of default judgment against the Debtor.

The Debtor's failure to attend his deposition was willful. The deposition was duly noticed and served upon both the Debtor and his counsel. Three days before the scheduled deposition, the Debtor's counsel stated that it was his understanding that the Debtor was out of the country. But in fact the Debtor was in San Francisco. Finally, the Debtor did not take any actions to delay the taking of the deposition, including the filing of protective pleadings with the Court.

The first two factors weigh heavily in favor of the Trustee. The Debtor's failure to attend his deposition necessarily implicates both the interests of an expeditious resolution of the litigation and the Court's need to efficiently manage its docket. By failing to attend his deposition, the Debtor has effectively prevented the Trustee from completing her investigation into the Debtor's affairs thus denying her the information necessary to fully prosecute her case. In addition, the Debtor's failure to attend his deposition makes the currently scheduled trial date for June impossible to keep - how can the Trustee effectively examine the Debtor at the trial without having deposed the Debtor?

The third factor - risk of prejudice - also weighs in the Trustee's favor. The Debtor's failure to appear for his deposition has impaired the Trustee in prosecuting her case, both as to what would be discovered at the deposition but also in examining the Debtor at trial.

The fourth factor - the general policy of favoring resolution of cases on the merits - does not weigh in the Debtor's favor either, as the Debtor would have attended his deposition if he had a desire to see his case resolved on the merits.

Finally, the fifth factor - the availability of less drastic sanctions - weighs in favor of the Trustee. The Debtor has demonstrated an alarming disregard for the Court's orders throughout the case. The Debtor has been evasive and uncooperative when the Trustee has propounded discovery, and his willful failure to appear for his noticed deposition is in keeping with his prior conduct. Monetary sanctions cannot solve the problem presented by the Debtor's actions, as the case cannot proceed without the Debtor's cooperation, and thus the only appropriate sanction is the entry of default judgment against him. See *Stars' Desert Inn*, 105 F.3d at 524-25; *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990).

Upon consideration of all five factors, the Trustee submits that entry of default judgment based on the Debtor's failure to attend his own deposition is not only warranted, but is the only just result under the circumstances.

## **CONCLUSION**

The Debtor's failure to attend his deposition on March 22, 2013 deprived the Trustee of her ability to fully prosecute her case against him. The Debtor's failure was willful, and no justification for his lack of attendance was proffered to the Trustee or this Court. The Trustee's Motion must be granted and default judgment denying the Debtor's discharge should be entered.

Dated: March 29, 2013              MACCONAGHY & BARNIER, PLC

                                                    /s/ Gregory J. Babcock
                                                  Gregory J. Babcock
                                                  Attorneys for Plaintiff