MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
GREGORY J. BABCOCK, State Bar No. 260437
645 First Street West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
Email: jbarnier@macbarlaw.com

Attorneys for Plaintiff,
Janina M. Hoskins, Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CARL ALEXANDER WESCOTT and<br>MONETTE ROSEMARIE STEPHENS,<br><br>Debtors.<br><br>JANINA M. HOSKINS, Trustee in<br>Bankruptcy of the Estate of Carl Alexander<br>Wescott and Monette Rosemarie Stephens,<br><br>Plaintiff,<br><br>v.<br><br>CARL ALEXANDER WESCOTT and<br>MONETTE ROSEMARIE STEPHENS,<br><br>Defendants. | Case No.: 12-30143 DM<br>(Chapter 7)<br><br>AP No. 12-3148<br><br>**DECLARATION OF JEAN BARNIER IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION OF ISSUES**<br><br>Date: April 26, 2013<br>Time: 10:00 a.m.<br>San Francisco Courtroom 22 - Montali |

I, Jean Barnier, state:

1. I am an attorney admitted to the bar of this court and am counsel of record for Janina Hoskins, Chapter 7 Trustee of this estate.

2. After multiple 341(a) hearings, on May 9, 2012 this Court ordered Debtors Carl Wescott and Monette Stephens to produce their financial records to the Trustee ("May Order").

3. At a subsequent 341(a) hearing held on June 20, 2012, Mr. Wescott testified that the Debtors had approximately 150 bankers boxes of records and that they were available for the

Trustee to inspect. A correct copy of the relevant portions of the transcript of the 341(a) hearing is attached hereto and labeled Exhibit 1.

4. Before the Trustee could inspect the alleged 150 bankers boxes, the Debtors obtained new counsel, Sheila Gropper-Nelson, Esq., and there were considerable extra delays in the production of any requested documents by the Debtors.

5. On August 26, 2012, the Court entered a further order, the Order re: Debtor's Motion to Quash Orders for Examination ("August Order" and collectively with the May Order, the "Turnover Orders"). The August Order clearly specified that the Debtors were:

A) To produce for inspection and photocopying the documents labeled Exhibit A accompanying the Trustee's Motion for Order for Examination Pursuant to Rule 2004 filed April 24, 2012;

B) To produce for inspection and photocopying the documents described in the Order for Examination Pursuant to Bankruptcy Rule 2004 entered July 13, 2012; and

C) To allow the Trustee and her representatives, at a mutually convenient date and time, to examine and photocopy all such documents at the Debtors' residence.

6. Ms. Gropper-Nelson withdrew from the representation of the Debtor Carl Wescott, but not before allowing him to retrieve a number of bankers boxes from her office on or about September 5, 2012, instead of complying with the Turnover Orders.

7. On September 7, 2012, Ms. Gropper-Nelson and the Debtor Monette Stephens allowed the Trustee's Accountant, myself and my Paralegal to enter the Debtors' residence to review and inspect what were represented to us as all of the documents and hard drives in the Debtors' possession, custody and control. At that time, the Debtors produced documents that were in folders, but no bankers boxes or hard drives. Both Ms. Gropper-Nelson and Debtor Monette Stephens assured us that this was everything. However, there were large gaps in the materials that were produced. At the end of the inspection I made arrangements to copy what was needed.

8. In the meantime, my office and Bachecki Crom & Co. personnel continued the investigation of the Debtors' financial affairs on behalf of the Trustee, through inspection of records produced by third parties pursuant to Bankruptcy Rule 2004.

9. On or about February 14, 2013, Trustee's professionals discovered a post-petition

payment of approximately $160.00 to City Storage, a provider of self-storage units, from an account in the name of Atlas Consulting Group, Inc., a shell corporation wholly owned by the Debtor Monette Stephens.

10. Upon further investigation, I learned that City Storage provided a niche service for private wine storage. That caused the Trustee to suspect that the Debtors were using City Storage to house their private wine cellar, which they had valued in the range of six figures on pre-petition financial statements, but the contents of which had disappeared as of the filing of the petition for relief.

11. To review the contents of the storage unit, and because of concerns that the Debtors would clean out the unit before the Trustee could conduct her inspection, my office obtained an order under seal permitting the Trustee to access and inspect the unit.

12. On March 14, 2013, the Trustee, myself, and my Paralegal visited the storage unit and discovered what appeared to be approximately 75 bankers boxes located therein. Correct copies of photos of these items are attached as Exhibit 2.

13. Before removing these items, out of due process concerns, the Trustee returned to the Court to seek authority to do so, giving notice to the Debtors. This was also required by the owner of the storage facility. On March 15, 2013, the Trustee obtained an Order to remove the contents of the unit, and on March 21, 2013, the Trustee, my staff and I retrieved a total of 75 bankers boxes of records. Attached to this declaration and labeled Exhibit 3 is an inventory list of those boxes.

14. As to the Debtor Carl Wescott, I was informed by an employee of City Storage that on March 19, 2013, between the time I had notified the Debtors that the Trustee would be seeking an order allowing her to retrieve these materials and the time Trustee actually did so, Mr. Wescott appeared at the storage facility and demanded that he be permitted to remove the materials. The staff refused to do so.

15. As to Debtor Monette Stephens, the documents retrieved from the storage facility include receipts for wire transfers out of bank accounts in her name to South America. Correct copies of the wire transfer receipts are grouped together and attached to this declaration and

1 | labeled Exhibit 4.

2 |     16.    Also, as to Debtor Monette Stephens' participation in the concealment of documents, I discovered in my review of the 75 boxes, copies of Exhibit A (which lists the documents to be produced) to the Debtors' Rule 2004 Examination, dated April 24, 2012, which was served at the Debtors' mailing address of 853 Ashbury St., San Francisco, CA. The copies contain notations in Debtor Monette Stephens' handwriting. A correct copy of the notated Exhibit A's is attached to this declaration and labeled Exhibit 5.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, that I have personal first hand knowledge thereto, and that this declaration is executed on March 29, 2013, at Newport, Rhode Island.

                                       /s/   Jean Barnier
                                       Jean Barnier