1  **James V. de la Vergne, Esquire**
California State Bar No. 50380
2  Law Offices of de la Vergne & McMurtry
A Professional Corporation
3  Post Office Box 1622
Sacramento, CA 95812-1622
4  (916) 441-1978 - Telephone

5  Attorneys for Plaintiffs
Stephen M. Donecker and Krista L. Donecker

6

7  **SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SACRAMENTO**

8

9  **STEPHEN M. DONECKER and**          )    Case No. _____
   **KRISTA L. DONECKER,**              )
10                                       )    **VERIFIED COMPLAINT FOR DAMAGES**
       Plaintiffs                        )    **UNLIMITED**
11                                       )
   vs.                                   )    **JURY TRIAL DEMANDED**
12                                       )
   **CARL A. WESCOTT; SUNEET**           )    Accounting for Gains
13  **SINGAL; SURPRISE**                 )    Aiding and Abetting Fiduciary Abuse-Wescott
   **DEVELOPMENT, INC., a California**   )    Aiding and Abetting Fiduciary Abuse-Singal
14  **Corporation; STRATEGIC**          )    Aiding and Abetting Fraud-Wescott
   **DEVELOPMENT HOLDING**              )    Aiding and Abetting Fraud-Singal
15  **COMPANY, LLC, a California Limited** )  Breach of Fiduciary Duty
   **Liability Corporation, and Does 1-**  )  Breach of Implied Covenant of Good Faith and Fair Dealing
16  **100, inclusive.**                 )    Breach of Written Contract (Promissory Note)
                                         )    Civil Conspiracy
17      Defendants                       )    Common Count for Money Lent
   _____      )    Conversion
18                                            Deceit-Concealment and Suppression of Fact
                                              Fiduciary Abuse
19                                            Fraud
                                              General Damages
20                                            Imposition of Constructive Trust
                                              Inducement and Declaratory Relief
21                                            Injunction Freezing Assets
                                              Intentional Infliction of Emotional Distress
22                                            Negligence
                                              Negligent Misrepresentation
23                                            Negligent Infliction of Emotional Distress
                                              Punitive Damages
24                                            Unfair Business Practices
                                              Unjust Enrichment
25                                            Violation of B&P Code § 17200
                                              Violation of B&P Code § 17200 (Aiding and Abetting)
26                                            Violation of Corporations Code § 25401
                                              Violation of 18 U.S.C. § 1961 (Racketeering Influenced and
27                                            Corrupt Organization [RICO])

28

---

**COMPLAINT FOR DAMAGES**

D:\KJFLODM\Donecker Pleading\Complaint KJF 01_16.wpd  January 16, 2012 (5:04pm)

Case: 12-03148    Doc# 29-45    Filed: 05/13/13    Entered: 05/13/13 23:04:26    Page 1
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    of 60    T-1 of 60    Page 1

**I. PARTIES AND BACKGROUND INFORMATION**.

Plaintiffs STEPHEN M. DONECKER and KRISTA L. DONECKER allege as follows:

A. **RESIDENCY and JURISDICTION**

1. Plaintiffs **STEPHEN M. DONECKER and KRISTA L. DONECKER** are, and at all times herein mentioned were married to one another and residents of Yolo County, California.

   a. Hereafter, when referred to **collectively**, Plaintiffs STEPHEN M. DONECKER and KRISTA L. DONECKER will be called "Plaintiffs" or the "DONECKERS."

2. Plaintiffs are informed and believe that Defendant **CARL A. WESCOTT**, also known as **CARL ALEXANDER WESCOTT**, is, and at all times herein mentioned was, a resident of the County of San Francisco, California.

   a. Hereafter, CARL A. WESCOTT will be called Defendant WESCOTT.

3. Plaintiffs are informed and believe that Defendant **SUNEET SINGAL** is, and at all times herein mentioned was, a resident of the County of Sacramento, State of California.

   a. Hereafter, SUNEET SINGAL will be called Defendant SINGAL.

4. Defendant **SURPRISE DEVELOPMENT, INC**., a California Corporation. ("SURPRISE INC"), was and is a Corporation formed, organized and existing under the laws of the State of California, doing business in the State of California.   Its principal officer and Agent for Service of Process is Defendant WESCOTT.

///

D:\KJFLODM\Donecker\Pleading\Complaint KJF 01_16.wpd   (January, 16, 2012 (5:04pm)

Case: 12-03148   Doc# 29-45   Filed: 05/13/13   Entered: 05/13/13 23:04:26   Page 2
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-2 of 60
DONECKER v. WESCOTT AND SINGAL

5.    Defendant **STRATEGIC DEVELOPMENT HOLDING COMPANY, LLC.**, a
California Limited Liability Corporation ("STRATEGIC LLC") is a
Corporation formed and organized under the laws of the State of
California from the period of January 17, 2007, until a date uncertain,
when it was suspended by the California Secretary of State.  Its principal
officer and Agent for Service of Process is Defendant SINGAL.

B.  **DOE  DEFENDANTS**

1.    The true identities and capacities of Defendants DOES 1 though 100,
inclusive, are unknown to Plaintiffs at this time.  Plaintiffs will amend this
Complaint to set forth the full amount when the same has been
ascertained.

2.    Plaintiffs are informed and believe that each of the fictitiously named
Defendants is responsible in some manner for the events hereafter
alleged, or is in some manner legally responsible for Plaintiffs' damages
complained of hereafter.

3.    Defendants DOES 1 through 100 are the employees, agents,
independent contractors, or other persons who acted on behalf of the
Defendants in this action.

4.    Plaintiffs are informed and believe and thereon allege that at all times
mentioned herein, each DOE Defendant was an agent of each of the
other Defendants, acted jointly with the other Defendants, assisted or
acted in concert with the other Defendants, and otherwise participated in,
or directed, or otherwise was responsible for, directly or indirectly, the
occurrences alleged herein.

///

---

**COMPLAINT FOR DAMAGES**

C. **VENUE**

1.   Sacramento County is a proper venue for this matter because during all times pertinent to this action, Defendants conducted business in Sacramento County which included communications via telephone, cell phone, fax and email and "face-to-face" meetings in Sacramento County, among other counties, all concerning properties located in, but not limited to Merced, Placer, San Francisco, and Yolo.

2.   A significant portion of those communications and transactions involved and/or included Defendant SINGAL, a resident of and doing business in Sacramento County as a result of which communications and transactions, agreements were reached, as set forth in detail hereafter.

II. **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

A.   At all times mentioned herein Plaintiff KRISTA L. DONECKER was a California licensed real estate agent and thereafter broker and principal of DONECKER Consulting, Inc.

B.   KRISTA L. DONECKER was a California licensed real estate agent from August 21, 1996 to March 13, 2008, and has been a licensed real estate broker since March 14, 2008.

C.   In her capacity as a real estate agent licensee, and "Wholesale Account Representative", Plaintiff KRISTA L. DONECKER had earned in excess of ONE MILLION DOLLARS in an annual period prior to the events set forth in this complaint.

D.   Plaintiff KRISTA L. DONECKER is a June 1993 graduate of California State University, Fresno, where she earned a Bachelor of Science in Administration / Marketing.

E.   At all times mentioned herein, Plaintiff STEPHEN M. DONECKER, a 1996 graduate of California State University, Fresno, with a Bachelor of Science Degree in Electrical Engineering with minors in Computer Science and Mathematics, was and is employed by the University of California at Davis at the Advanced Highway Maintenance and Construction Technology Research Center, as an Assistant / Associate Development Engineer.

///

Case: 12-03148    Doc# 29-45    Filed: 05/13/13    Entered: 05/13/13 23:04:26    Page 4
DONECKER v. WESCOTT, et al., SINGAL
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012    T-4 of 60
of 60

F.    Prior to the events set forth in this complaint, Plaintiff STEPHEN M. DONECKER, as a private investor of the Donecker family's funds in the stock market, had realized net stock trading gains in excess of ONE MILLION DOLLARS ($1,000.000.00) in the DONECKERS' trading account.  When STEPHEN M. DONECKER, by virtue of his trading experience, realized the stock market was on the verge of a massive move down ("tanking") in 2008, he withdrew his family's stock trading gains from the trading account and exited the market before it dropped.  The funds he withdrew were deposited with various banks to protect those funds in the event any one of them failed.

G.    In calendar year 2005, while employed as a "Wholesale Account Representative" for Argent Mortgage, Plaintiff KRISTA L. DONECKER became acquainted with Defendant SINGAL, also a California licensed real estate broker, who was employed as a Project Manager for Surprise Development, an entity owned and managed by Defendant WESCOTT.

H.    During the period of time prior to the events alleged in this complaint, Plaintiff KRISTA L. DONECKER was not aware of any inappropriate or unprofessional conduct relating to Defendant SINGAL's activities as a broker or as a principal or employee of Surprise Development and Defendant WESCOTT, and for that reason, had faith, trust, and confidence in his advice and opinions as set forth below.

I.    During the approximate two (2) month period prior to the offer of a promissory note by WESCOTT to the DONECKERS, as set forth in detail hereafter, Plaintiff KRISTA L. DONECKER, at the suggestion and request of SINGAL,  attempted to find lenders to WESCOTT,  for real estate projects he and SINGAL wanted to develop. SINGAL informed Plaintiff KRISTA L. DONECKER that he and WESCOTT were partners.  As part of her joint efforts on behalf of SINGAL and WESCOTT she received from Defendant WESCOTT an email dated June 16, 2008 in which he forwarded to her a "Balance Sheet in GAAP Format", dated May 14, 2008, which stated WESCOTT had current assets of $1,956,608.00, total assets of $51,419,757.00, current liabilities of $1,007,692.00, total liabilities of $11,096,158.00, and a net worth of $40,323.599.   A copy of that Balance Sheet is attached hereto as **EXHIBIT 1.**

///

Case: 12-03148   Doc# 29-45   Filed: 04/05/13   Entered: 04/03/13 23:04:26   Page 5
of 60

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012

1    J.    Despite her best efforts,  Plaintiff KRISTA L. DONECKER was unable to locate

2  any lenders for WESCOTT or SINGAL.

3    K.    In late June 2008, Plaintiff KRISTA L. DONECKER, while traveling with her

4  husband in their car en route to San Francisco, received a cell phone call from Defendant

5  SINGAL.   During that call, SINGAL asked her if she would be interested in lending money to

6  Defendant WESCOTT, who, SINGAL informed her, paid a high rate of interest on borrowed

7  funds.   No such request or offer had been made previously by SINGAL to Plaintiffs.

8    L.    Because of her professional acquaintance with Defendant SINGAL, and the

9  financial statement provided to her by WESCOTT, as described in Paragraph I, above, she

10  trusted that the information provided by SINGAL concerning WESCOTT was reliable, and,

11  based thereon, she could rely that Defendant WESCOTT was an individual of significant net

12  worth, who was both a competent and ethical real estate broker and developer.

13    M.    Shortly after the June 2008 telephone call from Defendant SINGAL, Plaintiff

14  KRISTA L. DONECKER spoke by telephone with Defendant WESCOTT, who offered her a

15  fifteen percent (15%) interest rate on a three (3) month loan to him in the sum of $250,000.00,

16  which loan would be evidenced by a Promissory Note secured by a recorded Deed of Trust.

17    N.    On July 1, 2008, in response to that telephone call, Plaintiff KRISTA L.

18  DONECKER met with Defendant WESCOTT at his office in San Francisco, California, where

19  she agreed, on behalf of the DONECKERS, to make the loan he requested.

20    O.    Defendant WESCOTT recommended that the $250,000.00 Promissory Note be

21  secured by a Deed of Trust on real property he owned in Sonoma County, which was improved

22  by a single family home.  WESCOTT  provided the DONECKERS with a "lending application"

23  he had previously made which showed the Sonoma property had a value of $2,500,000.00.  He

24  informed the DONECKERS the property had an encumbrance of $1,844,335.00, with the clear

25  intent and purpose to induce them to believe the underlying encumbrance was current and that

26  there was available unencumbered equity of at least $500,000.00 to secure the $250,000.00

27  NOTE evidencing the loan.  Only later, in 2010, as set forth below, did the DONECKERS learn

28  the encumbrance on the Sonoma property consisted of various loans, many of which were

Case: 12-03148   Doc# 29-45   Filed: 05/03/13   Entered: 05/03/13 23:04:26   Page 6
D:\KJFLODM\Donecker\Pleading\Complaint KJF 01 16.wpd    January, 16, 2012 (5:04pm)
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    of 60    T-6 of 60

1 "troubled" and some of which were later foreclosed.

2       Defendant WESCOTT's failure to fully disclose the status of the encumbrance was

3 intended to lead the DONECKERS to believe their loan would be fully secured by the deed of

4 trust offered to them as security.   In response to the representations of Defendants WESCOTT

5 and SINGAL, the DONECKERS made the requested loan to WESCOTT, by taking the steps

6 set forth below.

7       P.    **THE INITIAL SHORT TERM LOAN AND PROMISSORY NOTE**

8       1.    At the San Francisco meeting, Defendant WESCOTT gave Plaintiff

9 KRISTA L. DONECKER a document entitled "Secured Promissory Note Payable in One

10 Installment - SECURED TERM NOTE"  in the face amount of $250,000.00, at 15% interest,

11 which he had signed and dated in hand "07/01/2008."   The NOTE, by its terms, required

12 repayment of the loan in full  by October 1, 2008 – a period of three (3) months – and stated it

13 was secured by real property located at 4175 West Dry Creek Road, Healdsburg, California

14 95448.

15       2.    Regarding what appears to be a usurious interest rate of 15% offered by

16 Defendant WESCOTT, as set forth in the Promissory Note, the California Constitution, at

17 Section, at Article 15, Section 1 (2), provides that such rate is not usurious if the loan is "made

18 or arranged by any person licensed as a real estate broker by the State of California and

19 secured in whole or in part by liens on real property."

20       3.    The provisions of the California Constitution, as noted above,  enabled

21 Defendant WESCOTT and Plaintiff KRISTA L. DONECKER to arrange for an interest rate of

22 15% because Plaintiff KRISTA L. DONECKER was licensed by the State of California's

23 Department of Real Estate ("DRE") as California Real Estate Broker #01212658, effective on

24 March 14, 2008.   Defendant WESCOTT  was the designated officer of two (2) entities licensed

25 by DRE – PeopleBridge, Inc. #01454017, licensed on October 7, 2004, which license is current

26 through October 6, 2012 – and Miracle Solutions #01523749, licensed on April 11, 2006, and

27 expired as of April 10, 2010.  Defendant WESCOTT is also the Registered Agent for Service of

28 Process of PeopleBridge, Inc.

---

**COMPLAINT FOR DAMAGES**

DONECKER v. WESCOTT, et al. [CIV 12-03148]
D:\KJFLODM\Donecker\Pleading\Complaint KJF 01 16.wpd   January 16, 2012 (5:04pm)

Case: 12-03148   Doc# 29-45   Filed: 05/13   Entered: 05/03/13 23:04:26   Page 7
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012   of 60   T-7 of 60

4.     On July 2, 2008, the day immediately following the San Francisco face-to-face meeting with Defendant WESCOTT, the DONECKERS authorized, initiated, and completed a wire transfer to Defendant WESCOTT's personal Wells Fargo account in the amount of $250,000.00, from funds drawn on the DONECKERS' Charles Schwab account.

5.     A copy of the July 1, 2008 Promissory Note, hereafter called "the NOTE", is attached hereto as **EXHIBIT 2**.

6.     A redacted copy of the Schwab Wire Transfer Confirmation is attached hereto as **EXHIBIT 3**.

7.     Although the NOTE was for a period of three (3) months only, Defendant WESCOTT told Plaintiff KRISTA L. DONECKER that he would continue to "roll the note over" at the promised fifteen percent interest (15%) until the DONECKERS were ready to call the NOTE due.

8.     The NOTE required security by its terms, and Defendant WESCOTT made oral assurances that it would be secured by a recorded deed of trust. For that reason, on the same date the NOTE was made, July 1, 2008, Plaintiff KRISTA DONECKER sent two email requests to Defendant CARL WESCOTT. The first instructed him to "tie the note to the Healdsburg property" (Sonoma). The second requested he provide her with a copy of the "paperwork" (Deed of Trust) for her review, and "once reviewed, [she] would be leaving for [his] office." A copy of those two (2) emails are attached as **EXHIBIT 4.**

9.     Thereafter, on July 15, 2008, the DONECKERS received an email from Defendant WESCOTT which stated that Sonoma County [the Recorder] *"didn't like the notary acknowledgment so they bounced back the Deed recording."* Defendant WESCOTT also said he was in Europe through the end of [that] month and would have the Deed of Trust notarized again and sent back to the Sonoma County Recorder on August 1, 2008 -- his *"first day back"* ("Email Thread" attached hereafter as **EXHIBIT 5**).

///

Case: 12-03148   Doc# 29-45   Filed: 03/05/13   Entered: 03/05/13 23:04:26   Page 8

D:\KJFLODM\Donecker\Pleading\Complaint KJF 01.16.wpd   January 16, 2012 (5:04pm)

DONECKER v. WESCOTT AND SINGH

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012     T-8 of 60

of 60

On July 20, 2008, Plaintiff KRISTA DONECKER replied via email and instructed WESCOTT to "confirm when you get it notarized." That same date, WESCOTT replied and stated he would "...make sure the notary uses the 2008 form this time – apparently the one on the form I had ... was only valid through 12/31/2007 ..." ("Email Thread" attached hereafter as **EXHIBIT 5**).

On August 5, 2008, Plaintiff KRISTA DONECKER sent another email to WESCOTT asking him if the deed had been recorded ("Email Thread" attached hereafter as **EXHIBIT 5**).

On August 6, 2008, Plaintiff KRISTA DONECKER sent another email to Defendant SUNEET SINGAL, indicating she'd had no response from WESCOTT, and had left WESCOTT a message "just now" ("Email Thread" attached hereafter as **EXHIBIT 5**).

On August 6, 2008, Defendant WESCOTT replied via email to DONECKER, concerning recording of the Deed. His email states "*Not yet – been swamped since I got back. I will get the Deed re-notarized tomorrow and will send it off then. Sorry about the delay*" ("Email Thread" attached hereafter as **EXHIBIT 5**).

On August 7, 2008, Defendant WESCOTT sent another email to DONECKER, concerning the Deed, which states "*Got it re-notarized. ... Scanning now. We can send in tomorrow.*" A scanned copy of the signed and notarized Deed of Trust was attached to the August 7, 2008 email ("Email Thread" attached hereafter as **EXHIBIT 5** and Deed of Trust as **EXHIBIT 5.1**).

A copy of the "Email Thread" (a series of emails printed as a group) for the period July 15, 2008 through August 7, 2008 between DONECKER, WESCOTT and SINGAL is attached as **EXHIBIT 5 and the Deed of Trust (which was an attachment to the email) as 5.1.**

10. The DONECKERS, in reliance on the truthfulness and integrity of Defendant WESCOTT, did not pursue further or confirm the status of the promised deed of trust. In fact, the DONECKERS, heard nothing further from Defendant WESCOTT, regarding the deed of trust. Two years later, in early July 2010, the DONECKERS discovered that the

Case: 12-03148   Doc# 29-45   Filed: 04/05/13   Entered: 04/03/13 23:04:26   Page 9
of 60
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012                T-9 of 60

1  Healdsburg property, which was to have served as security for the NOTE, had been foreclosed

2  by the holder of an earlier recorded lien against that same property.

3        11.    In addition to discovery of the foreclosure on the Healdsburg property, the

4  DONECKERS also discovered that the deed of trust securing their NOTE had never been

5  recorded, as a result they did not appear as creditors or lienholders at the time of the

6  foreclosure in early 2010 and for that reason did not receive notices of default of notes senior to

7  the NOTE.

8        12.    Pursuant to the NOTE, the Principal Amount of $250,000.00 bears

9  interest at the rate of 15% percent, payment of which was due in full on October 1, 2008.

10  Interest on the NOTE accrues at that rate from the date of the note, July 1, 2008, until paid.

11        13.    Despite repeated requests that Defendant WESCOTT pay the

12  DONECKERS  the principal and interest due on the NOTE, pursuant to its terms, and the

13  personal guarantee set forth in the NOTE which states **"Debtor also personally guarantees**

14  **full repayment and also all the terms above**", Defendant WESCOTT has failed and refused

15  to pay the NOTE, which, with accrued interest, remains unpaid.

16    Q.    **INVESTMENTS / LOANS FOLLOWING $250,000 PROMISSORY NOTE**

17        Following the wire transfer of $250,000 to Defendant WESCOTT for the "secured"

18  NOTE,  as described above, and approximately 18 months **BEFORE** the DONECKERS

19  learned Defendant WESCOTT had not taken the steps necessary to secure the NOTE by

20  recordation of a Deed of Trust, as he assured the DONECKERS he would do, as set forth

21  above and in the First Cause of Action, below,  Defendant SINGAL informed the DONECKERS

22  that WESCOTT was developing various commercial and residential real estate projects in the

23  United States and Panama, for which Defendant WESCOTT was seeking financing, all of which

24  Defendant SINGAL told the DONECKERS would be "good investments" for them.

25        In response to overtures by both WESCOTT and SINGAL, the DONECKERS were

26  induced "to invest" in various "projects" (five [5]  –  in the total amount of $600,000.00) and

27  made additional loans of in the total amount of $862,916.67, as set forth in **DETAIL CHARTS A**

28  **through E**, below.  At no time prior to their "investments" or their additional loans after the initial

---

**COMPLAINT FOR DAMAGES**

DONECKER v. WESCOTT AND SINGAL
D:\KJFLODM\Donecker Pleading\Complaint KJF.01.16.wpd  –  January 16, 2012 (5:04pm)

Exhibit I - Donecker Complaint against Wescott 1/16/2012     T-10 of 60

1   $250,000 loan, did WESCOTT or SINGAL inform the DONECKERS that their $250,000.00 loan

2   to WESCOTT was unsecured and the Sonoma County property in danger of foreclosure.

3        As set forth, above, the DONECKERS did not learn of the foreclosure on the Sonoma

4   property which was to have served as security for the $250,000 promissory note from

5   Defendant WESCOTT to them, until July 2010, after they had invested $600,000 in projects

6   and made loans of $862,916.67.   Had they been informed the promised Deed of Trust on the

7   Sonoma property would not be and was not recorded, or that the "senior" debt on that property

8   was susceptible to foreclosure due to late or nonpayment by WESCOTT, they would not have

9   made the "investments" they did, nor would they have loaned additional funds, as set forth

10  below.

11       The five (5) "investments" the DONECKERS were induced to make are:

12       **1.    LINCOLN OAKS ESTATES, AKA LINCOLN WILDHORSE**
         **$50,000.00**
13       **August 15, 2008**

14       On August 15, 2008, the DONECKERS, at and in response to Defendants WESCOTT's

15  and SINGAL's requests,  and in reliance on a written "Term Sheet" prepared by Defendants,

16  wired to Defendant WESCOTT's personal account the sum of  FIFTY THOUSAND DOLLARS

17  ($50,000), as an investment in a project called "Lincoln Oaks Estates" (aka Lincoln Wildhorse)

18  in Placer County, California.  The terms of the Lincoln investment entitled the DONECKERS to

19  a five percent (5%) ownership interest in the project.   In addition to the DONECKERS' roles as

20  investors in that project,  Defendant WESCOTT and Defendant SINGAL agreed that Defendant

21  SINGAL and Plaintiff KRISTA L. DONECKER would act as Project Managers.   The wire

22  transfer dated August 15, 2008 was from the DONECKERS' Charles Schwab account to

23  Defendant WESCOTT's personal account.     A copy of a "Term Sheet" for "Lincoln Oaks

24  Estates, LLC" is attached hereto as  **EXHIBIT 6**.  A redacted copy of the Schwab Wire Transfer

25  Confirmation is attached hereto as  **EXHIBIT 6.1**.  This project is also referred to in a document

26  entitled Term Sheet, dated December 31, 2008, hereafter more fully described and attached as

27  **Exhibit 9**.

28  ///

---

**COMPLAINT FOR DAMAGES**

Case 12-03148   Doc# 29-45   Filed: 09/03/13   Entered: 09/03/13 23:04:26   Page 11
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012   T-11 of 60
of 60

1    In addition to the $50,000.00 investment, the DONECKERs expended significant

2    additional funds in order to maintain and preserve the property, subject to proof at trial.

3        **2.    LIVINGSTON RETAIL PAD**
              **$50,000.00**
4             **August 22, 2008**

5        On August 22, 2008,  at and in response to Defendants WESCOTT's and SINGAL's

6    requests, and in reliance on a written "Term Sheet" prepared by Defendants, the DONECKERS

7    wired to Defendant WESCOTT'S personal account an additional FIFTY THOUSAND DOLLARS

8    ($50,000) , as an investment in a Retail Pad project in Livingston, Merced County, California.

9    The terms of the Livingston Retail investment entitled the DONECKERS to  a five percent (5%)

10   ownership interest in the project.   The wire transfer dated August 22, 2008   was from the

11   DONECKERS' Charles Schwab account to Defendant WESCOTT's personal account.

12       A copy of a "Term Sheet" for "Livingston Retail" is attached hereto as  **EXHIBIT 7** and a

13   copy of the Schwab Wire Transfer Confirmation is attached hereto as  **EXHIBIT 7.1.**  This

14   project is also referred to in a document entitled Term Sheet, dated December 31, 2008,

15   hereafter more fully described and attached as **Exhibit 9**.

16       **3.    BOCA DEL DRAGO PANAMA**
              **$100,000.00**
17            **September 29, 2008**

18       On September 29, 2008, the DONECKERS,  at and in response to Defendants

19   WESCOTT's and SINGAL's requests,  wired to Defendant WESCOTT's personal account ONE

20   HUNDRED THOUSAND DOLLARS ($100,000) , as an investment in the Boca Del Drago

21   project in Boca Del Toro, Panama.   The terms of the Panama investment entitled the

22   DONECKERS to  a ten percent (10%) ownership interest in the project.   The wire transfer

23   dated September 29, 2008  was from the DONECKERS' Charles Schwab account to Defendant

24   WESCOTT's personal account.   A copy of a Term Sheet Agreement which includes this

25   project, among two (2) others, and transmitted to the DONECKERS on September 29, 2008 is

26   attached as **EXHIBIT 8**.  A redacted copy of the Schwab Wire Transfer Confirmation is attached

27   hereto as  **EXHIBIT 8.1**.  This project is also referred to in a document entitled Term Sheet,

28   dated December 31, 2008, hereafter more fully described and attached as **Exhibit 9**.

---

**COMPLAINT FOR DAMAGES**

DONECKER v. WESCOTT AND SINGAL
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd  (January 16, 2012 5:04pm)

**4.    AUBURN MULTI FAMILY APARTMENTS**
**$200,000.00**
**September 30, 2008**

On September 30, 2008, the DONECKERS,  at and in response to Defendants

WESCOTT's and SINGAL's requests, and in reliance on a written "Term Sheet" prepared by

Defendants, wired to Defendant WESCOTT's personal account TWO HUNDRED THOUSAND

DOLLARS ($200,000) , as an investment in an Auburn Multi Family Apartment project in

Auburn, Placer County, California.   The terms of the Auburn investment entitled the

DONECKERS to a ten percent (10%) ownership interest in the project. A copy of a Term Sheet

Agreement which includes this project, among two (2) others, and transmitted on September

29, 2008 is attached as **EXHIBIT 8**.  A redacted copy of the Schwab Wire Transfer

Confirmation is attached hereto as  **EXHIBIT 8.1**.   This project is also referred to in a document

entitled Term Sheet, dated December 31, 2008, hereafter more fully described and attached as

**Exhibit 9**.

**5.    ATWATER DEVELOPMENT**
**$200,000.00**
**September 30, 2008**

On September 30, 2008, the DONECKERS,  at and in response to Defendants

WESCOTT's and SINGAL's requests, and in reliance on a written "Term Sheet" prepared by

Defendants,  wired to Defendant WESCOTT's personal account TWO HUNDRED THOUSAND

DOLLARS ($200,000.00), as an investment in Atwater, California.   The terms of the Atwater

Development  investment entitled the DONECKERS to  a ten percent (10%) ownership interest

in the project.   A copy of a Term Sheet Agreement which includes this project, among two (2)

others, and transmitted on September 29, 2008 is attached as **EXHIBIT 8**.  A redacted copy of

the Schwab Wire Transfer Confirmation is attached hereto as  **EXHIBIT 8.1**

Following transfers of the funds referred to above, in the aggregate amount of

$250,000.00 (Promissory Note) and $600,000.00 (Projects) in the total amount of $850,000.00,

the DONECKERS,  at and in response to Defendants WESCOTT's and SINGAL's further

requests, and in reliance on a written two page  December 2008 Term Sheet Agreement

prepared by Defendants,  advanced to WESCOTT an additional $862,917.00 for the purpose of

Case 12-03148   Doc# 29-45   Filed 03/15/13   Entered 03/15/13 23:04:26   Page 13
of 60

DONECKER V. WESCOTT AND SINGAL

D:\KJFLODM\Donecker\Pleading\Complaint KJF 01.16.wpd    January 16, 2012 (5:04pm)

Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012    T-13 of 60

1    investments in projects to be identified, which sum was to accrue interest at 15%, until

2    converted to projects. A copy of the December 31, 2008 "Term Sheet Agreement" is attached

3    hereto as **EXHIBIT 9.**

4        At the end of calendar year 2008, following discussions between the DONECKERS,

5    SINGAL and WESCOTT, an overall agreement (the December 2008 Term Sheet Agreement)

6    was reached between Defendants WESCOTT and SINGAL and the DONECKERS which

7    confirmed and set forth in detail all funds, loans and investments, previously advanced and to

8    be advanced by the DONECKERS to WESCOTT and SINGAL, whether for project participation

9    or loans (later to be converted to project participation), which totaled $1,712,917.00 plus an

10   agreed upon amount of unpaid interest owed in the amount of $37,083.33 from Wescott,

11   totaling $1,750,000.00.

12       The DONECKERS are informed and believe that the December 2008 Term Sheet

13   Agreement was prepared by Defendant SINGAL. That Term Sheet Agreement was signed by

14   WESCOTT as President of Surprise Development Inc., by SINGAL, as Principal of Strategic

15   Development Holding Company, LLC, and by the DONECKERS, and reflects a "Closing Date of

16   the Transaction" of Wednesday December 31, 2008. Success of each of the five (5)

17   investments was based on obtaining funds from third party sources, here Plaintiff

18   DONECKERS, and from other sources – particularly Defendants WESCOTT and SINGAL–

19   which funds were to be used for the purpose of inducing the owners of the project real

20   properties to sell/convey them to the Defendants on terms which were based on seller

21   carryback financing and additional funds to be supplied by Defendants WESCOTT and SINGAL

22       The agreement that Defendants WESCOTT and SINGAL would provide funds

23   necessary to complete the projects is confirmed in the December 31, 2008 Term Sheet (Exhibit

24   9), which states:

25           *Construction Debt. Surprise Development, Inc. will borrow and*
             *guarantee, as necessary, all construction financing for each*
26           *project.*

27       Of the five (5) investments, Plaintiffs DONECKERS are informed and believe that all are

28   valueless and/or title to them has been lost because Defendants did not have or refused to

Case 12-03148   Doc# 29-45   Filed 03/13/13   Entered 03/13/13 23:04:26   Page 14
of 60
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012   T-14 of 60
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd  (January 16, 2012 5:04pm)

1  make the necessary financial resources available, in order to complete the projects in a timely

2  and profitable manner, which state of facts, of necessity, was known to the Defendants, but not

3  disclosed to the DONECKERS, before Defendants solicited and received funds from them.

4          Well after the funds had been solicited and received from the DONECKERS, Defendant

5  SINGAL revealed to them that a majority of those funds was converted by WESCOTT to his

6  personal use, unrelated to project purposes.

7          The material misrepresentations and failures to disclose the true facts concerning the

8  $250,000 promissory note were repeated with all five (5) of the "investments" and with loans

9  thereafter, with the result that the DONECKERS advanced $1,712,917 to Defendants in

10 reliance on untruthful, incomplete and patently misleading information provided to them by

11 Defendants in order to induce them to make the investments and loans they did.

12 **TOTAL INVESTED**

13         The total funds invested with and loaned to Defendants WESCOTT and SINGAL by the

14 DONECKERS amount to ONE MILLION SEVEN HUNDRED AND TWELVE THOUSAND NINE

15 HUNDRED SEVENTEEN DOLLARS ($1,712,917.00), which is set forth in **Detail Charts A**

16 **through F** below.

17

18

19

20

21

22

23

24

25

26

27

28 ///

**COMPLAINT FOR DAMAGES**

DONECKER v. WESCOTT AND SINGAL

Case 12-03148    Doc# 29-45    Filed 07/05/13    Entered 07/05/13 23:04:26    Page 15
of 60

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012        T-15 of 60

| Detail Chart A - PROMISSORY NOTE | | | |
|---|---|---|---|
| **Description** | **Made** | **Rate** | **Total Principal Amount** |
| **Promissory Note, Secured.** This note accrued interest during its primary term from 07-01-08 to 12-31-08, in the amount of $18,750.00, and continues to accrue on the principal until paid (See Detail Chart D). | 07-01-08 | 15% | $        250,000.00 |
| | | | $        250,000.00 |

| Detail Chart B - INVESTMENTS | | |
|---|---|---|
| **Pursuant to the previously agreed upon terms, confirmed and set forth in the December 31, 2008 Term Sheet, the investments made by the Doneckers with Wescott and Singal are set forth below:** | | |
| **Description** | **Made** | **Total Amount** |
| **Investment** Lincoln Wildhorse | 08-15-08 | $        50,000.00 |
| **Investment** Livingston Retail Pad | 08-22-08 | $        50,000.00 |
| **Investment** Panama Boca Del Drago | 09-29-08 | $        100,000.00 |
| **Investment** Auburn Multi Family | 09-29-08 | $        200,000.00 |
| **Investment** Atwater Development | 09-28-08 | $        200,000.00 |
| | | $        600,000.00 |

| Detail Chart C - LOANS | | | |
|---|---|---|---|
| **As set forth in the December 31, 2008 Term Sheet, the loans made by the Doneckers to and with Wescott and Singal are set forth below:** | | | |
| **Description** | **Made** | **Rate** | **Total Amount** |
| **Loan** Unsecured - but by Agreement, to be secured. This loan accrued interest from 09-29-08 until 12-31-2008 in the amount of $17,500, and continues to accrue interest on the principal until paid (See Detail Chart D). | 09-29-08 | 15% | $        500,000.00 |
| **Loan** Unsecured - but by Agreement, to be secured. This loan accrues interest from 12-31-08 until paid. | 12-31-2008 | 15% | $        362,916.67 |
| | | | $        862,916.67 |

**COMPLAINT FOR DAMAGES**

DONECKER V. WESCOTT AND SINGAL

| Detail Chart D - INTEREST ACCRUED AS OF 12-31-2008 | | | |
|---|---|---|---|
| **Investment Description** | **Period** | **Rate** | **Total Amount** |
| Interest on $250,000 Promissory Note (Detail Chart A) | 07-01-2008 to 12-31-2008* | 15% | $ 18,750.00 |
| Interest on Unsecured Loan of $500,000.00 (Detail Chart C) | 09-29-2008 to 12-31-2008* | 15% | $ 18,750.00 |
| Interest Adjustment (Rounding, See Note) | | | $ (416.67) |
| | | | $ 37,083.33 |

*Note: Although accrued interest totaled $37,500 as 12-31-2008, Plaintiffs and Defendants agreed to "round the number down" on the "12-31-2008 Term Sheet" in order to produce an even total amount due of $1,750,000.00 for all Loans, Investments, and accrued Interest  For this reason, the 12-31-2008 Term Sheet reflects "Interest Gain of $37,083.33" rather than $37,500.00.  Interest on these principal amounts, and on the $362,9176.67 loan made on 12-31-2008, continue to accrue until paid.

| Detail Chart E - TOTALS | |
|---|---|
| **Description** | **Total Amount** |
| Detail Chart A Promissory Note (Secured) | $ 250,000.00 |
| Detail Chart B Investments | $ 600,000.00 |
| Detail Chart C Loans (Unsecured) | $ 862,916.67 |
| Detail Chart D Interest | $ 37,083.33 |
| | $ 1,750,000.00 |

| Detail Chart F - TRANSFERS AND MONEY SOURCES | | | |
|---|---|---|---|
| **Date** | **From** | **To** | **Amount** |
| 07-02-2008 | Schwab / Donecker | Westcott / Wells Fargo | $ 250,000.00 |
| 08-15-2008 | Schwab / Donecker | CoAmerica Bank Wildhorse | $ 50,000.00 |
| 08-22-2008 | Schwab / Donecker | County Bank Livingston | $ 50,000.00 |
| 09-29-2008 | Schwab / Donecker | Wescott / Wells Fargo | $ 100,000.00 |
| 09-30-2008 | Schwab / Donecker | Wescott / Wells Fargo | $ 100,000.00 |
| 09-30-2008 | USE Credit Union / Donecker | Wescott / Wells Fargo | $ 400,000.00 |
| 10-01-2008 | Wells Fargo / Donecker | Wescott / Wells Fargo | $ 400,000.00 |
| 12-31-2008 | Schwab / Donecker | Wescott / Wells Fargo | $ 362,917.00 |
| | | | $ 1,712,917.00 |

**COMPLAINT FOR DAMAGES**

DONECKER V. WESCOTT AND SUNPAC
D:\KJFLODM\Donecker Pleading\Complaint KJF.01.16.wpd - January 16, 2012 (5:04pm)
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012

## FIRST CAUSE OF ACTION

### Breach of Written Contract (Promissory Note) - $250,000.00

### (Against Defendants Carl A. Wescott and Does)

1. Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, and all paragraphs therein.

2. Although the NOTE was for a period of three (3) months, Defendant WESCOTT told Plaintiff KRISTA L. DONECKER that he would continue to "roll the note over" at the promised fifteen percent interest (15%) until the DONECKERS called the NOTE due.

3. Despite the requirement contained in the terms of the NOTE and the oral assurance by Defendant WESCOTT that the NOTE would be secured by a deed of trust, in fact, no deed of trust was ever recorded, as set forth below.

4. On July 15, 2008, the DONECKERS received an email from Defendant WESCOTT which claimed that deed of trust was rejected by the Sonoma County Recorder due to a notarial acknowledgment error *(Exhibit 5).*

5. Defendant WESCOTT informed the DONECKERS that he would have the deed corrected and resubmitted to be recorded by August 1, 2008. The DONECKERS, in reliance on the truthfulness and integrity of Defendant WESCOTT, did not pursue further the status of the promised deed of trust. In fact, the DONECKERS heard nothing further from Defendant WESCOTT regarding the deed and only learned of the foreclosure of the property which was to have secured the NOTE in early July 2010, as a result of a foreclosure by the holder of an earlier recorded lien against that same property.

6. The status of the earlier encumbrances on the Healdsburg property was not disclosed to the DONECKERS at the time they loaned money to WESCOTT, or thereafter.

7. In addition to discovery of earlier recorded lien holders, the DONECKERS also discovered that the deed of trust securing the NOTE had never been recorded and as a result, they did not appear as creditors or lienholders at the time of the foreclosure.

8. Pursuant to the NOTE, the Principal Amount of $250,000.00 bears interest at the rate of 15% percent and was due in full on October 1, 2008. Interest accrues at fifteen (15%)

DONECKER v. WESCOTT AND DOES
D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd – January 16, 2012 (5:04pm)
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-18 of 60

1  percent from the date of the note (July 1, 2008) until paid.

2      9.      Despite repeated requests that Defendant WESCOTT pay the DONECKERS

3  the principal and interest due on the NOTE,   based on the personal guarantee set forth in the

4  NOTE which stated **"Debtor also personally guarantees full repayment and also all the**

5  **terms above**", Defendant WESCOTT has failed and refused to pay the NOTE.

6      10.     Because the Sonoma County property which secured the NOTE was foreclosed

7  upon and purchased via bid by a senior lender / lienholder, Plaintiffs DONECKERS' security

8  interest in the property has been extinguished,  necessitating the within action.

9      11.     The NOTE provides that in the event legal action is required to enforce the terms

10 of the NOTE, Plaintiffs are entitled recover their reasonable attorney's fees.

11     12.     As a proximate result of the breach of contract Defendant WESCOTT, as herein

12 alleged, Plaintiffs DONECKER, have suffered substantial monetary damages.  Those damages

13 include, but are not limited to:

14          a.     Loss of the principal sum of $250,000
            b.     Loss of 15% interest on the sum of $250,000
15          c.     Loss of advantage of availability of the funds loaned;
            d.     Attorneys fees and costs;
16          e.     Other damages in an amount according to proof at trial.

17     13.     Plaintiffs DONECKERS will continue to incur costs and expenses associated with

18 the unpaid NOTE.   As a result, Plaintiffs DONECKERS have not yet determined the full

19 amount of damage sustained as a result of the acts by Defendant WESCOTT described herein,

20 and will amend this Complaint to set forth the full amount when the same has been ascertained.

21     14.     In making the representations to Plaintiffs as herein alleged, Defendants

22 concealed true facts which were material to the ability of Plaintiffs to preserve their welfare.

23 Defendants knew the information they withheld from the DONECKERS would, if disclosed to

24 them, be likely to result in measures advantageous to Plaintiffs but disadvantageous to

25 Defendants' pecuniary interests.   Despite this, Defendants withheld the information in order to

26 induce the DONECKERs' reliance.

27     15.     Plaintiffs DONECKERS reasonably relied on Defendants to provide them with

28 information in accordance with their best interests, as they had insured them they would do,

---

**COMPLAINT FOR DAMAGES**

Case: 12-03148   Doc# 29-45   Filed: 09/18/13   Entered: 09/18/13 23:04:26   Page 19
Exhibit I - Donecker Complaint against Wescott 1/16/2012   T-19 of 60
of 60

1 and they had no reasonable basis for suspecting that Defendants were withholding material

2 information from them.

3    16.    Defendants' actions were willful, knowing, malicious, fraudulent, oppressive,

4 intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and

5 conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the

6 sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and

7 punitive damages in an amount sufficient to punish and deter such conduct in the future.

8    WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set

9 forth below, plus general, exemplary, and punitive damages.

10                    **SECOND CAUSE OF ACTION**

11                **Common Count for Money Lent - $250,000.00**

12             **(Against Defendants Carl A. Wescott and Does)**

13    17.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

14 contained in Sections I and II above, all paragraphs and subparagraphs therein, and

15 Paragraphs 1-16, above.

16    18.    On July 1, 2008, Defendant WESCOTT became indebted to Plaintiffs

17 DONECKERS  in the amount of $250,000 pursuant to the terms of the NOTE.

18    19.    Plaintiffs DONECKERS have demanded payment from Defendant WESCOTT

19 but the amount due has not been paid.

20    20.    Pursuant to the NOTE, the Principal Amount of $250,000 bears interest at the

21 rate of 15% percent and was due in full on October 1, 2008.

22    21.    The NOTE provides that in the event legal action is required to enforce the terms

23 of the NOTE, Plaintiffs are entitled recover their reasonable attorney's fees.

24    22.    Plaintiffs DONECKERS will continue to incur costs and expenses associated with

25 the unpaid NOTE.   As a result, Plaintiffs have not yet determined the full amount of damage

26 sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this

27 Complaint to set forth the full amount when the same has been ascertained

28 ///

---

**COMPLAINT FOR DAMAGES**

Case 12-03148   Doc# 29-45   Filed 03/13/13   Entered 03/13/13 23:04:26   Page 20
of 60
Exhibit I - Donecker Complaint against Wescott 1/16/2012    T-20 of 60
Page 20

1    WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set

2    forth below.

3                            **THIRD CAUSE OF ACTION**

4                              **Breach of Contract**

5    **Loss of Principal Investments ($600,000.00) and Anticipated Profits**

6                            **(Against All Defendants)**

7        23.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

8    contained in Sections I and II above, all paragraphs and subparagraphs therein, and

9    Paragraphs 1-22, above.

10       24.    As set forth above, Plaintiffs DONECKERS invested $600,000 with Defendants

11   in projects which were to have been acquired from sellers and thereafter developed for the

12   purpose of producing profits to be distributed to the DONECKERS and others as their

13   ownership / investment / shares appear.

14       25.    Of the five (5) investments detailed above, Plaintiffs DONECKERS are informed

15   and believe all are valueless and/or title to them has been lost because Defendants did not

16   have or refused to make the necessary financial resources available, in order to complete the

17   projects in a timely and profitable manner, which state of facts, of necessity, was known to the

18   Defendants, but not disclosed to the DONECKERS, before Defendants solicited and received

19   funds from them.

20       26.    Well after the funds had been solicited and received from the DONECKERS,

21   Defendant SINGAL revealed to them that a majority of those funds was converted by

22   WESCOTT to his personal use, unrelated to project purposes.

23       27.    The material misrepresentations and failures to disclose the true facts

24   concerning the $250,000 promissory note were repeated with all five (5) of the "investments"

25   with the result that the DONECKERS "invested" $600,000.00 with Defendants in reliance on

26   untruthful, incomplete and patently misleading information provided by them to the

27   DONECKERS in order to induce the DONECKERS to make the investments they did.

28   ///

---

**COMPLAINT FOR DAMAGES**

Case 12-03148   Doc# 29-45   Filed 03/05/13   Entered 03/05/13 23:04:26   Page 21
Exhibit I - Donecker Complaint against Wescott 1/16/2012   T-21 of 60
of 60

28. Defendants' actions were willful, knowing, malicious, fraudulent, oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and conscious disregard of Plaintiffs' rights. Such conduct is reprehensible and shocking to the sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount sufficient to punish and deter such conduct in the future.

29. In making the representations to Plaintiffs as herein alleged, Defendants concealed true facts which were material to the ability of Plaintiffs to preserve their welfare. Defendants knew the information they withheld from the DONECKERS would, if disclosed to them, be likely to result in measures advantageous to Plaintiffs but disadvantageous to Defendants' pecuniary interests. Despite this, Defendants withheld the information in order to induce the DONECKERs' reliance.

30. Plaintiffs DONECKERS reasonably relied on Defendants to provide them with information in accordance with their best interests, as they had insured them they would do, and they had no reasonable basis for suspecting that Defendants were withholding material information from them.

WHEREFORE, Plaintiffs DONECKERS pray for return of their principal investments, statutory interest thereon, judgment against Defendants, and each of them, as set forth below, plus general, exemplary, and punitive damages.

### **FOURTH CAUSE OF ACTION**

**Breach of Contract - Unjust Enrichment**

**(Against All Defendants)**

31. Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-30, above.

32. Concerning the five (5) investment projects Plaintiffs have performed all conditions, covenants and promises required by them to be performed in accordance with the initial agreements for the projects, all as confirmed in the December 31, 2008 Term Sheet (Exhibit 9).

---

Case 12-03148   Doc# 29-45   Filed 03/14/13   Entered 03/14/13 23:04:26   Page 22
Exhibit I - Donecker Complaint against Wescott 1/16/2012   T-22 of 60
of 60

33.     Following their investments in the five (5) projects, Plaintiffs are informed and believe that all are valueless and/or title to them has been lost because Defendants did not have or refused to make the necessary financial resources available, in order to complete the projects in a timely and profitable manner.

34.     Allowing the Defendants to retain the consideration / investments ($600,000.00) paid to them under the five (5) agreements and the confirming Term Sheet (Exhibit 9), would constitute unjust enrichment as Defendants concealed the true nature of the five (5) investments, and failed to take those steps necessary to assure their successful completion, and, Plaintiffs DONECKER are informed and believe, converted to their own use and possession the majority of the funds invested by Plaintiffs DONECKERS.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

### FIFTH CAUSE OF ACTION

**Breach of Contract - Money Lent - $500,000.00**

**(Against All Defendants)**

35.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-34, above.

36.     On September 29, 2008, by agreement between Defendant WESCOTT and Plaintiffs DONECKER, the DONECKERS loaned WESCOTT $500,000 at 15% interest, until paid.

37.     That loan was confirmed by the written December 31, 2008 Term Sheet (Exhibit 9). That document bears the initials and signatures of Carl Wescott, President, Surprise Development, Inc.; Suneet Singal, Principal, Strategic Development Holding Company LLC; Krista Donecker; and Stephen Donecker.

38.     Plaintiffs have demanded payment of the principal and accrued interest by Defendants, who have failed and refused to do so. Plaintiffs are entitled to principal and accrued interest at fifteen (15%) on that loan, subject to proof at trial.

DONECKER v. WESCOTT, et al., SDSD No.
D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd    January 16, 2012 (5:04pm)
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-23 of 60
Case 12-03148    Doc# 29-45    Filed 07/31/13    Entered 07/31/13 23:04:26    Page 23 of 60

1   WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and

2   each of them, as set forth below.

3   ### SIXTH CAUSE OF ACTION

4   **Breach of Contract - Money Lent - $362,916.67**

5   **(Against All Defendants)**

6   39.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations

7   contained in Sections I and II above, all paragraphs and subparagraphs therein, and

8   Paragraphs 1-38, above.

9   40.     On December 31, 2008, by agreement between Defendants and Plaintiffs, the

10  DONECKERS loaned WESCOTT the sum $362,916.67, at 15% interest, until paid.

11  41.     That loan was confirmed by the written December 31, 2008 Term Sheet (Exhibit

12  9). That document bears the initials and signatures of Carl Wescott, President, Surprise

13  Development, Inc.; Suneet Singal, Principal, Strategic Development Holding Company LLC;

14  Krista Donecker; and Stephen Donecker.

15  42.     Plaintiffs have demanded payment of the principal and accrued interest by

16  Defendants, who have failed and refused to do so. Plaintiffs are entitled to principal and

17  accrued interest at fifteen (15%) on that loan, subject to proof at trial.

18  WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and

19  each of them, as set forth below.

20  ### SEVENTH CAUSE OF ACTION

21  **Common Count for Money Lent - $500,000.00**

22  **(Against All Defendants)**

23  43.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations

24  contained in Sections I and II above, all paragraphs and subparagraphs therein, and

25  Paragraphs 1-42, above.

26  44.     On September 29, 2008, by agreement between Defendant WESCOTT and

27  Plaintiffs DONECKER, the DONECKERS loaned WESCOTT $500,000 at 15% interest, until

28  paid.

---

**COMPLAINT FOR DAMAGES**

D:\KJFLODM\Donecker\Pleading\Complaint KJF 01.16.wpd January 16, 2012 (5:04pm)

45.     That loan was confirmed by the written December 31, 2008 Term Sheet (Exhibit 9).  That document bears the initials and signatures of Carl Wescott, President, Surprise Development, Inc.; Suneet Singal, Principal, Strategic Development Holding Company LLC; Krista Donecker; and Stephen Donecker.

46.     Plaintiffs have demanded payment of the principal and accrued interest by Defendants, who have failed and refused to do so.  Plaintiffs are entitled to principal and accrued interest at fifteen (15%) on that loan, subject to proof at trial.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

### EIGHTH CAUSE OF ACTION

### Common Count for Money Lent - $362,916.67

### (Against All Defendants)

47.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-46, above.

48.     On December 31, 2008, by agreement between Defendant WESCOTT and Plaintiffs DONECKER, the DONECKERS loaned WESCOTT $362,916.67 at 15% interest, until paid.

49.     That loan was confirmed by the written December 31, 2008 Term Sheet (Exhibit 9).  That document bears the initials and signatures of Carl Wescott, President, Surprise Development, Inc.; Suneet Singal, Principal, Strategic Development Holding Company LLC; Krista Donecker; and Stephen Donecker.

50.     Plaintiffs have demanded payment of the principal and accrued interest by Defendants, who have failed and refused to do so.  Plaintiffs are entitled to principal and accrued interest at fifteen (15%) on that loan, subject to proof at trial.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

///

---

**COMPLAINT FOR DAMAGES**

DONECKER V. WESCOTT AND SINGAL
D:\KJFLODM\Donecker\Pleading\Complaint KJF.01.16.wpd — January 16, 2012 (5:04pm)

Case 12-03148    Doc# 29-45    Filed 07/03/13    Entered 07/03/13 23:04:26    Page 25
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-25 of 60
of 60

## NINTH CAUSE OF ACTION

### Deceit - Concealment and Suppression of Fact

### (Against All Defendants)

51. Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-50 above.

52. When Plaintiffs DONECKERS loaned $250,000.00 to Defendant WESCOTT, they were not informed by him that of the $1,844,335.00 in prior encumbrances on the Sonoma property, a significant portion, if not the entire amount, was in arrears / default. Apparently the amounts reflected by those prior encumbrances were sums borrowed by Defendant WESCOTT for development projects and/or his personal use.

53. In addition, after the foreclosure and discovery that Defendant WESCOTT had failed to record the deed of trust securing the NOTE, the DONECKERS learned that the $1,844.335.00 was comprised of promissory notes Defendant WESCOTT had previously executed to other parties, each "secured" by the same Healdsburg, Sonoma County property and that some, if not all, of those notes resulted in lawsuits being brought against Defendant WESCOTT, as detailed below.

54. In a promissory note dated January 14, 2007 – a year and a half earlier than the NOTE to the DONECKERS – Defendant WESCOTT pledged "all ... real estate owned by the undersigned" as partial security for a $400,000 loan at 17.5% interest made to him by a party named Rob Lonsdale. Defendant WESCOTT came into title to the Healdsburg property on October 18, 2004, and as a consequence, that property was part of "all real estate owned by [him] when the January 14 note was made to Lonsdale. As a result of default by Defendant WESCOTT in payments on that loan, a lawsuit was filed against him on August 25, 2010, in the Superior Court of the County of San Francisco, as Case Number CGC-10-502977, in re *Lonsdale v. WESCOTT*. A copy of the January 14, 2007 Note and the endorsed Lonsdale caption is attached as **EXHIBIT 10.**

///

1    55.    In a promissory note dated November 20, 2007 – seven months earlier than the

2    NOTE to the DONECKERS – WESCOTT pledged the same property in Healdsburg, Sonoma

3    County as partial security for a $1,000,000 loan at 12% interest made to him by a party named

4    David Kirk.   As a result of his default in payments on that loan, a lawsuit was filed against him

5    on July 23, 2010 in the Superior Court of the County of San Francisco, as Case Number CGC-

6    10-501881, in re *Kirk vs. WESCOTT*.    A copy of the November 20, 2007 note and the

7    endorsed Kirk caption is attached as **EXHIBIT 11.**

8    56.    In a promissory note dated May 7, 2008 – only 2 months before the NOTE to the

9    DONECKERS  – WESCOTT pledged the same property in Healdsburg, Sonoma County as

10   partial security for debts in the amount of $550,000, plus interest carried forward from prior

11   notes in the amount of $19,901.33, plus new interest at 18.5%, owed to a party named

12   Frederick Fiechter.   As a result of his default in payments on that note, a lawsuit was filed

13   against him on January 15, 2010 in the Superior Court of the County of San Francisco, as Case

14   Number CGC-10-496091, in re *Fiechter v. WESCOTT.*   A copy of the May 7, 2008 note and

15   endorsed case caption is attached as **EXHIBIT 12.**

16   57.    The suppression of the existence of these facts was intended to deceive and

17   mislead, and did deceive and mislead, Plaintiffs DONECKERS into believing that Defendant

18   WESCOTT had the resources to repay the NOTE in accordance with its terms, that the security

19   promised to them was sufficient to secure payment of the $250,000 NOTE.

20   58.    Defendants' failure to disclose information and suppression of information

21   herein alleged had the intent to induce the DONECKERS to act in the manner herein alleged.

22   59.    Plaintiffs, at the time of this deceit and suppression of facts occurred, and at the

23   time Defendant WESCOTT took the actions herein alleged, were ignorant of the existence of

24   the true facts which Defendant WESCOTT suppressed and failed to disclose.   If Plaintiffs had

25   been aware of the existence of the facts not disclosed by Defendant WESCOTT, they would not

26   have loaned Defendant WESCOTT the initial $250,000, or any sum, or make multiple loans and

27   investments thereafter, or, rely on any "investment advice" whatever from either Defendant

28   SINGAL or Defendant WESCOTT.

Case 12-03148   Doc# 29-45   Filed: 03/13/13   Entered: 03/13/13 23:04:26   Page 27
of 60

Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012   T-27 of 60

D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd     January 16, 2012 (5:04pm)

DONECKERS v. WESCOTT AND SINGAL

60.     Defendant SINGAL had a long history of and ongoing working relationship with Defendant WESCOTT as a consequence of his employment with Defendant WESCOTT's company, Surprise Development, and had a history of procuring lenders of money to Defendant WESCOTT.  Defendant SINGAL was aware of and communicated to Plaintiffs DONECKERS details of the transaction involving the $250,000 loan to Defendant WESCOTT, and, due to his close, working relationship with Defendant WESCOTT, Defendant SINGAL knew, or should have known, that any loan made by the Plaintiffs to WESCOTT was extremely risky.   After Defendant WESCOTT had failed and/or refused to pay the Plaintiffs DONECKERS the money he owes them, Defendant SINGAL informed the DONECKERS that he, SINGAL, owed substantial sums of money to WESCOTT, putting at issue his objectivity and reliability in advising the DONECKERS concerning loaning money to or investing with WESCOTT. Defendant SINGAL suppressed the true facts from Plaintiffs DONECKERS in order to induce them to make a loan to Defendant WESCOTT which in turn would be used to fund projects in which Defendant SINGAL had a personal interest and from which he would benefit if they were successful.

61.     Plaintiffs DONECKERS, at the time this failure to disclose and suppression of facts occurred, and at the time Plaintiffs took the actions herein alleged, were ignorant of the existence of the facts which Defendant SINGAL and Defendant WESCOTT suppressed and failed to disclose.   If Plaintiffs DONECKERS had been aware of the existence of the facts not disclosed by Defendant SINGAL and Defendant WESCOTT ,  Plaintiffs would not have trusted Defendant SINGAL or Defendant WESCOTT and would not have loaned $250,000 to Defendant WESCOTT, or made investments or additional loans in the total sum of $1,462,917.00.

62.     Plaintiffs' reliance on Defendant SINGAL and Defendant WESCOTT was justified because both Defendants had and have a legal duty to act  in accordance with applicable law and to refrain from conduct which may be in violation of the law.

63.     Plaintiffs' reliance on Defendant SINGAL and Defendant WESCOTT was further justified because Defendants had and have the legal duty to disclose to prospective investors

1    all known facts which materially affect the value of investments.

2        64.    As a direct and proximate result of the deceitful suppression of fact by

3    Defendants as herein alleged, Plaintiffs have been damaged in an amount according to proof at

4    trial.

5        65.    Plaintiffs DONECKERS will continue to incur costs and expenses associated with

6    the unpaid NOTE.   As a result, Plaintiffs DONECKERS have not yet determined the full

7    amount of damage sustained as a result of the acts by Defendant WESCOTT described herein,

8    and will amend this Complaint to set forth the full amount when the same has been ascertained.

9        67.    In making the representations to Plaintiffs as herein alleged, Defendants

10   concealed true facts which were material to the ability of Plaintiffs to preserve their welfare.

11       68.    Defendants knew the information they withheld from Plaintiffs would, if disclosed

12   to the Plaintiffs, be likely to result in measures advantageous to Plaintiffs but disadvantageous

13   to Defendants' pecuniary interests.   Despite this, Defendants withheld the information in order

14   to induce Plaintiffs' reliance.

15       69.    Plaintiffs reasonably relied on Defendants to provide them with information in

16   accordance with their best interests, as they had insured them they would do, and they had no

17   reasonable basis for suspecting that Defendants were withholding material information from

18   them.

19       70.    Defendants' actions were willful, knowing, malicious, fraudulent, oppressive,

20   intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and

21   conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the

22   sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and

23   punitive damages in an amount sufficient to punish and deter such conduct in the future.

24       WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and

25   each of them, as set forth below, plus general, exemplary, and punitive damages,

26

27

28   ///

---

**COMPLAINT FOR DAMAGES**

D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd   January 16, 2012 (5:04pm)

Case 12-03148   Doc# 29-45   Filed 03/13/13   Entered 03/13/13 23:04:26   Page 29
of 60
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012      T-29 of 60

**TENTH CAUSE OF ACTION**

**Negligence**

**(Against All Defendants)**

71.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-70, above.

72.     At all times mentioned herein, and during the pendency of all transactions involving Plaintiffs DONECKERS and the Defendants, Defendant SINGAL was aware of the financial irresponsibility and misdeeds of his employer and partner, Defendant WESCOTT.

73.     During the time period February 2, 2008 through April 27, 2010, a date range which commenced several months prior to Defendant SINGAL's first recommendation that Plaintiffs DONECKERS loan money to Defendant WESCOTT, Defendant SINGAL, in his capacity as Project Manager for Surprise Development, received at his personal residence address of 101 Barnhart Circle, Sacramento, a series of monthly invoices from a Professional Land Surveying company called "Michael Dequine and Associates" in Sacramento, California. Michael Dequine and Associates was retained to provide professional services to "Oroville Industrial Park, LLC", a company controlled by Defendant WESCOTT and managed by Defendant SINGAL.

74.     No payments were made by Defendant WESCOTT, Defendant SINGAL, or their various business entities, on any Dequine invoices sent to Defendant SINGAL's home address between the period February 1, 2008 and April 27, 1010.    As a consequence, on April 27, 2010, Dequine & Associates made a written demand for payment in full from Defendant WESCOTT, and sent a copy of that demand to Defendant WESCOTT at his office address in San Francisco and to Defendant SINGAL at his Sacramento residence.

75.     Thereafter, Dequine & Associates filed an action for breach of contract and damages exceeding $200,000 against Carl A. WESCOTT on September 29, 2010, in the Sacramento County Superior Court, Case Number 34-2010-00088426, in re *Dequine & Associates, Inc.*  A copy of the case caption is attached hereto as  **EXHIBIT 13.**

76. Defendant SINGAL was negligent and careless and damaged Plaintiffs DONECKERS by his failure to inform Plaintiffs DONECKERS , at the time he recommended that they loan money to Defendant WESCOTT, that Defendant WESCOTT was either in severe financial arrears and/or in breach of contract with various vendors, including Dequine & Associates, involving projects managed or controlled by Defendants SINGAL and WESCOTT.

77. Defendant WESCOTT was negligent and careless and damaged Plaintiffs DONECKERS by his failure to inform Plaintiffs DONECKER, at the time he executed the NOTE for $250,000, that he was in severe financial arrears on sums of money owed to various vendors, including Dequine & Associates, Inc.

78. Failure to inform Plaintiffs DONECKERS of those facts would mislead Plaintiffs DONECKERS and did in fact mislead Plaintiffs DONECKERS to trust Defendant SINGAL and Defendant WESCOTT and loan monies to Defendant WESCOTT on multiple occasions during the same period of time Defendant WESCOTT was failing or refusing to pay contractual sums owed to other parties.

79. As a direct and proximate result of Defendants' negligence and carelessness, Plaintiffs DONECKERS have sustained damage in a sum in excess of the minimum jurisdiction of this court, in an amount according to proof at trial.

80. Plaintiffs DONECKERS have not yet determined the full amount of damage sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this Complaint to set forth the full amount when the same has been ascertained.

81. Defendants' actions were willful, knowing, malicious, fraudulent, oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and conscious disregard of Plaintiffs' rights. Such conduct is reprehensible and shocking to the sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount sufficient to punish and deter such conduct in the future.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below, plus general, exemplary, and punitive damages.

///

DONECKER v. WESCOTT AND SINGAL
D:\KJFLODM\Donecker Pleading\Complaint KJF.03.16.wpd  (January 16, 2012 (5:04pm))

Case: 12-03148    Doc# 29-45    Filed: 03/16/13    Entered: 03/16/13 23:04:26    Page 31
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012    T-31 of 60
of 60

## ELEVENTH CAUSE OF ACTION

### Negligent Misrepresentation

### (Against All Defendants)

82.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-81, above.

83.     Defendants represented to Plaintiffs DONECKERS that each and every one of the five (5) "projects" in which they were induced to invest were genuine business opportunities with a high likelihood of success and profit.  Plaintiffs DONECKERS justifiably relied on said representations, to their detriment.

84.     At the time Plaintiffs DONECKERS entered into the project contracts, and at all times relevant hereto, Defendants did not, in fact, intend to or provide full and accurate correct information concerning the projects.

85.     One or more of the Defendants' agents, members or principals knew that they representations they made were false at the time when one or more of the Defendants, their agents, members or principals made the representations, or, they made the representations without any reasonable grounds for believing them to be true and without concern for the effect those representations would have on Plaintiffs DONECKER.

86.     Defendants'  representations were intended, and did in fact, induce Plaintiffs DONECKERS to expend time, money and efforts and to put at risk their financial standing in order to pursue the project.

87.      Plaintiffs DONECKER, unaware of the falsity of the representations made were by Defendants, and each of them, expended substantial time, money and effort to pursue the benefits of the project promised to them by Defendants.

88.     As a direct and immediate result of Plaintiffs DONECKERS' reliance on the Defendants' misrepresentations, Plaintiffs DONECKERS have suffered damages.

89.     Plaintiffs DONECKERS have not yet determined the full amount of damage sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this

DONECKERS v. WESCOTT AND SONS, LLC
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd   (January 16, 2012 (5:04pm)

1  Complaint to set forth the full amount when the same has been ascertained.

2  WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and

3  each of them, as set forth below.

4  **TWELFTH CAUSE OF ACTION**

5  **Breach of Fiduciary Duty**

6  **(Against Defendant Carl A. Wescott and Does)**

7  90.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

8  contained in Sections I and II above, all paragraphs and subparagraphs therein, and

9  Paragraphs 1-89, above.

10  91.    Plaintiffs DONECKERS are informed and believe and thereon allege that at all

11  times herein mentioned, Defendant WESCOTT owed a fiduciary duty to Plaintiffs DONECKERS

12  as lenders to him and investors in all of the projects set forth above, a duty to act in the best

13  interests of Plaintiffs DONECKERS, with utmost honesty and fair dealing, and further to avoid

14  self-dealing and misappropriation of assets.

15  92.    Plaintiffs DONECKERS are informed and believe and based thereon allege that

16  at all times relevant, and particularly from July 1, 2008 to December 31, 2008, Defendant

17  WESCOTT breached his fiduciary obligation to Plaintiffs DONECKERS by falsification of books

18  and records, misappropriation and embezzlement of corporate assets, and, by defaulting upon

19  obligations to prior lenders and investors.

20  93.    Defendant SINGAL informed Plaintiffs DONECKERS that Defendant WESCOTT

21  converted to his own use and possession, the majority of the funds loaned by Plaintiffs

22  DONECKERS to Defendant WESCOTT and the investments made by them in the projects as

23  referred to above, or, has secreted the monies loaned for or invested in those projects in a

24  location or account unlikely to be discovered by Plaintiffs DONECKER.

25  94.    As a direct and proximate result of the foregoing acts and omissions, Plaintiffs

26  DONECKERS have been damaged.

27  95.    Plaintiffs DONECKERS have not yet determined the full amount of damage

28  sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this

---

**COMPLAINT FOR DAMAGES**
DONECKERS vs. WESCOTT and SINGAL

D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd -- January 16, 2012 (5:04pm)

Page 33

1    Complaint to set forth the full amount when the same has been ascertained.

2         96.    Defendants' actions were willful, knowing, malicious, fraudulent, oppressive,

3    intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and

4    conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the

5    sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and

6    punitive damages in an amount sufficient to punish and deter such conduct in the future.

7         WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set

8    forth below, plus general, exemplary, and punitive damages.

9                              **THIRTEENTH CAUSE OF ACTION**

10                                    **Fiduciary Abuse**

11                                 **(Against All Defendants)**

12        97.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

13   contained in Sections I and II above, all paragraphs and subparagraphs therein, and

14   Paragraphs 1-98, above.

15        99.    Each of the Defendants herein stood in a relationship of trust and confidence to

16   Plaintiffs.  Specifically, Defendant WESCOTT and SINGAL stood in a special relationship to

17   Plaintiffs in that, individually and/or through their agents, they represented to Plaintiffs that they

18   could and would provide them with guidance, all in their best interest.   Defendants knew that

19   Plaintiffs would place special trust and confidence in them, and they did.   Defendants ratified

20   the acts of their agents, as described above.

21        100.   Defendants stood in a special relationship to Plaintiffs as they were partners with

22   them after they named Plaintiff KRISTA L. DONECKER as a Project Manager for Surprise

23   Development, an entity owned and managed by Defendant WESCOTT, and further appointed

24   her as manager of individuals projects as referred to above.

25        101.   Additionally, Defendants were acting as principals to the contract and therefore

26   they had a special relationship which required they act in good faith with regards to the funds

27   Plaintiffs entrusted to them.

28   ///

---

**COMPLAINT FOR DAMAGES**

Case  12-03148   Doc# 29-45   Filed: 05/03/13   Entered: 05/03/13 23:04:26   Page 34
D:\KJFLODM\Donecker Pleading\Complaint KJF.01.16.wpd  (January 16, 2012 (5:04pm)
DONECKER V. WESCOTT AND SINGAL                                                  Page 34
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012          T-34 of 60
of 60

102.    Plaintiffs made all investments and loans with the Defendants at the specific

behest of Defendant SINGAL, who therefore stood in a special relationship with Plaintiffs.

103.    In doing all the things herein alleged, Defendants disregarded their fiduciary

duties to Plaintiffs.

104.    Defendants took unfair advantage of Plaintiffs by receiving the funds invested by

them in good faith and not returning any amounts whatsoever to Plaintiffs.  Any efforts to repay

Plaintiffs have been illusory at best, with numerous promises of repayment of the funds loaned

and invested by them.

105.    The Defendants' actions were willful, knowing, malicious, fraudulent, oppressive,

intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and

conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the

sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and

punitive damages in an amount sufficient to punish and deter such conduct in the future.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and

each of them, as set forth below.

**FOURTEENTH CAUSE OF ACTION**

**Aiding and Abetting Fiduciary Abuse**

**(Against Defendant Suneet Singal and Does)**

106.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

contained in Sections I and II above, all paragraphs and subparagraphs therein, and

Paragraphs 1-95, above.

107.    Defendant Suneet SINGAL made representations to Plaintiffs with the actual

intent to defraud and to induce them to invest monies in schemes with Defendant WESCOTT,

to forbear from withdrawing from the investments and to subsequently reinvest with Defendant

WESCOTT.

108.    Defendant SINGAL at all material times had actual knowledge of his fiduciary

duties to Plaintiffs with respect to Plaintiffs' investment with Defendant WESCOTT.  Defendant

SINGAL at all material times knew that Defendant WESCOTT was violating  fiduciary duties to

Case 12-03148   Doc# 29-45   Filed 05/15/13   Entered 05/15/13 23:04:26   Page 35

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-35 of 60

of 60

1 Plaintiffs as alleged above, and actively participated in the operation of WESCOTT's fraudulent

2 scheme by enabling and facilitating the fraudulent scheme.  In acting and failure to act as

3 alleged above, Defendant SINGAL actively and affirmatively assisted WESCOTT in the

4 fraudulent scheme and helped conceal it from Plaintiffs.   Defendant SINGAL enabled the

5 fraudulent scheme to flourish and stay hidden from its victims, the Plaintiffs.

6      109.   Defendant SINGAL substantially assisted and aided and abetted Defendant

7 WESCOTT's breach of fiduciary duties with the specific intent to facilitate conduct, i.e., the

8 fraudulent scheme, which constituted a material part of said breach.

9      110.   Defendant SINGAL  was bound by his fiduciary duty to Plaintiffs to act with their

10 best interests in mind.  However, in doing the things herein above alleged, Defendant SINGAL

11 disregarded Plaintiffs' best interests by causing Plaintiffs to act in accordance with Defendants'

12 own wishes, and to benefit themselves and not Plaintiffs, thereby misappropriating and/or

13 diverting Plaintiffs' funds in the furtherance of Defendants' own pecuniary interests.

14      111.   As a proximate result of Defendant SINGAL's conduct, Plaintiffs suffered

15 economic damages in an amount according to proof at trial.

16      112.   Defendant SINGAL's  actions were willful, knowing, malicious, fraudulent,

17 oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in

18 reckless and conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and

19 shocking to the sensibilities of reasonable persons, and Plaintiffs are entitled to an award of

20 exemplary and punitive damages in an amount sufficient to punish and deter such conduct in

21 the future.

22      WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set

23 forth below.

24

25

26

27

28 ///

**COMPLAINT FOR DAMAGES**

DONECKERS  v. WESCOTT AND SINGAL
D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd   (January 16, 2012 (5:04pm)

Case 12-03148    Doc# 29-45    Filed 07/03/13    Entered 07/03/13 23:04:26    Page 36
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    of 60    T-36 of 60

# FIFTEENTH CAUSE OF ACTION

## Aiding and Abetting Fiduciary Abuse

### (Against Defendant Carl A. Wescott and Does)

113. Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-112, above.

114. Defendant Carl WESCOTT made representations to Plaintiffs with the actual intent to defraud and to induce them to invest monies in schemes involving all other named and unnamed Defendants, to forbear from withdrawing from the investments and to subsequently reinvest additional monies.

115. Defendant WESCOTT at all material times had actual knowledge of his fiduciary duties to Plaintiffs with respect to Plaintiffs' investments with all Defendants. Defendant WESCOTT at all material times knew that each of the named and unnamed Defendants was violating fiduciary duties to Plaintiffs as alleged above, and actively participated in the operation of fraudulent schemes by enabling and facilitating the fraudulent schemes. In acting and failure to act as alleged above, Defendant WESCOTT actively and affirmatively assisted all other Defendants in the fraudulent schemes and helped conceal them from Plaintiffs. Defendant WESCOTT enabled the fraudulent schemes to flourish and stay hidden from the victims, the Plaintiffs.

116. Defendant WESCOTT substantially assisted and aided and abetted breach of fiduciary duties with the specific intent to facilitate conduct, i.e., the fraudulent schemes, which constituted a material part of said breach.

117. Defendant WESCOTT was bound by his fiduciary duty to Plaintiffs to act with their best interests in mind. However, in doing the things herein above alleged, Defendant WESCOTT disregarded Plaintiffs' best interests by causing Plaintiffs to act in accordance with Defendants' own wishes, and to benefit themselves and not Plaintiffs, thereby misappropriating and/or diverting Plaintiffs' funds in the furtherance of Defendants' own pecuniary interests.

///

Case 12-03148   Doc# 29-45   Filed: DONECKER v. WESCOTT AND SUMMA 03/13 23:04:26   Page 37
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-37 of 60
of 60

118.    Defendant WESCOTT's  actions were willful, knowing, malicious, fraudulent, oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount sufficient to punish and deter such conduct in the future.

119.    As a proximate result of Defendant WESCOTT's conduct, Plaintiffs suffered economic damages in an amount according to proof at trial.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set forth below.

## SIXTEENTH CAUSE OF ACTION

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against all Defendants)

120.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-119, above.

121.    Defendants, and all of them, Breached the Implied Covenant of Good Faith and Fair Dealing by perpetrating the fraudulent misrepresentations which lead to the significant losses of the Plaintiffs in this matter.

122.    As a direct and proximate cause of said Breach and the wrongful acts alleged herein, Plaintiffs suffered economic damages in an amount according to proof at trial.

123.    As a proximate result of Defendants' conduct Plaintiffs suffered severe emotional distress, including without limitation anxiety, nervousness, sleeplessness, humiliation, anguish, and physical distress. As a result of such harm, Plaintiffs have suffered such damages in an amount according to proof at trial.

124.    Defendants' actions were willful, knowing, malicious, fraudulent, oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the

**COMPLAINT FOR DAMAGES**
DONECKERS vs. WESCOTT AND SONS
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd    January 16, 2012 (5:04pm)

Page 38

Case: 12-03148    Doc# 29-45    Filed: 03/05/13    Entered: 03/05/13 23:04:26    Page 38
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-38 of 60
of 60

1  sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and

2  punitive damages in an amount sufficient to punish and deter such conduct in the future.

3    WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of

4  them, as set forth below, plus general, exemplary, and punitive damages.

5  ## SEVENTEENTH CAUSE OF ACTION

6  ### Negligent Infliction of Emotional Distress

7  ### (Against All Defendants)

8    125.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

9  contained in Sections I and II above, all paragraphs and subparagraphs therein, and

10  Paragraphs 1-124, above.

11    126.    Plaintiffs DONECKERS  are informed and reasonably believe and thereon allege

12  that Defendants, and each of them, owed to Plaintiffs DONECKERS a general duty of due care,

13  and, in their capacities as licensed real estate agents and brokers, a professional duty of care

14  to Plaintiffs DONECKERS in connection with their rights.

15    127.    The rights to and interest in real and personal property investments were injured as

16  a result of the acts and failures to act of Defendants, and each of them, which acts and failures

17  to act resulted in damages described herein.

18    128.    Defendants, and each of them, breached the duty of care owed to Plaintiffs

19  DONECKERS and as a cause and proximate result of the aforementioned acts, caused

20  Plaintiffs DONECKERS to suffer extreme emotional distress.  Plaintiffs DONECKERS are

21  informed and believe that third parties also relied on Defendants' negligent representations and

22  that those third parties contributed to the damages of Plaintiffs DONECKER.

23    129.    As a breach, cause and proximate result of the aforementioned acts of Defendants,

24  intentional or otherwise,  Plaintiffs DONECKERS suffered and continue to suffer humiliation,

25  loss of sleep, mental anguish and emotional and physical distress.

26    130.    Plaintiffs DONECKERS  further suffered and continue to suffer extreme anxiety over

27  the existing loss of nearly Two Million Dollars, and the continuing and loss of potentially

28  hundreds of thousands of dollars more in interest on savings, lost income, attorneys fees, the

**COMPLAINT FOR DAMAGES**

Page 39

Case: 12-03148   Doc# 29-45   Filed: 05/03/13   Entered: 05/03/13 23:04:26   Page 39
Exhibit I - Donecker Complaint against Wescott  of 60

DONECKER v. WESCOTT AND SONS
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd ~January 16, 2012 (5:04pm)
1/16/2012   T-39 of 60

1  benefits derived from investments they could have made elsewhere, and more.

2      131.    Severe emotional anguish caused by the loss of the money was increased by the

3  drastic lifestyle changes made by the DONECKERS, including selling their custom home in

4  Davis in favor of moving into a lower-cost rental home, removing the children from private

5  schools, loss of the family automobile, canceling and not scheduling family vacations, not

6  buying Christmas trees and exchanging only minimal gifts on holidays and birthdays, not

7  hosting milestone birthday celebrations, not eating out in restaurants, and similar cost-cutting

8  measures.

9      132.    Severe emotional anguish caused by the loss of the money was also increased by

10  the very real fear the DONECKERS now have, only a daily basis, that WESCOTT and SINGAL

11  have stolen the financial security of the DONECKERS' children, and the retirement and

12  financial security of the DONECKERS.  They have "lost all joy and hope in the future" and feel

13  their mental health has declined to the point of constant sorrow, depression, anxiety and worry.

14      133.    Plaintiffs DONECKERS have not yet determined the full amount of damage

15  sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this

16  Complaint to set forth the full amount when the same has been ascertained.

17      WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of

18  them, as set forth below.

19                      **EIGHTEENTH CAUSE OF ACTION**

20                **Intentional Infliction of Emotional Distress**

21                      **(Against All Defendants)**

22      134.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

23  contained in Sections I and II above, all paragraphs and subparagraphs therein, and

24  Paragraphs 1-133, above.

25      135.    Plaintiffs DONECKERS  are informed and reasonably believe and thereon allege

26  that Defendants, and each of them, owed to Plaintiffs DONECKERS a general duty of due care,

27  and, in their capacities as licensed real estate agents and brokers, a professional duty of care

28  to Plaintiffs DONECKERS in connection with their property rights.

---

**COMPLAINT FOR DAMAGES**

Case: 12-03148    Doc# 29-45    Filed: 03/13/13    Entered: 03/13/13 23:04:26    Page 40
Page 40

DONECKERS v. WESCOTT AND SINGAL
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd  (January 16, 2012 5:04pm)
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012       T-40 of 60
of 60

136.   The conduct of Defendants as set forth above was intentional and malicious and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, embarrassment, emotional and physical distress.

137.   As a proximate result of the conduct of Defendants as alleged above, Plaintiffs suffered humiliation, mental anguish, embarrassment, emotional and physical distress. Plaintiffs are informed and believes and thereon alleges that these injuries will result in some permanent disability to them.  As a result of these injuries, Plaintiffs have suffered damages in a sum according to proof at trial.

138.   Severe emotional anguish caused by the loss of the money was increased by the drastic lifestyle changes made by the DONECKERS, including selling their custom home in Davis in favor of moving into a lower-cost rental home, removing the children from private schools, loss of the family automobile, canceling and not scheduling family vacations, not buying Christmas trees and exchanging only minimal gifts on holidays and birthdays, not hosting milestone birthday celebrations, not eating out in restaurants, and similar cost-cutting measures.

139.   Severe emotional anguish caused by the loss of the money was also increased by the very real fear the DONECKERS now have, on a daily basis, that WESCOTT and SINGAL have stolen the financial security of the DONECKERS' children, and the retirement and financial security of the DONECKERS.  They have "lost all joy and hope in the future" and feel their mental health has declined to the point of constant sorrow, depression, anxiety and worry.

140.   Plaintiffs DONECKERS have not yet determined the full amount of damage sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this Complaint to set forth the full amount when the same has been ascertained.

141.   The aforementioned conduct of Defendants WESCOTT and SINGAL was willful, wanton and malicious and was intended to oppress and/or cause injury to Plaintiffs.    Plaintiffs are therefore entitled to an award of punitive damages in an amount according to proof at trial.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

---

Case: 12-03148   Doc# 29-45   Filed: DONECKER v. WESCOTT AND SINGAL   Page 41
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd — January 16, 2012 (5:04pm)
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-41 of 60

**NINETEENTH CAUSE OF ACTION**

**Accounting for Gains**

**(Against All Defendants)**

142.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-141, above.

143.     Because one or more of Defendants' agents, members or principals received benefits based on their wrongful actions and to the detriment of Plaintiffs DONECKER, Defendants are subject to the disgorgement of ill-gotten gains.

144.     Plaintiffs DONECKERS ask the court to issue a decree for accounting of gains, requiring Defendants to account for all profits, monies and benefits diverted or received by them as a result of their wrongful conduct and deliver the same to Plaintiffs DONECKER.

145.     Defendants represented to Plaintiffs DONECKERS that each and every one of the five (5) "projects" in which they were induced to invest were genuine business opportunities with a high likelihood of success and profit.  Plaintiffs DONECKERS justifiably relied on said representations, to their detriment.

146.     Said representations were false, and were known to be false when made by Defendants, and each of them, and said representations were made to further the ends and goals of Defendants, and each of them,  who had no intention of honoring said representations.

147.     Plaintiffs DONECKERS have not yet determined the full amount of damage sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this Complaint to set forth the full amount when the same has been ascertained.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

///

Case 12-03148    Doc# 29-45    Filed 05/03/13    Entered 05/03/13 23:04:26    Page 42

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-42 of 60

of 60

## TWENTIETH CAUSE OF ACTION

### Inducement and Declaratory Relief

### (Against All Defendants)

148.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-147, above.

149.    Defendants' misrepresentations were intended and did induce Plaintiffs DONECKERS to finance the various projects detailed in this complaint, which served as the basis of the investments of financial resources.

150.    Plaintiffs DONECKERS pray for declaratory relief that Plaintiffs are entitled to a rescission of all contracts and a return of all funds expended and other damages incurred by Plaintiffs as a result of entering into all projects and investments with Defendants.

151.    Plaintiffs DONECKERS have not yet determined the full amount of damage sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this Complaint to set forth the full amount when the same has been ascertained.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

## TWENTY-FIRST CAUSE OF ACTION

### Fraud

### (Against All Defendants)

152.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-151, above.

153.    Plaintiffs DONECKERS are informed and believe and thereon allege that Defendant WESTCOTT and Defendant SINGAL knowingly and maliciously made false representations to Plaintiffs DONECKERS regarding the expected profitability of the projects in which they invested, understated anticipated expenses, and made promises of personal guarantees and/or payments that they had no intention of honoring.  Defendants did so with the intent or

---

**COMPLAINT FOR DAMAGES**

1    substantial certainty of inducing Plaintiffs DONECKERS to invest many thousands of dollars in

2    business ventures.

3        154.    Based on the representation of Defendants WESTCOTT and SINGAL, Plaintiffs

4    DONECKERS reasonably and justifiably relied on their representations and were induced to

5    invest as set forth above.

6        155.    Plaintiffs are informed and believe and thereon allege that in respect to all of the

7    projects in which Plaintiffs were induced to invest, Defendants knew that expenses incurred in

8    connection with them were not legitimate expenses of the projects, but nonetheless solicited

9    investments  without intent to repay the DONECKERS.

10       156.    Plaintiffs DONECKERS are further informed and believe and thereon allege that

11   without the knowledge or consent of Plaintiffs DONECKERS, Defendants WESTCOTT and

12   SINGAL converted funds intended to be invested in the various projects to their own use and

13   benefit to the detriment of the Plaintiffs.

14       157.    Defendants' actions were willful, knowing, malicious, fraudulent, oppressive,

15   intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and

16   conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the

17   sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and

18   punitive damages in an amount sufficient to punish and deter such conduct in the future.

19       158.    Defendants represented to Plaintiffs DONECKERS that each and every investment

20   project was viable, and would be profitable.  Plaintiffs DONECKERS justifiably relied on said

21   representations to their detriment. Said representations were false, and were known to be false

22   when made by Defendants, and each of them, and said representations were made to further

23   the ends and goals of Defendants, and each of them,  who had no intention of honoring said

24   representations.

25       159.    Plaintiffs DONECKERS have not yet determined the full amount of damage

26   sustained as a result of the acts by Defendant WESTCOTT described herein, and will amend

27   this Complaint to set forth the full amount when the same has been ascertained.

28   ///

Case: 12-03148   Doc# 29-45   Filed: 05/03/13   Entered: 05/03/13 23:04:26   Page 44
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012   of 60   T-44 of 60

160.     Defendants' actions were willful, knowing, malicious, fraudulent, oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount sufficient to punish and deter such conduct in the future.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below, plus general, exemplary, and punitive damages.

## TWENTY-SECOND CAUSE OF ACTION

### Aiding and Abetting Fraud

### (Against Defendant Singal and Does)

161.     Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-160, above.

162.     As alleged herein, Defendant SINGAL, through his fraudulent solicitation representations and fraudulent promised returns on investments, intentionally defrauded Plaintiffs.

163.     Defendant SINGAL substantially assisted and aided and abetted Defendant WESTCOTT, and Doe Defendants, in the fraud against Plaintiffs by virtue of all defendants' specific intent to facilitate fraudulent conduct, i.e., the investment scheme, and, the scheme to hide or conceal the fact the deed of trust securing the original investment was not and would never be recorded.

164.     The investment scheme constituted a material part of said fraud because it enabled the Defendants to siphon off management fees and convert the funds that were never supposed to be appropriated.   Defendant SINGAL at all times material knew that Defendant Westcott was engaging in fraud and willingly provided assistance to him in doing so.

165.     As a proximate result of Defendant SINGAL's conduct, Plaintiffs suffered economic damages in an amount according to proof at trial.

///

DONECKERS v. WESCOTT AND SINGAL

D:\KJFLODM\Donecker Pleading\Complaint KJF.03.16.wpd    January 16, 2012 (5:04pm)

Case  12-03148    Doc# 29-45    Filed 10/03/13    Entered 10/03/13 23:04:26    Page 45
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012    T-45 of 60
of 60

166. As a further proximate result of Defendants' conduct, Plaintiffs suffered and continue to suffer humiliation, loss of sleep, mental anguish and emotional and physical distress. Plaintiffs DONECKERS further suffered and continue to suffer extreme anxiety over the existing, continuing, and potential losses of millions of dollars

167. Defendant SINGAL's actions were willful, knowing, malicious, fraudulent, oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and conscious disregard of Plaintiffs' rights. Such conduct is reprehensible and shocking to the sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount sufficient to punish and deter such conduct in the future.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set forth below.

## TWENTY-THIRD CAUSE OF ACTION

### Aiding and Abetting Fraud

### (Against Defendant Carl A. Wescott and Does)

168. Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-167, above.

169. As alleged herein, Defendant WESTCOTT, through his fraudulent solicitation representations and fraudulent promised returns on investments, intentionally defrauded Plaintiffs.

170. Defendant WESTCOTT substantially assisted and aided and abetted Defendant SINGAL, and Doe Defendants, in the fraud against Plaintiffs by virtue of all defendants' specific intent to facilitate fraudulent conduct, i.e., the investment scheme, and, the scheme to hide or conceal the fact the deed of trust securing the original investment was not and would never be recorded.

171. The investment scheme constituted a material part of said fraud because it enabled the Defendants to siphon off management fees and substantial portions of investment principal and convert the funds that were to be devoted to development projects and not other

**COMPLAINT FOR DAMAGES**
DONECKERS v. WESCOTT AND SINGAL
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd (January 16, 2012/5:04pm)

Page 46

Case 12-03148 Doc# 29-45 Filed 05/03/13 Entered 05/03/13 23:04:26 Page 46
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012 T-46 of 60
of 60

unauthorized, inappropriate, personal uses.   Defendant WESCOTT at all times material knew that Defendant SINGAL was engaging in fraud and willingly provided assistance to him in doing so.

172.    As a proximate result of Defendant WESCOTT's conduct, Plaintiffs suffered economic damages in an amount according to proof at trial.

173.    As a further proximate result of Defendants' conduct,  Plaintiffs DONECKERS suffered and continue to suffer humiliation, loss of sleep, mental anguish and emotional and physical distress.  Plaintiffs DONECKERS  further suffered and continue to suffer extreme anxiety over the existing, continuing, and potential losses of hundreds of thousands of dollars.

174.    Defendant WESCOTT's actions were willful, knowing, malicious, fraudulent, oppressive, intended to injure Plaintiffs, subject them to a cruel and unjust hardship, and/or in reckless and conscious disregard of Plaintiffs' rights.  Such conduct is reprehensible and shocking to the sensibilities of reasonable persons, and Plaintiffs are entitled to an award of exemplary and punitive damages in an amount sufficient to punish and deter such conduct in the future.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set forth below.

### TWENTY-FOURTH CAUSE OF ACTION

**Injunction Freezing Assets**

**(Against Defendant Carl A. Wescott and Does)**

175.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-174 above.

///

**COMPLAINT FOR DAMAGES**

Page 47

Case 12-03148   Doc# 29-45   Filed 07/03/13   Entered 07/03/13 23:04:26   Page 47

D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd     January 16, 2012 (5:04pm)

DONECKERS v. WESCOTT and SINGAL

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012     T-47 of 60

1    176.    Plaintiffs DONECKERS are informed and believe and thereon allege that at all times

2    herein mentioned, Defendant WESCOTT is or was the owner of an interest, all or part, of

3    certain real properties in the state of California:

4    Mendocino County:        30901 Sherwood Road, Willits
     Mendocino County:        5700 Robinson Creek Road, Ukiah

5    Mendocino County:        9501 Lane Drive, Ukiah
     San Francisco County:    853 Ashbury Street, San Francisco

6    San Francisco County:    1083 Mississippi Street, San Francisco
     Sonoma County:           5760 Chemise Road, Healdsburg

7

8    In addition, Plaintiffs are informed and believe and thereon allege that at all times herein

9    mentioned, Defendant WESCOTT is a record owner of all or part of certain residential or

10   commercial or undeveloped real property located outside of the United States.

11   177.    Plaintiffs DONECKERS are further informed and believe that Defendant WESCOTT

12   is in possession and/or control of other tangible property which they will amend this Complaint

13   to include when ascertained.

14   178.    Injunctive relief is appropriate in this case, because there is imminent and ongoing

15   risk that Defendant WESCOTT may attempt to transfer, dispose of, or conceal the referenced

16   assets, to avoid their recovery by creditors or to otherwise prevent attachment by judgment

17   creditors, and to avoid a multiplicity of actions.    It would be extremely difficult to fix the amount

18   of compensation that would afford adequate relief, and unless an injunction is granted, Plaintiffs

19   DONECKERS may otherwise be deprived of a remedy.

20   179.    Plaintiffs DONECKERS request the immediate issuance of a temporary injunction

21   preventing the transfer, disposal or concealment by Defendant WESCOTT of all or part of

22   Defendant WESCOTT's real property described above, and any other over which he exercises

23   dominion and control.

24   180.    Plaintiffs DONECKERS are willing and able to file a undertaking to protect the

25   interests of innocent parties.

26   WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants as set forth

27   below.

28   ///

**COMPLAINT FOR DAMAGES**

Case: 12-03148    Doc# 29-45    Filed: 07/03/13    Entered: 07/03/13 23:04:26    Page 48
Page 48
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd    January 16, 2012 (5:04pm)
DONECKER v. WESCOTT AND SONS, et al.
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012    of 60    T-48 of 60

**TWENTY-FIFTH CAUSE OF ACTION**

**Imposition of Constructive Trust**

**(Against All Defendants)**

181.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-180, above.

182.    By engaging in the conduct alleged herein, Defendants, and each of them, have been unjustly enriched at the expense, and to the detriment of Plaintiffs DONECKER.

183.    Defendants, and each of them, should be required to disgorge the benefits which they have obtained at the expense, and to the detriment of Plaintiffs DONECKER, and a constructive trust should be imposed upon all properties as described in Paragraph 88 above, as well as such other tangible property in the possession and/or control of Defendants, so that such benefits properly may be realized by Plaintiffs DONECKER.

184.    Plaintiffs DONECKERS have not yet determined the full amount of damage sustained as a result of the acts by Defendant WESCOTT described herein, and will amend this Complaint to set forth the full amount when the same has been ascertained.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

**TWENTY-SIXTH CAUSE OF ACTION**

**Unfair Business Practices**

**(Against All Defendants)**

185.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-184 above.

186.    In the course of the conduct by Defendants, their authorized agents on behalf them as herein above alleged have violated a number of laws, including breaches of "common law" duties, and statutes prohibiting such conduct. Accordingly, said Defendants have engaged in ///

---

**COMPLAINT FOR DAMAGES**

Case 12-03148   Doc# 29-45   Filed 05/03/13   Entered 05/03/13 23:04:26   Page 49
Exhibit I - Donecker Complaint against Wescott 1/16/2012   T-49 of 60
of 60

1   unfair and fraudulent business acts and practices as set forth in Business and Professions

2   Code Section 17200.

3       187.    Therefore, this Court should issue an injunction prohibiting Defendants and each of

4   them from engaging in such unfair and fraudulent business acts and practices, as set forth in

5   Plaintiffs' prayer for relief herein.

6       WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of

7   them, as set forth below.

8                           **TWENTY-SEVENTH CAUSE OF ACTION**

9                    **Violation of Cal. Bus. & Prof. Code Sect. 17200 et. seq.**

10                               **(Against All Defendants)**

11      188.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations

12  contained in Sections I and II above, all paragraphs and subparagraphs therein, and

13  Paragraphs 1-187, above.

14      189.    Defendants' conduct as previously alleged constitutes unlawful business acts or

15  practices within the meaning of California Business & Professions Cod Sect. 17200, including

16  the following:

17          a)      Defendants' conduct in facilitating and enabling the "investment" scheme to

18                  abscond with Plaintiffs' money;

19          b)      The "investments" made by Plaintiffs by and through Defendants constitute

20                  "securities" within the meaning of California Corporations Code Sect. 25401.

21                  By virtue of the conduct of Defendants with the sale of these investments, as

22                  alleged herein above, and soliciting the sale of "securities" through the

23                  making of false representations in violation of said code section. Defendants'

24                  conduct in facilitating and enabling the scheme as alleged above constitutes

25                  a violation of California Corporations Code Sect. 25403 (b), which provides:

26                      Any person that knowingly provides substantial assistance to
                        another person in violation of any provision of this division or
27                      any rule or order there under shall be deemed to be in
                        violation of that provision, rule, or order to the same extent as
28                      the person to whom the assistance was provided.

---

**COMPLAINT FOR DAMAGES**

D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd - January 16, 2012 (5:04pm)

190.    Defendants' conduct as previously alleged, constitutes unfair business acts or practices within the meaning of California Business & Professions Code Sect. 17200. Defendants' unlawful, unfair and/or fraudulent acts in enabling and facilitating the investment scheme as described herein above constitutes unfair competition within the meaning of California Business & Professions Code Sect. 17200. Plaintiffs lost money, i.e., the loss of their investments, as a result of said unfair competition. Accordingly, Plaintiffs may obtain against Defendants, and all of them, all remedies and penalties authorized by California Business & Professions Code Sect. 17203, including without limitation restitution, disgorgement, and other relief for each illegal, unfair and fraudulent business act or practice, and attorneys' fees pursuant to California Code of Civil Procedure Sect. 1021.5 and the Court's equitable powers, in an amount subject to proof at trial.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

## TWENTY-EIGHTH CAUSE OF ACTION

**Aiding and Abetting Violation of Cal. Bus. & Prof. Code Sect. 17200 et. seq.**

**(Against All Defendants**)

191.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-190 above.

192.    The conduct of Defendants constitute unlawful business acts or practices within the meaning of California Business & Professions Code Section 17200, including without limitation:

a)    misappropriating all sums invested by Plaintiffs that were to be invested in specific projects and not to divert them to unrelated personal or business purposes;

b)    charging management fees which was never agreed to by Plaintiffs;

c)    misappropriating the funds invested by Plaintiffs into scam investments which had no or little likelihood of ever paying off; and

///

Case 12-03148   Doc# 29-45   Filed 03/13/13   Entered 03/13/13 23:04:26   Page 51
D:\KJFLODM\Donecker Pleading\Complaint KJF_03_16.wpd   January 16, 2012 (5:04pm)
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-51 of 60
of 60

1          d)      charging management fees which were never agreed to by Plaintiffs. The

2                  foregoing conduct violates California's Uniform Fraudulent Transfer Act, Civil

3                  Code Sects. 3439.01-3439.12.

4     193.    The investments made by Plaintiffs during the entire scheme alleged herein

5  constitute "securities" within the meaning of California Corporations Code Sect. 25401. By

6  virtue of the conduct of Defendants in connection with the making of these investments, as

7  alleged herein above, Defendants  solicited the sale of securities through the making of false

8  representations in violation of said section. Said conduct constitutes a violation of California

9  Corporations Code Sect. 25401, which provides: "It is unlawful for any person to offer or sell a

10 security in this state of buy or offer to buy a security in this state by means of any written or oral

11 communication which includes an untrue statement of a material fact or omits to state a

12 material fact necessary in order to make the statements made, in the light of the circumstances

13 under which they were made, not misleading."

14    194.    The conduct of Defendants , as previously alleged constitutes unfair business acts

15 or practices within the meaning of California Business & Professions Code Sect. 17200.

16    195.    The unlawful, unfair and/or fraudulent acts of Defendants  in operating the

17 investment scheme described above constitute unfair competition within the meaning of

18 California Business & Professions Code Sect. 17200. Plaintiffs lost money, their investments as

19 a result of said unfair competition. Defendants by their conduct as previously alleged,

20 substantially aided and abetted each other Defendant in the commission of such unfair

21 business competition. Defendants aided and abetted the unfair competition of each and all

22 Defendants  with actual knowledge of certain specific acts constituting said unfair competition,

23 i.e., those acts of each and all Defendants  which pertained to the investment scheme as

24 alleged herein above, and with the specific intent to facilitate said acts. Accordingly, Plaintiffs

25 may obtain against Defendants all remedies and penalties authorized by California Business &

26 Professions Code Sect. 17203, including without limitation restitution, disgorgement, and other

27 penalties for each illegal, unfair and fraudulent business act or practice, and attorneys' fees

28 ///

---

**COMPLAINT FOR DAMAGES**

D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd   January 16, 2012 (5:04pm)

pursuant to California Code of Civil Procedure Sect. 1021.5 and the Court's equitable powers, in an amount subject to proof at trial.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

## TWENTY-NINTH CAUSE OF ACTION

### Civil Conspiracy

### (Against All Defendants)

196.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-195, above.

197.    Plaintiffs are informed and believe, and on that basis allege, that at all times herein mentioned, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and in doing the thing hereinafter alleged, was acting within the course and scope of such agency and/or employment, and that all Defendants acted at all times with the knowledge of the actions of each of the remaining Defendants.

198.    As more fully set forth above, Plaintiffs allege on information and belief that during the entire transaction period, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves and with Defendants , or in the alternative, later joined the ongoing conspiracy and fully ratified all material past actions and the purpose of the conspiracy and agreed, inter alia, as follows:

        a)    to form the an enterprise for the purpose of assisting, facilitating and furthering the investment scheme as alleged above;

        b)    to misappropriate and convert the monies invested by Plaintiffs with Defendants during the transaction period;

        c)    to defraud Plaintiffs  of their investment and to breach duties owed to them;

        d)    to derive other profits and benefits through the pattern of fraud as alleged above.

///

Case: 12-03148    Doc# 29-45    Filed: 03/13/13    Entered: 03/13/13 23:04:26    Page 53

Exhibit I - Donecker Complaint against Wescott 1/16/2012    T-53 of 60

199.    Defendants, and each of them, did the acts and things alleged above pursuant to, and in furtherance of, said conspiracy and the above-alleged agreement.

200.    Each of the Defendants furthered the conspiracy by cooperating with, lending aid, offering to lend money and encouragement to, and/or ratifying and adopting the acts of each of the other Defendants in enabling and facilitating the investment scheme. Each of the Defendants had knowledge not only of the actions of each of the other Defendants in connection with the investment scheme, but also of the conspiracy itself and its unlawful and tortuous purpose.

201.    As a direct and proximate cause of said conspiracy and the wrongful acts alleged herein, Plaintiff suffered economic damages in an amount according to proof at trial.

202.    As a proximate result of Defendants' conduct Plaintiffs suffered severe emotional distress, including without limitation anxiety, nervousness, sleeplessness, humiliation, anguish, and physical distress. As a result of such harm, Plaintiffs have suffered such damages in an amount according to proof at trial.

203.    Defendants' actions were malicious, fraudulent, oppressive, intended to injure Plaintiffs and/or in reckless disregard of Plaintiffs' rights. Consequently, Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

## THIRTIETH CAUSE OF ACTION

### Violation of Corporations Code Section 25401

### (Against All Defendants)

204.    Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-203, above.

205.    The investments made by Plaintiffs during the entire scheme alleged herein constitute "securities" within the meaning of California Corporations Code Sect. 25401. By virtue of the conduct of Defendants  in connection with the making of these investments, as

**COMPLAINT FOR DAMAGES**
DONECKER v. WESCOTT AND SONS, et al.
D:\KJFLODM\Donecker\Pleading\Complaint KJF 01.16.wpd ... January 16, 2012 (5:04pm)
Page 54

Case 12-03148   Doc# 29-45   Filed 03/14/13   Entered 03/14/13 23:04:26   Page 54 of 60

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012    T-54 of 60

alleged herein above, Defendants solicited the sale of securities through the making of false representations in violation of said section. Said conduct constitutes a violation of California Corporations Code Sect. 25401, which provides: "It is unlawful for any person to offer or sell a security in this state of buy or offer to buy a security in this state by means of any written or oral communication which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."

206. Defendants offered to sell and to buy a "security" under California Corporations Code Sect. 25019.

207. Said offer by Defendants to sell and to buy a "security" was made by means of written and oral communications with Plaintiffs.

208. Plaintiffs made actual investments, purchases with and loans to Defendants. Said investments, purchases and loans by Plaintiffs were completed within the State of California.

209. As a proximate result of Defendants' conduct, Plaintiffs suffered economic damages in an amount according to proof at trial.

210. As a proximate result of Defendants' conduct Plaintiffs suffered severe emotional distress, including without limitation anxiety, nervousness, sleeplessness, humiliation, anguish, and physical distress. As a result of such harm, Plaintiffs have suffered such damages in an amount according to proof at trial.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and each of them, as set forth below.

**THIRTY-FIRST CAUSE OF ACTION**

**Civil RICO and RICO Conspiracy Pursuant to 18 U.S.C. § 1962(c), (d)**

**(Against All Defendants)**

211. Plaintiffs incorporate by reference as though fully set forth herein, the allegations contained in Sections I and II above, all paragraphs and subparagraphs therein, and Paragraphs 1-210, above.

///

---

DONECKERS v. WESCOTT AND SONS, et al.
D:\KJFLODM\Donecker Pleading\Complaint KJF 01 16.wpd    January 16, 2012 (5:04pm)

Case: 12-03148   Doc# 29-45   Filed: 03/15/13   Entered: 03/15/13 23:04:26   Page 55
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012   of 60   T-55 of 60

212.    At all times relevant herein, Defendants were "persons" within the meaning of 18 U.S.C. § 1961(3) who conducted the affairs of the enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c). In violation of § 1962(c) and (d), Defendants conducted or participated and/or conspired to conduct or participate, directly or indirectly, in the conduct of certain enterprises affairs through a pattern of racketeering activity, thereby proximately causing injury to Plaintiffs' businesses or property. Each of these Defendants knew the essential nature and scope of the enterprise that he was employed by or associated with, and each of the Defendants intended to participate in the affairs of the particular enterprise.

213.    The Wescott / Singal Investment Scheme is and has been a RICO enterprise as that term is defined in § 1961(4) of RICO. At all times relevant hereto, the activities of the Wescott / Singal Investment Scheme enterprise affected interstate or foreign commerce. Defendants were employed by and/or associated with that scheme / enterprise, including by and through their association with Strategic / Surprise. In violation of § 1962(c) of RICO, Defendants conducted and/or conspired to conduct the affairs of the Wescott / Singal Investment Scheme  through a "pattern of racketeering activity," as that term is defined in § 1961(1) and (5) of RICO. Defendants committed, aided and abetted and/or conspired to commit or threaten to commit violations 18 U.S.C. § 1512 (obstruction of justice), as alleged below.

214.    In the alternative, there existed an associated-in-fact enterprise consisting of Strategic, Surprise, Wescott, and Singal. Each defendant named in this count is a member of the associated-in-fact-enterprise, voluntarily agreed to join the enterprise and played an active role in its affairs. Each of the members of the associated-in-fact enterprise are persons or legally incorporated entities that conducted (and conduct) business activities through the United States and overseas. The activities of the associated-in-fact enterprise affected interstate and/or foreign commerce. The members of the enterprise, including each defendant named in this count, continue their professional and business activities to date. Each of them was motivated by the desire to obtain money from   unsuspecting and

D:\KJFLODM\Donecker Pleading\Complaint KJF.01.16.wpd  January 16, 2012 (5:04pm)

Case: 12-03148   Doc# 29-45   Filed: 03/13/13   Entered: 03/13/13 23:04:26   Page 56
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012   T-56 of 60
of 60

misinformed California investors, including Plaintiffs, in violation of their constitutional rights.

Each member of the associated-in-fact enterprise conducted and/or conspired to conduct

the affairs of the associated-in-fact enterprise through a "pattern of racketeering activity," as

that term is defined in § 1961(1) and (5) of RICO.

215. In addition, the pattern of racketeering committed and/or aided and abetted

by Defendants involves multiple separate instances of violations of 18 U.S.C. § 1512(b), (c)

in furtherance of the unlawful scheme in order to secure investments from unsuspecting

and misinformed California investors, including Plaintiffs.

216. The instances of Defendants' violations of 18 U.S.C. § 1512(b), (c) in

furtherance of the enterprises' unlawful scheme include:

a. Material misrepresentation concerning Defendants' willingness, intention and ability to repay loans obtained from Plaintiffs Doneckers;

b. Material misrepresentation concerning the status of each and every one of the five (5) "investment projects."

c. Material misrepresentation concerning Defendants' willingness and ability to fund "investment projects" to successful completion.

d. Material misrepresentation concerning the value and quality of the real property offered as security for the $250,000.00 promissory note;

217. Defendants' acts, misrepresentations, and failure to fully and fairly disclose

the true facts concerning the five (5) "investment projects", the quality of the security for the

$250,000.00 note, failure to record the promised Deed of Trust as security for the

$250,000.00 note, in violation of 18 U.S.C. § 1512, constitute a "pattern of racketeering

activity," as that term is defined in § 1961(1) and (5) of RICO, because the acts were related

to each other and had continuity. As alleged herein, Defendants' violations of these federal

statutes had the same or similar purposes, results, participants, victims, or methods of

commission; they were interrelated and not isolated events. Defendants' violations of these

federal statutes evidenced continuity because they amounted to a period of repeated

///

Case: 12-03148   Doc# 29-45   Filed: 03/13/13   Entered: 03/13/13 23:04:26   Page 57
Exhibit 1 - Donecker Complaint against Wescott 1/16/2012   T-57 of 60

DONECKER v. WESCOTT AND SONS
D:\KJFLODM\Donecker\Pleading\Complaint KJF 01.16.wpd   January 16, 2012 (5:04pm)
of 60

conduct or conduct that extended temporally from the past into the future with a threat of

repetition.

218.    Plaintiffs  have standing to sue under RICO because they have been injured

in their business or property by reason of Defendants' violations of § 1962(c) and (d), as set

forth in paragraphs 84 through 86, and 95 herein. Pursuant to § 1964(c) of RICO, Plaintiffs'

are entitled to recover threefold the damages sustained, as well as punitive damages and

the costs of bringing suit, including reasonable attorney's fees.

WHEREFORE, Plaintiffs DONECKERS pray for judgment against Defendants, and

each of them, as set forth below.

### PRAYER

**WHEREFORE:  Plaintiffs DONECKERS claim damages in an amount to be**

**determined, plus costs, and for any further relief that this Court deems necessary and**

**appropriate, as follows:**

1.    For principal of $250,000.00 on the Promissory Note dated July 1, 2008, and accrued interest at 15% until paid;

2.    For principal of $500,000.00 on the loan made September 29, 2008, and accrued interest at 15% until paid;

3.    For principal of $362,916.67 on the loan made on December 31, 2008, and accrued interest at 15% until paid;

4.    For restitution of $600,000.00 investment principal and statutory interest thereon;

5.    For any and all profits lost, expenses incurred and damages as a result of the actions alleged above;

6.    For compensatory damages according to proof;

7.    For disgorgement according to proof;

8.    For punitive and exemplary damages in an amount sufficient to deter Defendants and others from such conduct;

9.    For damages resulting from mental and emotional distress;

///

**COMPLAINT FOR DAMAGES**

DONECKER V3, WESCOTT AND SUSAN3

D:\KJFLODM\Donecker Pleading\Complaint KJF 01_16.wpd   January 16, 2012 (5:04pm)

Page 58

Case 12-03148   Doc# 29-45   Filed 03/05/13   Entered 03/05/13 23:04:26   Page 58

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012   T-58 of 60

1      10.   For an order preventing the transfer, disposal, or concealment during the pendency of this action, all or a portion of Defendants' interest in the real properties commonly known as:

Mendocino County:     30901 Sherwood Road, Willits
Mendocino County:     5700 Robinson Creek Road, Ukiah
Mendocino County:     9501 Lane Drive, Ukiah
San Francisco County:   853 Ashbury Street, San Francisco
San Francisco County:   1083 Mississippi Street, San Francisco
Sonoma County:       5760 Chemise Road, Healdsburg

11.   For an order preventing the transfer, disposal, or concealment during the pendency of this action, of all or a portion of Defendants' interest in any other later ascertained real properties located in or outside of the United States.

12.   For an order preventing the transfer, disposal, or concealment during the pendency of this action, of all or a portion of Defendants' interest in any and all additional tangible assets under the possession and/or control of Defendants, as and when ascertained;

13.   For an order preventing the transfer, disposal, or concealment during the pendency of this action, of all or a portion of Defendants' interest in any other later ascertained tangible assets located in or outside of the United States.

14.   Preventing the transfer, disposal or concealment of any and all assets of Defendants Wescott and Singal, and freezing all assets in any accounts held in the name of either Defendant WESCOTT or SINGAL at any bank or financial institution as and when ascertained.

15.   Attorney's Fees and Costs associated with enforcement of the terms of the July 2008 Promissory Note in the amount of $250,000.00.

16.   Attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 18 U.S.C. § 1964, California Civil Code §§ 52 and 52.1, and as otherwise authorized by statute or law;

17.   For costs of suit and such other and further legal and equitable relief as the court deems proper.

Dated: _____

Law Offices of
de la VERGNE & McMURTRY
A Professional Corporation

Attorneys for Plaintiffs DONECKER

By: _____
       James V. de la Vergne

---

**COMPLAINT FOR DAMAGES**

DONECKER v. WESCOTT AND SINGAL
D:\KJFLODM\Donecker Pleading\Complaint KJF 01.16.wpd - January 16, 2012 (5:04pm)
Exhibit 1 - Donecker Complaint Against Wescott 1/16/2012    T-59 of 60

# DONECKER vs WESCOTT and SINGAL, et al

## EXHIBIT LIST

**Description**                                                                                              **Exhibit Number**

Carl Wescott Balance Sheet (May 14, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
Promissory Note (July 1, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Schwab Money Transfer Confirmation of $250,000. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Email Exchange re Healdsburg Property. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Email exchange for the period July 15, 2008 through August 7, 2008 . . . . . . . . . . . . . . . . 5
     Deed of Trust Attachment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.1
Term Sheet: Lincoln Oaks Estates. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     Schwab Money Transfer Confirmation for Lincoln Oaks Estates. . . . . . . . . . . . . . . . 6.1
Term Sheet: Livingston Retail . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     Schwab Money Transfer Confirmation for Livingston Retail. . . . . . . . . . . . . . . . . . . 7.1
Term Sheet: September 29, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
     Schwab Money Transfer Confirmation for September 29, 2008 Term Sheet. . . . . . . . 8.1
Term Sheet Agreement: December 31, 2008. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Note and Caption: Lonsdale vs. Wescott, San Francisco County. . . . . . . . . . . . . . . . . . . . . 10
Note and Caption: Kirk vs. Wescott, San Francisco County. . . . . . . . . . . . . . . . . . . . . . . . . 11
Note and Caption: Fiechter vs. Wescott, San Francisco County. . . . . . . . . . . . . . . . . . . . . . 12
Caption: Dequine & Associates vs Wescott. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

---

**COMPLAINT FOR DAMAGES**

DONECKER vs. WESCOTT AND SINGAL

D:\KJFLODM\Donecker Pleading\Complaint KJF.01.16.wpd     January 16, 2012 (5:04pm)     T-60 of 60

Case: 12-03148     Doc# 29-45     Filed: 07/03/13     Entered: 07/03/13 23:04:26     Page 60

Page 60

Exhibit 1 - Donecker Complaint against Wescott 1/16/2012     of 60