Exhibit A

1  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY, SBN 83684
2  JEAN BARNIER, SBN 231683
   645 First St. West, Suite D
3  Sonoma, California 95476
   Telephone: (707) 935-3205
4  Email:    jbarnier@macbarlaw.com

5  Attorneys for Plaintiff,
   JANINA M. HOSKINS

6

7                UNITED STATES BANKRUPTCY COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9

10 In re                          ) Case No. 12-30143 DM
                                  )
11 CARL ALEXANDER WESCOTT AND     ) (Chapter 7)
   MONETTE ROSEMARIE STEPHENS,    )
                                  ) A.P. No.
12                                )
                                  )
13          Debtors.              ) **COMPLAINT OBJECTING TO**
                                  ) **DISCHARGE**
14 ───────────────────────────────)
                                  )
15 JANINA M. HOSKINS, TRUSTEE IN  )
   BANKRUPTCY OF THE ESTATE OF    )
16 CARL ALEXANDER WESCOTT and     )
   MONETTE ROSEMARIE STEPHENS,    )
17                                )
           Plaintiff,             )
18                                )
           v.                     )
19                                )
   CARL ALEXANDER WESCOTT and     )
20 MONETTE ROSEMARIE STEPHENS,    )
                                  )
           Defendants.            )
21                                )
                                  )
22                                )
                                  )
23                                )
                                  )
24 ───────────────────────────────)

25 /

26 /

1     Plaintiff Janina M. Elder, Trustee in Bankruptcy of the Estate of Carl Alexander Wescott

2  and Monette Rosemarie Stephens alleges:

3                          <u>JURISDICTION AND VENUE</u>

4     1.     On January 17, 2012, Debtors Carl Alexander Wescott and Monette Rosemarie

5  Stephens filed their joint Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code

6  in the above-entitled Court.  Thereafter, Janina M. Hoskins was duly appointed as Chapter 7

7  Trustee in Bankruptcy therein.

8     2.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

9  §§ 157, 1334 and 11 U.S.C. § 727.  This matter is a "core proceeding" as defined by 28 U.S.C. §

10  157(b)(2)(J).  Alternatively, Plaintiff consents to final judgment of the Bankruptcy Court

11  pursuant to the provision of 28 U.S.C. § 157(c)(2).  Venue is proper here pursuant to the

12  provisions of 28 U.S.C. § 1409.

13

14                          <u>GENERAL ALLEGATIONS</u>

15     3.     Commencing no later than 2005, the Debtors engaged in the business of

16  promoting and syndicating various speculative, high-risk, and fraudulent real estate investment

17  schemes.  These included extensive highly leveraged land holdings in areas of the North Coast

18  region of California -and flawed land development schemes in Uruguay, Honduras, and Ecuador.

19     4.     Virtually all of these investment schemes collapsed, leaving unpaid creditors

20  holding claims against the Debtors in excess of $27 million according to the filed proofs of

21  claim.

22     5.     Plaintiff alleges that the Debtors used a substantial portion of the investor

23  proceeds they raised to make personal investments and maintain a lavish personal lifestyle,

24  including purchases of premium sports tickets, luxury travel, expensive jewelry, and artwork, all

25  of which has allegedly disappeared.

26  /

1      6.    The Debtors' credit card charges averaged at least $10,000 per month. Debtors

2 testified that they had received approximately $1million in 2010 and 2011. According to their

3 Amended Schedule J their monthly expenses were $7,600.00 a month for 2010 and 2011 which

4 totals $182,400.00 for 2010 and 2011. The Debtors were unable to explain where the remaining

5 $700,00.00 was spent in 2010 and 2011. In addition, the Debtors testified that they borrowed

6 $500,000.00 in May of 2011 and could not explain where the funds had gone.

7      7.    Plaintiff alleges that the Debtors withdrew $299,949.00 between April 13, 2011

8 and April 22, 2011 from Pook Snook Dook LP, a fraudulent "asset protection" entity they

9 previously established. No accounting for these funds has been provided.

10      8.    Plaintiff alleges that Wescott testified he was paid $800,000.00 in 2010 by Jeremy

11 Smith for a second deed of trust on 7950 Hearst Road, Willits, CA. Plaintiff alleges that there

12 were no deposits of $800,000.00 into any of Wescott/Stephens accounts from a loan payoff.

13      9.    Plaintiff alleges that no later than the year 2008, it became apparent to the

14 Debtors that the likely value of their assets was greatly exceeded by the expected amount of their

15 liabilities, and that they would be subject to numerous legitimate 7 and 8 figure claims from

16 defrauded investors and other bona fide creditors.

17      10.    Plaintiff alleges that Wescott and Stephens executed a transmutation agreement in

18 June of 2010 whereby Wescott received all the properties in Latin America which are valued at

19 several million dollars and Stephens received all the properties in California which were

20 worthless.

21      11.    Plaintiff alleges that the Debtors routinely transferred monies between their

22 personal accounts and numerous corporations, LLCs and S.A.s for no consideration. Plaintiff

23 further alleges that the Debtors wired monies out of their personal accounts and corporations,

24 LLCs and S.A.s to Latin America.

25 /

26 /

(Objection to Discharge – 11 U.S.C. Section 727(a)(2)(A))

12.     Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 11, inclusive.

13.     On or about April 11, 2011, a date within one year before the petition date, the Debtors voluntarily transferred various valuable assets from an established trust to Ivy League Charter, LLC, a Nevada corporation which they established in April of 2011.  The Debtors were the trustees of the Pook Snook Dook Trust Limited Partnership,  allegedly a trust for the benefit of their three children in June of 2010.  The Debtors acted to conceal their beneficial interest by amending the certificate of limited partnership of Pook Snook Dook LP to name a shell Nevada limited liability company, Ivy League Charter, LLC as the new general partner and the Pook Snook Dook Trust as the 97% limited partner.  On April 13 through April 22, 2011, the Debtor withdrew $299,949.00 from Ivy League Charter LLC.  The Debtors cannot account for the monies.

14.     On April 18, 2011, the Debtors wired $8,500.00 to Ogier, Inc.,  an offshore law firm that provides fraudulent "asset protection", legal and fiduciary services in the Cayman Islands, according to its website.  The Debtors had already sent Ogier $7,500.00 on January 14, 2011.  The Debtors did not list these payments to Ogier on their Statement of Financial Affairs.

15.     On January 26, February 17, February 22 and February 24 of 2011, the Debtors wired a total of $230,200.00 to International Aircraft Title & Escrow in Oklahoma City, Oklahoma.  International Aircraft Title & Escrow offers aviation title services, domestically and internationally, according to its website.  The Debtors did not list any aircraft on their Schedules.

16.     The Debtors made these transfers with the actual intent to hinder, delay or defraud creditors.

WHEREFORE, Plaintiff prays for judgment as set forth below.

/

## SECOND CLAIM FOR RELIEF
(Objection to Discharge – 11 U.S.C. Section 727(a)(2)(B))

17.     Plaintiff realleges and incorporate the allegations contained in Paragraphs through 16, inclusive.

18.     At their meeting of creditors, The Debtors testified under oath, that neither of them are employed and neither have been employed for several years.  The Debtors further testified under oath that they had no source of income in 2012.  This testimony is false.

19.     Atlas Consulting, Inc. is a corporation wholly owned by Stephens.  Its only asset is a single family home in Santa Barbara, California whose first and second mortgages outweigh the value of home.  Stephens owned the home as her separate property before marriage to Wescott and transferred title of the Santa Barbara home to Atlas Consulting in June of 2010.

20.     On March 1, 2012 and March 2, 2012, Wescott transferred $5,570.00 from his personal Wells Fargo account to Atlas Consulting, Inc.  Between April 17, 2012 and June 2012, the Debtors deposited $54,307.00 into the Atlas Consulting checking account.  The Debtors spent $58,420.00 from this account.

21.     On March 27, 2012, an Order granting the Motion for Relief from Stay was granted as to HSBC Bank USA as holder of the first on 853 Ashbury St., San Francisco, CA, the home of the Debtors.

22.     On June 1, 2012, the Debtors, without court authority, executed and recorded a Grand Deed for 853 Ashbury St., San Francisco, CA purportedly transferring their interest in their home.  The Debtors claimed the new buyers were Alma Rojas and the Ellador Ramirez Revocable Trust and the Carls Wescott Revocable Trust which named Wescott and Stephens as Trustees.  The Debtors paid Team Fecteau, Inc. a California corporation, whose motto on its website is "We Short the Bank, Not the Homeowner" to facilitate the transaction.

23.     Despite having no earnings or income, Atlas Consulting recorded $44,200.00 in deposits between January 18, 2012 and May 31, 2102.

24. On March 27, April 17 and April 18 of 2012, the Debtors caused Atlas Consulting to wire out a total of $12,657.00 to bank accounts at Banco Pichincha, Banco Internacional, and Banco De Guayaquil. All of these banks are located in Ecuador.

25. On May 24, 2012, the Debtors caused Atlas Consulting to pay $1,750.00 for tickets for a Broadway show at the Curran Theater in San Francisco.

26. The Debtors made these post-petition transfers with the actual intent to hinder, delay or defraud creditors and officers of the estate.

WHEREFORE, Plaintiff prays for judgment as set forth below.


THIRD CLAIM FOR RELIEF
(Objection to Discharge – 11 U.S.C. Section 727(a)(3))

27. Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 26, inclusive.

28. The Debtors have failed to produce documents regarding their numerous business holdings despite repeated demands by the Trustee and Court orders to do so. Specifically, the Debtors have failed to produce financials records for their various corporations, LLCs and S.A.s. On September 6, 2012, the Trustee's counsel, pursuant to a Court order, reviewed records at the Debtors' home. There were no records for any entities for 2011. However, there were records for some of the Debtors' business entities for 2008 and 2009. There were large gaps of files missing and Wescott's portion of the Debtors' home office was in disarray.

29. The Debtors testified that there were 150 boxes of documents in various locations including Ecuador. Despite traveling to Ecuador on numerous occasions, Wescott has not produced any documents from Ecuador despite a Court order.

30. On July 13, 2012, this Court issued an Order for 2004 Examination of the Debtors' records. The Trustee requested the Order after the Debtors filed Amended Schedules on July 10, 2012 and this was the second 2004 Order for Examination of the Debtors. On

August 8, 2012, Wescott filed a Motion to Quash. The Motion was denied and the Debtors were ordered to turnover documents pursuant to the July 13, 2012 Court order and the Order Compelling Turnover of Documents issued on June 17, 2012.

31.     The Debtors' counsel, Ms. Gropper Nelson, informed the Trustee's counsel and this Court that she had three boxes of documents in her office pertaining to the 2004 Orders.

32.     After August 26, 2012 when the Court entered its Order denying Wescott's Motion to Quash, Ms. Gropper Nelson allegedly turned over the boxes of documents in her office to a service at the request of the Debtors. The Debtors never turned over the documents.

33.     The Debtors concealed or failed to preserve any recorded information which the Debtors' financial condition or business transactions might be ascertained for 2010 and 2011.

WHEREFORE, Plaintiff prays for judgment as set forth below.

<u>FOURTH CLAIM FOR RELIEF</u>
(Objection to Discharge – 11 U.S.C. Section 727(a)(4)(A)

34.     Plaintiff realleges and incorporate the allegations contained in Paragraphs 1 through 33, inclusive.

35.     On March 21, 2012, the Debtors were asked about a diamond ring owned by Stephens at the 341 hearing. Wescott testified under oath that he had paid $100,000.00 for the ring. Stephens falsely testified that she had lost the ring while swimming. She also falsely testified that they had recently changed insurance companies and did not realize that her $100,000.00 diamond was not insured.

36.     Wescott falsely testified that he had no bank accounts outside the United States. However, there are numerous wires to banks in Ecuador, Honduras and Panama including wires to foreign bank accounts post-petition.

37.     The Debtors could not account for the $1 million they received in 2011 and could only account for the expenses listed on Schedule I. However, the Debtors had routinely wired

Case 12-00143    Doc# 24-1    Filed: 08/13/13    Entered: 08/13/13 16:53:44    Page 8 of 10

1    monies out of the country during 2011 according to bank records the Trustee subpoenaed.

2        38.    The Debtors Schedules and Statement of Affairs are false and inaccurate.  After

3    amending their schedules for the third time, the Debtors failed to list all of the corporations,

4    LLCs and S.A.s they control.  The Debtors listed real property as property of the estate that

5    belongs to one of their LLCs.  The Debtors claimed payments on a vehicle that is owned by a

6    LLC.  The Debtors failed to list the payments to Ogier, Inc. a law firm on their Statement of

7    Financial Affairs.  The Debtors failed to list bank accounts that they controlled as the managing

8    member of various corporations, LLCs and S.A.s.

9        39.    The Debtors made knowingly false oaths and false accounts.

10        WHEREFORE, Plaintiff prays for judgment as set forth below.

11

12                    FIFTH CLAIM FOR RELIEF
                (Objection to Discharge – 11 U.S.C. Section 727(a)(4)(D))

13

14        40.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1

15    through 39.

16        41.    After this Court denied Wescott's Motion to Quash, Ms. Gropper Nelson turned

17    over three boxes of documents in her possession, pursuant to a 2004 Examination Order, to a

18    service, allegedly, per a request made by the Debtors.

19        42.    Despite the Court order denying the Motion to Quash, the Debtors have  failed to

20    turnover the boxes of documents in their possession pursuant to the 2004 Examination Orders

21    issued on June 17, 2012 and July 13, 2012.

22        43.    The Debtors intentionally withheld from the Trustee documents relating to the

23    Debtors' property or financial affairs.

24            WHEREFORE, Plaintiff prays for judgment as set forth below.

25    /

26    /

8039.COMPLAINT.OBJ.DISCHARGE                                          PAGE 8

**SIXTH CLAIM FOR RELIEF**
(Objection to Discharge – 11 U.S.C. Section 727(a)(5))

44.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 43, inclusive.

45.     Despite testifying at three continued First Meeting of Creditors, the Debtors are unable to account for $700,000.00 of the $1 million they received in 2010 and 2011.

46.     The Debtors cannot account for $800,000.00 that was paid to them on a second deed of trust and there are no deposits into any of their accounts for a payment of $800,000.00, the amount Wescott testified he received from the payoff of a second deed of trust.

47.     The debtors have failed to explain satisfactorily the loss of assets to meet their liabilities.

WHEREFORE, Plaintiff prays for judgment as set forth below.


**SEVENTH CLAIM FOR RELIEF**
(Objection to Discharge – 11 U.S.C. Section 727(a)(6)(A))

48.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 47, inclusive.

49.     On June 17, 2012, this Court issued an Order Compelling Turnover of Documents.  Despite having documents in their possession, the Debtors have refused to turnover documents pertaining to the various corporations, LLCs and S.A.s they control.  While the Debtors turned over some documents for 2008 and 2009, the Debtors have failed to provide documents pursuant to the Order Compelling Turnover.

50.     The Debtors refused to obey the lawful orders of this Court.

/

/

/

/

8039.COMPLAINT.OBJ.DISCHARGE

1    WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

2    1.    For an order denying the Debtors' general discharge under Bankruptcy Code

3    Section 727;

4    2.    For  costs of suit; and

5    3.    For such other and further relief as the Court deems proper.

6

7    Dated: October 15, 2012                    MACCONAGHY & BARNIER, PLC

8

9

10                                        /s/ Jean Barnier
                                          By: Jean Barnier
11                                        Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

8039.COMPLAINT.OBJ.DISCHARGE                                    PAGE 10

Case: 12-03148   Doc# 1   Filed: 10/15/12   Entered: 10/15/12 10:53:44   Page 10
                                    of 11
Case: 12-03148   Doc# 24-1   Filed: 08/14/13   Entered: 08/14/13 14:01:03   Page 11
                                    of 77

Exhibit B

1  Sheila Gropper Nelson, SBN 85031
   LAW OFFICE OF SHEILA GROPPER NELSON
2  55 Francisco St., Suite 600
   San Francisco, CA 94133
3  Telephone: (415) 362-2221
   Facsimile:  (415) 576-1422
4  Email: SheDoesBKLaw@aol.com
5  Attorney for Debtor Monette Stephens

6

7

8                  UNITED STATES BANKRUPTCY COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
                         (San Francisco Division)
10

11 In re
12 CARL ALEXANDER WESCOTT &              Case Number  12-30143
   MONETTE ROSEMARIE STEPHENS,           APN          12-03148
13 Debtors.

14 _____/     **ANSWER TO COMPLAINT**
15                                        **OBJECTING TO DISCHARGE**

16 JANINA M. HOSKINS, TRUSTEE IN
17 BANKRUPTCY OF THE ESTATE OF
   CARL ALEXANDER WESCOTT &
18 MONETTE ROSEMARIE STEPHENS,
   Plaintiff,
19
20 v.

21 CARL ALEXANDER WESCOTT &
   MONETTE ROSEMARIE STEPHENS,
22 Defendants.

23 _____/

24        Defendant Monette R. Stephens, debtor and defendant (hereafter "Ms. Stephens")

25 named herein above individually answers and responds to the complaint filed for and on

26 behalf of Plaintiff Janina M. Elder, Trustee in Bankruptcy of the Estate of Carl Alexander

27 Wescott and Monette Rosemarie Stephens as follows:

28 //

   Answer APN 12-30148/Case 12-30143                                        1

1.     Ms. Stephens admits that she signed a joint voluntary petition which was filed by her and her husband Carl Alexander Wescott on January 17, 2012.  Ms. Stephens admits that the Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 727 and that venue is proper in this district and except as so admitted defendant neither admits or denies the other matter as set forth in ¶¶ 1 and 2 of the complaint.

GENERAL ALLEGATIONS

2.     Ms.  Stephens denies the allegations contained in ¶ 3 identified as "general allegations" to wit that she engaged in any conduct to promote or syndicate any high risk business from 2005 through to the present date.  Ms. Stephens lacks information or knowledge sufficient to form a basis on which to admit or deny the allegations and legal conclusions of said paragraph alleging that said business(es) were speculative, high-risk, and fraudulent real estate investment schemes including extensive highly leveraged land holdings in areas of the North Coast region of California  and flawed land development schemes in Uruguay, Honduras, and Ecuador and on that basis denies said allegations and conclusions.

3.     Ms. Stephens lacks information or knowledge sufficient on which to form a basis to admit or deny the allegations and legal conclusions contained in ¶ 4 of the complaint that "virtually all of these investment schemes collapsed, leaving unpaid creditors holding claims against the Debtors in excess of $27 million according to the filed proofs of claim" and on that basis denies said allegations and conclusions. Ms. Stephens denies that all of said claims are against her.

4.     Ms. Stephens is informed and believes that ¶ 5 of the complaint contains legal conclusions and she lacks information or knowledge sufficient to form a belief as to the truth of the allegations and conclusions and on that basis denies same.

5.     Ms. Stephens lacks knowledge or information sufficient to form a belief as to the truth of the allegations and conclusions including but not limited to those made in the plural and on that basis denies same. Ms. Stephens did not personally borrow $500,000.00 in May,

1  2011 and on that basis denies said allegation.

2  6.      Ms. Stephens denies the allegations set forth in ¶ 7 of the complaint that the

3  POOK SNOOK DOOK LP (hereafter "PSD") was a "fraudulent asset protection entity". Ms.

4  Stephens lacks information or knowledge sufficient to form a basis on which to deny the

5  allegations relating to the withdrawal of funds, including but not limited to $299,949.00,

6  from PSD on either  April 13, 2011 and/or April 22, 2011 and on that basis denies said

7  allegation. Ms. Stephens is informed and believes that the paragraph contains legal

8  conclusions including but not limited to the undefined phrase that  "no accounting has been

9  provided" and she lacks information or knowledge sufficient to form a belief as to the truth

10  of the allegation and legal conclusion and on that basis denies said allegations and

11  conclusions in whole and in part.

12  7.      Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

13  truth of the allegation that Wescott testified he was paid $800,000.00 in 2010 by Jeremy

14  Smith for a second deed of trust on 7950 Hearst Road, Willits, CA as contained in ¶ 8 of the

15  complaint and on that basis denies said allegation. Ms. Stephens further lacks information or

16  knowledge sufficient to form a belief as to the truth of the allegations relating to deposits

17  of $800,000.00 into any Wescott/Stephens accounts from a loan payoff and on that basis

18  denies said allegation.

19  8.      Ms. Stephens lacks information or knowledge sufficient to form a belief relating to

20  the truth of the allegations and legal conclusions contained in ¶ 9 of the complaint including

21  but not limited to reference to "defrauded investors and bona fide creditors" and the

22  allegation as to what was allegedly apparent no later than the year 2008 to the Debtors. To

23  the extent that said allegations treat either assets and/or liabilities as conclusively plural

24  Ms. Stephens lacks information or knowledge sufficient to form a belief as to the legal

25  sufficiency of said allegations and legal conclusions and on that basis denies them.  Ms.

26  Stephens denies that she individually would be subject to 7 and 8 figure claims. Ms.

27  Stephens denies that there exist any "defrauded investors and bona fide creditors" as

28  against her personally or otherwise.

Answer APN 12-30148/Case 12-30143                                    3

9.     Ms. Stephens admits that she was advised to and did execute a document identified to her as a "transmutation agreement" in 2010.  Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegations and conclusion contained in ¶ 10 of the complaint relating to Wescott receiving all the properties in Latin America and/or that the properties in Latin America are valued at several million dollars and that the properties in California are worthless and on that basis denies said allegations.

10.     Ms. Stephens denies that she routinely transferred monies between her personal accounts and numerous corporations, LLCs and S A s and/or that she wired money out of her personal accounts and corporations, LLCs and S.A.s to Latin America as contained in ¶11 of the complaint.  Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation and legal conclusions contained in ¶ 11 of the complaint on that basis denies said allegations and conclusions, in whole and in part.

CLAIM OF RELIEF

Objection to Discharge – 11 U.S.C. Section 727(a)(2)(A)

11.     Ms. Stephen incorporates herein, as if set forth, each and all of her responses to ¶¶ 1 through 12 of the complaint, inclusive, as so admitted and denied and herein denies all said allegations not specifically admitted herein above.

12.     Ms. Stephen denies that she, was the "Debtor" alleged to have withdrawn $299,949.00 on April 13 through April 22, 2011 from Ivy League Charter LLC as set forth in ¶13 of the complaint.  Ms. Stephens is informed and believes that said paragraph contains legal conclusions and she lacks information or knowledge sufficient to form a belief as to the truth of the allegations and conclusions contained in said paragraph and on that basis denies each said allegation and conclusion, in whole and in part, except as so admitted herein above.

13.     Ms. Stephens denies the allegation contained in ¶14 of the Complaint and had no knowledge of nor had she ever heard of Ogier Inc. except for the reference set forth in the Trustee's complaint.  Ms. Stephens did not wire any money as alleged in ¶ 14 of the Complaint. Ms. Stephens is informed and believes that said paragraph contains legal

Answer APN 12-30148/Case 12-30143                                                                    4

Case: 12-03148    Doc# 74   Filed: 08/12/13   Entered: 08/12/13 16:53:47   Page 16 of 77

1  conclusion and she lacks information or knowledge sufficient to form a belief as to the truth

2  of the allegations and legal conclusions contained in ¶ 14 and on that basis denies said

3  allegations in whole and in part.

4  14.    Ms. Stephens denies the allegation contained in ¶ 15 of the Complaint and had no

5  knowledge of nor had she ever heard of International Aircraft Title & Escrow in Oklahoma

6  City, Oklahoma prior to receipt of the complaint. Ms. Stephens lacks information or

7  knowledge sufficient to form a belief as to the truth of the allegations and legal conclusions

8  contained in ¶ 15 and on that basis denies same.

9  15.    Ms. Stephens denies the allegations set forth in ¶ 16. Ms. Stephens is informed and

10  believes that said paragraph contains legal conclusions and she lacks information or

11  knowledge sufficient to form a belief as to the truth of the allegations and legal conclusions

12  contained in said paragraph and on that basis denies said allegations in whole and in part.

13  SECOND CLAIM FOR RELIEF

14  (Objection to Discharge – 11 U.S.C. Section 727(a)(2)(B))

15  16.    Ms. Stephen incorporates herein, as if set forth, each and all of her responses

16  to ¶¶ 1 through 17 of the complaint, inclusive, as so admitted and denied and herein denies

17  all said allegations not specifically admitted.

18  17.    Ms. Stephens admits that she testified that she does not now hold a W2 position.

19  Except as so admitted Ms. Stephen denies the allegations as contained in ¶ 18 as being

20  argumentative and a misstatement of her testimony. Ms. Stephens is informed and believes

21  that said paragraph contains legal conclusion and she lacks information or knowledge

22  sufficient to form a belief as to the truth of the allegations and legal conclusions and on that

23  basis denies said allegations and conclusions in whole and in part.

24  18.    Ms. Stephens admits that Atlas Consulting Inc is a corporation that is currently

25  wholly owned by herself and that it holds title to a property located in Santa Barbara which

26  Ms. Stephens had purchased as her separate property before marriage to Wescott. Ms.

27  Stephens admits that title to the property was transferred to the corporation in 2010 though

28  the mortgage debt against the property was not changed to reflect the change in title. Ms.

Answer APN 12-30148/Case 12-30143                                                                    5

Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation(s) and legal conclusions contained in said ¶19 and on that basis denies any allegation not specifically here admitted.

19.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegations and legal conclusions contained in ¶ 20 including but not limited to that Wescott transferred $5,570.00 from his personal Wells Fargo account to Atlas Consulting Inc. and on that basis denies said allegations and conclusions.

20.     Ms. Stephens admits that a motion for relief from stay was granted to HSBC Bank USA. as alleged in ¶ 21.

21.     Ms. Stephens admits that in reliance upon the Trustee's abandonment of the estate's interest in the property, pursuant to the order entered by the Court on April 3, 2012, (document number 51)  that she was informed and believed that the property had re-vested in the debtors. Ms. Stephens admits that action, if any, taken in relationship to said property, occurred after the Trustee's abandonment of the property and the entry of the Court's order granting the Trustee's Motion to Abandon the estate's interest in the Ashbury property. Except as so admitted Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation(s), argument and conclusions contained in ¶ 22 of the complaint and on that basis denies each not specifically here admitted.

22.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation(s), argument and conclusions contained in ¶ 23 of the complaint and on that basis denies each not specifically here admitted.

23.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation(s), argument and conclusions contained in ¶ 24 of the complaint and on that basis denies each not specifically here admitted.

24.     Ms. Stephens denies that she personally caused Atlas Consulting to pay $1,750.00 for tickets for a Broadway show at the Curran Theater in San Francisco on May 24, 2012.

25.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation(s), argument and conclusions contained in ¶ 26 of the complaint and

Answer APN 12-30148/Case 12-30143

6

on that basis denies each not specifically here admitted.

THIRD CLAIM FOR RELIEF

(Objection to Discharge – 11 U.S.C. Section 727(a)(3))

26.     Ms. Stephen incorporates herein, as if set forth, each and all of her responses to ¶¶ 1 through 27 of the complaint, inclusive, as so admitted and denied and herein denies all said allegations not specifically admitted.

27.     Ms. Stephens denies, in its entirety, the allegations contained in ¶ 28 of the complaint alleging that she has not produced  documents regarding alleged numerous business holdings.  Ms. Stephens does not have "numerous business holdings".  Ms. Stephens has produced substantial and significant documents under her possession and control through prior counsel and in connection with a production which occurred on or about September 5, 2012, prior to the filing of the instant complaint, relating to her business interests including but not limited to Atlas and Newforth.  Further Ms. Stephens witnessed the attorney for Trustee taking other materials which were identified as belonging to Carl Wescott on September 5, 2012 which have never been identified or categorized by the Trustee or the Trustee's counsel.  As such Ms. Stephens lacks personal knowledge or information sufficient to admit or deny the allegation as it might pertain to said materials and on that basis denies said allegations except as specifically admitted herein above. Ms. Stephens further denies the characterization made by Trustee as to "Debtors' business entities" as Ms. Stephens only has her identified interest in Atlas Consulting Inc. and a prior relationship to Newforth Partners  as having existing at the time that the petition was filed. Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation(s) and conclusions contained in ¶ 28 of the complaint, except as stated herein, and on that basis denies said allegations and conclusions.

28.     Ms. Stephens denies that she testified that there were 150 boxes of documents at various locations to and including Ecuador as set forth in ¶ 29 of the complaint.  Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of the allegation(s) and conclusions contained in ¶ 29 of the complaint and on that basis denies

1  said allegations and conclusions in whole and in part.

2  29.    Ms. Stephens is informed and believes that portions of the Motion to Quash were

3  granted by the Court, such that the allegations contained in ¶ 30 of the complaint are not

4  accurate, and she lacks information or knowledge sufficient to form a belief as to the truth

5  of the allegation(s) and conclusions contained in ¶ 30 of the complaint and on that basis

6  denies each said allegation and/or conclusion in whole and in part.

7  30.    Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

8  truth of the allegations contained in ¶ 31 of the complaint and on that basis denies said

9  allegations.

10  31.    Ms.  Stephens lacks information or knowledge sufficient to form a belief as to the

11  truth of the allegations contained in ¶ 32 of the complaint and on that basis denies said

12  allegations.

13  32.    Ms. Stephens denies the allegations contained in ¶ 33 of the complaint. She has

14  turned over all of the documents responsive to each of the Trustee's document demands

15  which were in her personal possession and control. Except as so admitted and/or denied Ms.

16  Stephens lacks information or knowledge sufficient to form a belief as to the truth of the

17  allegations contained in ¶ 33 of the complaint and on that basis denies said allegations.

18  <u>FOURTH CLAIM FOR RELIEF</u>

19  <u>(Objection to Discharge – 11 U.S.C. Section 727(a)(4)(A))</u>

20  33.    Ms. Stephen incorporates herein, as if set forth, each and all of her responses to

21  ¶¶ 1 through 34 of the complaint, inclusive, as so admitted and denied and herein denies all

22  said allegations not specifically admitted.

23  34.    Ms. Stephens denies the allegations contained in ¶ 35 of the complaint that she

24  falsely testified that she had lost the wedding ring while swimming and that she did not

25  know that the ring was not insured.   Ms. Stephens did loose her wedding ring while

26  swimming and testified honestly thereto.  Ms. Stephens lacks personal knowledge sufficient

27  to admit or deny that the ring was either purchased for and/or worth $100,000.00 and on

28  that basis denies same. Ms. Stephens lacks information or knowledge sufficient to form a

Answer APN 12-30148/Case 12-30143                                                8

1  belief as to the truth of the allegations, argument and conclusions contained in ¶ 35 of the

2  complaint and on that basis denies same.

3  35.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

4  truth of the allegations contained in ¶ 36 of the complaint relating to personal testimony by

5  Wescott and on that basis neither admits or denies said allegations.  Ms. Stephens is

6  informed and believes that the schedules, as amended in June and July, 2012 identified

7  bank accounts outside of the United States. She lacks information or knowledge sufficient to

8  form a belief as to the truth of the allegations and conclusions as contained in ¶ 36 of the

9  complaint and on that basis denies said allegations in whole and in part.

10  36.     Ms. Stephens denies that she routinely wired monies out of the country during 2011.

11  Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth of

12  the allegations and legal conclusions contained in ¶ 37 of the complaint and on that basis

13  denies same.

14  37.     Ms. Stephens denies that the schedules and statement of financial affairs which she

15  signed are false and inaccurate. Except to that extent she can not identify business entities

16  belonging to others, to and including Carl Wescott, for which she has neither possession or

17  control  Ms. Stephens has no bank accounts controlled by her as a managing member of

18  various corporations LLC and S.A.s except as have been specifically identified by her in

19  response to the Trustee's inquiries.  Ms. Stephens has made no payments to Ogier Inc. and

20  has no personal knowledge of said entity prior to receipt of the Trustee's complaint.  Ms.

21  Stephens has identified that debtors are the responsible paying parties for the vehicle

22  leased by Atlas and that the loan against the property is owned by Atlas is still identified as

23  being as against Stephens.  Except as so admitted Ms. Stephens lacks information or

24  knowledge sufficient to form a belief as to the truth of the allegations and/or legal

25  conclusions contained in ¶ 38 of the complaint and on that basis denies all of the allegations

26  and conclusions set forth in ¶ 38 of the complaint.

27  38.     Ms. Stephens denies that she made a knowingly false oath and/or account and denies

28  all such allegations contained in ¶ 39 of the complaint. Ms. Stephens is informed and

Answer APN 12-30148/Case 12-30143

9

1  believes that said paragraph contains legal conclusions and she lacks information or

2  knowledge sufficient to form a belief as to the truth of said allegations and conclusions and

3  on that basis denies same in whole and in part.

4  <u>FIFTH CLAIM FOR RELIEF</u>

5  <u>(Objection to Discharge – 11 U.S.C. Section 727(a)(4)(D))</u>

6  39.     Ms. Stephen incorporates herein, as if set forth, each and all of her responses to

7  ¶¶ 1 through 40 of the complaint, inclusive, as so admitted and denied and herein denies all

8  said allegations not specifically admitted.

9  40.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

10 truth of the allegations contained in ¶ 41 and on that basis denies same.

11 41.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

12 truth of the allegations contained in ¶ 42 and on that basis denies same and further she has

13 turned over all of the documents responsive to each of the Trustee's document demands

14 which were and are in her personal possession and control.

15 42.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

16 truth of the allegations and legal conclusions contained in ¶ 43 and on that basis denies

17 same and further she has turned over all of the documents responsive to each of the

18 Trustee's document demands which were and are in her personal possession and control.

19 <u>SIXTH CLAIM FOR RELIEF</u>

20 <u>(Objection to Discharge – 11 U.S.C. Section 727(a)(5))</u>

21 43.     Ms. Stephen incorporates herein, as if set forth, each and all of her responses to ¶¶ 1

22 through 44 of the complaint, inclusive, as so admitted and denied and herein denies all said

23 allegations not specifically admitted.

24 44.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the truth

25 of the allegations and legal conclusions contained in ¶ 45 and that it contains reference to

26 testimony as plural. Ms. Stephens did not testify as identified and on that basis denies said

27 allegations.

28 45.     Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

Case: 12-03148    Doc# 74    Filed: 08/12/13    Entered: 08/12/13 20:53:44    Page 22 of 77

truth of the allegations and legal conclusions contained in ¶ 46 and that it further identifies

testimony given by Wescott and on that basis denies said allegations.

46.    Ms. Stephens lacks information or knowledge sufficient to form a belief as to the

truth of the allegations and legal conclusions contained in ¶ 47 of the complaint as it relates

to allegations contained in paragraphs identifying testimony given by Wescott and on that

basis denies said allegations.

SEVENTH CLAIM FOR RELIEF

(Objection to Discharge – 11 U.S.C. Section 727(a)(6)(A))

47.    Ms. Stephen incorporates herein, as if set forth, each and all of her responses to

¶¶ 1 through 48 of the complaint, inclusive, as so admitted and denied and herein denies all

said allegations not specifically admitted.

48.    Ms. Stephens denies the allegations contained in ¶ 49 of the Complaint as she has

turned over all of the documents responsive to each of the Trustee's document demands

which documents were and are in her personal possession and control and she has neither

possession or control over any LLC, corporation and /or S.A. except as she has identified to

wit, Atlas and Newforth.

49.    Ms. Stephens denies the allegations contained in ¶ 50 of the Complaint as she has

complied with all relevant court orders and has turned over all of the documents responsive

to each of the Trustee's document demands which were and are in her personal possession

and control and she has neither possession or control over any LLC corporation and /or S.A.

except as she has identified to wit, Atlas and Newforth.

FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense Ms. Stephens alleges that the Complaint and each of

the causes of actions set forth therein fail to state a claim for relief against this individual

defendant.

SECOND AFFIRMATIVE DEFENSE

As a second  affirmative defense defendant Stephens alleges that the Complaint and

each of the causes of actions set forth therein are the direct and proximate result of

Case 12-03148   Doc#74   Filed 09/12/13   Entered 09/12/13 06:53:44   Page 23 of 77

conduct by persons other than herself who are solely responsible or responsible with others

for alleged damage, if any there be.

THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense defendant Stephens alleges that any omission alleged

by the complaint, if any there be, was not material to warrant denial of discharge as a

matter of law as the alleged omissions or misstatements did not objectively relate to any

asset having more than a deminimus value to the estate and that there was no material

failure by her sufficient to deny her discharge.

FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense defendant Stephens alleges that the complaint as

drafted contains matter intending to be statements of law and that she is not required to

plead to such statements of law.

WHEREFORE, Defendant requests that this Court deny Plaintiff's requests for relief,

dismiss this action as against her personally, that she be granted a discharge, and that the

Court grant any and all additional relief deemed appropriate.

Dated:   November 19, 2012                    Law Office of Sheila Gropper Nelson

By:        /s/ Sheila Gropper Nelson
Sheila Gropper Nelson
Attorney for Monette Stephens

Answer APN 12-30148/Case 12-30143

12

Exhibit C

**Entered on Docket**
**December 31, 2012**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: December 28, 2012**



1

2

3

4

5
_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
6

7                 UNITED STATES BANKRUPTCY COURT

8                 NORTHERN DISTRICT OF CALIFORNIA

9   In re                              )  Bankruptcy Case
                                       )  No. 12-30143DM
10  CARL ALEXANDER WESCOTT and         )
    MONETTE ROSEMARIE STEPHENS,        )  Chapter 7
11                                     )
                         Debtors.      )
12  _____  )
    JANINA M. HOSKINS, TRUSTE IN       )  Adversary Proceeding
13  BANKRUPTCY OF THE ESTATE OF        )  No. 12-3148DM
    CARL ALEXANDER WESCOTT and         )
14  MONETTE ROSEMARIE STEPHENS,        )
                                       )
15                       Plaintiff,    )
                                       )
16  v.                                 )
                                       )
17  CARL ALEXANDER WESCOTT and         )
    MONETTE ROSEMARIE STEPHENS,        )
18                                     )
                         Defendants.   )
19  _____  )

20                   SCHEDULING ORDER FOR:

21

    [X] TRIAL IN ADVERSARY PROCEEDING
22
    [ ] FINAL HEARING ON MOTION FOR RELIEF FROM STAY
23
    [ ] TRIAL ON OBJECTIONS TO CLAIM
24
    [ ] HEARING ON OBJECTIONS TO CONFIRMATION OF CHAPTER ___ PLAN
25
    [ ] OTHER:
26

    Trial Scheduling Order
    Revised July, 2011

```
 1    [X] A Status Conference in this adversary proceeding
      [ ] A preliminary hearing on this motion for relief from stay
 2    [ ] A hearing regarding objections to claim
      [ ] A prehearing conference regarding objections to
 3        confirmation of plan
      [ ] Other: _____
 4
was held on December 28, 2012.
 5
Appearances were as follows:
 6
 7    [X] For plaintiff Janina M. Hoskins, Trustee in Bankruptcy of
the Estate of Carl Alexander Wescott and Monette Rosemarie
 8  Stephens ("Plaintiff"),

 9                 Jean Barnier, Esq. _____;

10    [X] For defendant Carl Alexander Wescott_____ ("Defendant"),

11               Howard L. Hibbard, Esq. _____;

12    [X] For defendant Monette Rosemarie Stephens___ ("Defendant"),

13             Sheila Gropper Nelson, Esq. _____;

14    [ ] For Debtor(s): _____;

15    [ ] For Moving Party: _____

16                 _____;

17    [ ] For Trustee:_____;

18    [ ] For Creditor: _____ ("Creditor"),

19                 _____;

20    [ ] For United States Trustee: _____;

21    [ ] Other(s): _____

22                 _____.

23    Upon due consideration, the court hereby enters the following

24  scheduling order.

25    TRIAL.  The trial or hearing ("Trial") on the above matter(s)

26  will commence on the Date and Time of Trial, set forth below, at
Trial Scheduling Order
Revised July, 2011              -2-
```

the United States Bankruptcy Court, 235 Pine Street, Twenty-Second
Floor, San Francisco, CA 94104. The Time Reserved for Trial is
also shown below. During the week prior to the Trial, the court
may move the starting time or day. The court's Calendar
Clerk/Courtroom Deputy will advise the parties of any such change
by telephone. **All parties are cautioned to be prepared to adjust
their schedules accordingly.**

**MOTIONS.** Unless otherwise ordered, (a) motions to join other
parties and to amend the pleadings must be filed not later than **30**
days after entry of this scheduling order and (b) motions for
summary judgment must be heard no later than **30** calendar days
before the Date and Time of Trial.

**DISCOVERY.** Discovery shall be completed by the Discovery
Deadline shown below. Completion means that depositions must be
concluded, although not necessarily transcribed. As to written
and production discovery, responses must be due before the
Discovery Deadline. The court will attempt to resolve all
discovery disputes on an expedited basis via telephonic
conference, which any party may initiate by request to the court's
Calendar Clerk/Courtroom Deputy and notice to the other party
after they have met and conferred and made a good faith effort to
resolve the dispute. The party requesting the conference should
submit a brief letter explaining the issues to be presented.

The Discovery Deadline may be extended by the parties by
agreement, without an order of the court.

**EVIDENCE.** On motions for relief from stay, testimonial

Trial Scheduling Order
Revised July, 2011            -3-

evidence at the Trial must be presented by written declaration(s) or deposition excerpt(s), unless the court by order allows oral testimony.  B.L.R. 4001-1(e).  Any motion for permission to introduce any oral testimony (including by cross-examination of the other party's declarant(s) or deponent(s)) shall be filed and served (with chambers copies provided) no later than **14** calendar days before the Date and Time of Trial and shall include the names of the witnesses, the subject of their expected testimony, and, where applicable, a statement of the reasons why the testimony cannot properly be introduced by declaration(s) or deposition excerpt(s).  Any opposition shall be filed and served (with chambers copies provided) no later than **10** calendar days before the Date and Time of Trial.  The court will rule on the motion without a hearing.  No such motion is required for cross-examination or redirect examination of expert witnesses.

Except on motions for relief from stay, declarations of non-expert witnesses will not be considered except by stipulation of the parties.

**PRE-TRIAL SUBMISSIONS.**  Not later than **7** calendar days before the Date and Time of Trial, each party shall:

(a)  File and serve a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies.  Briefs shall not exceed **15** pages without <u>prior</u> permission of the court.  The court will not normally request or permit post-trial briefs.

(b)  Except for motions for relief from stay, file and

Trial Scheduling Order
Revised July, 2011                -4-

serve a witness list, including a brief summary of the anticipated testimony from each witness. If a party to the matter will be called as a witness (even as an adverse witness) that party's name must be included on the witness list. The presence of a witness' name on the witness list is to alert the court and the other side that the witness <u>may</u> be called. It does not mean that that person <u>will</u> be called. Accordingly, each party is responsible for ensuring the attendance of <u>every witness</u> the party intends to call, whether or not named by the other side. Except in exceptional circumstances, and absent consent by the other side, a party will not be allowed to call a witness not named on that party's witness list. This subparagraph shall not apply to expert witnesses or their testimony.

(c)  On motions for relief from stay, file and serve (i) a notice identifying any declaration(s), deposition excerpt(s) or memoranda previously filed in connection with the preliminary hearing and (ii) any additional declarations the party wishes the court to consider.

(d)  File and serve a list of exhibits (other than those to be used for impeachment or rebuttal) and exchange, but not file, copies of all exhibits the party intends to introduce into evidence. Any paper(s) in the court's file of which a party intends the court to take judicial notice, or other facts that are proper for judicial notice under Fed. R. Evid. 201, must be reproduced and included as an exhibit(s). Copies of the declarations filed and served in accordance with this order shall

Trial Scheduling Order
Revised July, 2011                -5-

be marked as exhibits in the manner described herein.  All
exhibits are to be premarked for identification.

        In adversary proceedings, Plaintiff's exhibits should be
marked by number and defendant's exhibits should be marked by
letter.  On motions for relief from stay and other contested
matters initiated by motion, Moving Party's exhibits should be
marked by number and Respondent's, Debtor's or Trustee's exhibits
should be marked by letter.  On objections to claim(s) and
objections to confirmation of plans, Creditor's exhibits should be
marked by number and Debtor's or Trustee's exhibits should be
marked by letter.

        Each page of any exhibit that has more than one page is
to be numbered consecutively.  The parties shall bring to Trial
copies of all exhibits for opposing counsel, the witnesses and the
court, together with an exhibit list.  If a party has more that **10**
exhibits, the exhibits should be placed in a three-ring binder
with a tab for each exhibit and the exhibit list placed at the
front of the binder.

**EXPERTS.**   The presentation of expert testimony at Trial
shall be governed by the following:

        (a)  Direct evidence shall be presented by a declaration
that authenticates the report of the expert.  See FRCP
26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026.  Each party
shall file and serve declarations of experts and other documentary
evidence related thereto no later than **30** calendar days prior to
the Discovery Deadline; provided, however, on motions for relief

Trial Scheduling Order
Revised July, 2011          -6-

from stay, such declarations shall be filed and served no later than **14** calendar days prior to the Date and Time of Trial.

(b)   To cross-examine an opposing party's expert declarant, a party shall notify the opposing party in writing or by e-mail at least **3 court** days before the Date and Time of Trial, in which case the declarant will be required to attend the Trial. Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert.  Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse the opposing party no less than the expenses incurred in producing the expert at the Trial.

**PRE-TRIAL OBJECTIONS.**  Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS**, above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits.  Parties must meet and confer <u>before</u> Trial to attempt to reach agreement regarding admissibility.  The court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE.**  If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial.  Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph.  Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial.

Trial Scheduling Order
Revised July, 2011                -7-

1   Copies of motions and oppositions should be delivered or
2   faxed directly to Chambers.  Motions in limine will be heard at
3   the commencement of Trial.

4   **STIPULATIONS.**  At the commencement of Trial, the parties must
5   be prepared to stipulate into evidence all exhibits that are
6   admissible for at least one purpose.  Bona-fide objections may be
7   reserved, with the issue of admissibility deferred until the
8   exhibit is offered into evidence.

9   **ORDER OF PRESENTATION AT TRIAL**.  Unless otherwise agreed by
10  the parties or ordered by the court, Plaintiffs in adversary
11  proceedings, moving parties on motions for relief from stay, and
12  claimants on objections to claims will present their cases-in-
13  chief first.  On objections to confirmation of plans, debtors or
14  other plan proponents will present their cases-in-chief first.

15  **IMPEACHMENT AND REBUTTAL WITNESSES.**  The requirement of
16  advance identification of witnesses and production of exhibits
17  does not apply to witnesses and exhibits presented for purposes of
18  impeachment or rebuttal.[1]  This paragraph supercedes the expert
19  disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via
20  Fed. R. Bankr. P. 7026.

21  **NOTICE TO COURT.**  No later than the Monday of the week prior

22

---

23      [1] The proper function of rebuttal evidence is to contradict,
        impeach or defuse the impact of the evidence offered by an adverse
24  party.  Testimony offered only as additional support to an argument
        made in a case in chief is improper on rebuttal.  <u>Peals v Terre</u>
25  <u>Haute Police Dept.</u>, 535 F.3d 621, 630 (7th Cir. 2008); <u>see also Daly</u>
    <u>v. Far Eastern Shipping Co.</u>, 238 F.Supp.2d 1231, 1238 (W.D. Wash.
26  2003), <u>aff'd</u> 108 Fed. Appx. 476 (9th Cir. 2004).

Trial Scheduling Order
Revised July, 2011              -8-

1  to the Date and Time of Trial, counsel for:  Plaintiff (in an
2  adversary proceeding); Moving Party (on a motion for relief from
3  stay); and the Debtor or Trustee (on objections to claim or
4  objection to plan confirmation) **must** telephone or e-mail the
5  court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-
6  268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the
7  parties intend to go forward with the Trial as scheduled; if
8  settlement is likely; whether the time reserved for the Trial is
9  realistic; and any other relevant information.

10      **NON-COMPLIANCE.**  Any failure of a party to comply timely with
11  this scheduling order may result in judgment against such party,
12  removal of the Trial from calendar, exclusion of evidence or
13  imposition of monetary or non-monetary sanctions.  See FRCP
14  16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

15      **DATE AND TIME OF TRIAL**: **June 3, 2013, at 9:30 a.m.**
16      **TIME RESERVED FOR TRIAL**: **One Day**
17      **DISCOVERY DEADLINE**: **May 3, 2013**
18      **OTHER PROVISIONS: A status conference will be held on**
19  **February 22, 2013.**
20
21
22                          ***END OF ORDER***
23
24
25
26

Trial Scheduling Order
Revised July, 2011              -9-

COURT SERVICE LIST

Howard L. Hibbard, Esq.
Law Office of Howard L. Hibbard
251 Park Rd., Ste. 800
Burlingame, CA 94010

Trial Scheduling Order
Revised July, 2011                    -10-

Exhibit "D"

MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
GREGORY J. BABCOCK, SBN 260437
645 First St. West, Suite D
Sonoma, California 95476
Telephone:  (707) 935-3205
Email:       gbabcock@macbarlaw.com

Attorneys for Plaintiff,
Janina M. Hoskins, Trustee in Bankruptcy

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No.: 12-30143 DM |
| ) | |
| CARL ALEXANDER WESCOTT and ) | (Chapter 7) |
| MONETTE ROSEMARIE STEPHENS, ) | |
| ) | AP No. 12-3148 |
| Debtors. ) | |
| ) | |
| _____ ) | **NOTICE OF HEARING ON** |
| ) | **TRUSTEE'S MOTION FOR** |
| JANINA M. HOSKINS, Trustee in ) | **SUMMARY JUDGMENT OR** |
| Bankruptcy of the Estate of Carl Alexander ) | **SUMMARY ADJUDICATION OF** |
| Wescott and Monette Rosemarie Stephens, ) | **ISSUES** |
| ) | |
| Plaintiff, ) | |
| ) | Date: April 26, 2013 |
| v. ) | Time: 10:00 a.m. |
| ) | San Francisco Courtroom 22 - Montali |
| CARL ALEXANDER WESCOTT and ) | |
| MONETTE ROSEMARIE STEPHENS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

NOTICE IS HEREBY GIVEN THAT on **April 26, 2013 at 10:00 a.m.**, in the Courtroom

of the Hon. Dennis Montali, United States Bankruptcy Judge, 235 Pine St., 22rd Floor, San

Francisco, CA 94104, a hearing will be held on the *Motion for Summary Judgment or Summary*

*Adjudication of Issues*, of Janina M. Hoskins, Chapter 7 Trustee in Bankruptcy of the Estate of

Carl Alexander Wescott and Monette Rosemarie Stephens.

Dated: March 29, 2013

_____/s/ Gregory J. Babcock_____
Gregory J. Babcock
Attorneys for Plaintiff Janina M. Hoskins

## DECLARATION OF SERVICE BY MAIL

I am a citizen of the United States, over the age of 18 years and not a party to the within action. My business address is 645 First St. West, Suite D, Sonoma, California 95476.

I served true and correct copies of the

**NOTICE OF HEARING ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION OF ISSUES**

**TRUSTEE'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION OF ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF JEAN BARNIER IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION OF ISSUES**

by placing said copies in the United States Mail at Sonoma, California on the date shown below, and in a sealed envelope(s) with first-class postage prepaid, addressed to the person(s) below.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Sonoma, California on March 29, 2013.

_/s/ Shanley Mansour_
Shanley Mansour

Sheila Gropper Nelson
Law Offices of Sheila Gropper Nelson
55 Francisco St. 6th Fl.
San Francisco, CA 94133

Howard L. Hibbard
Law Offices of Howard L. Hibbard
251 Park Rd. #800
Burlingame, CA 94010

Carl Alexander Wescott
853 Ashbury Street
San Francisco, CA 94117

Monette Rosemarie Stephens
853 Ashbury Street
San Francisco, CA 94117

Exhibit "E"

1  MacCONAGHY & BARNIER, PLC
   JOHN H. MacCONAGHY, State Bar No. 83684
2  JEAN BARNIER, State Bar No.231683
   645 First Street West, Suite D
3  Sonoma, CA 95476
   Telephone:  (707) 935-3205
4  Email:  jbarnier@macbarlaw.com

Signed and Filed: May 2, 2013

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

5  Attorneys for Plaintiff,
   Janina M. Hoskins, Trustee in Bankruptcy

6

7

8          UNITED STATES BANKRUPTCY COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10 In re                                    )   Case No.: 12-30143 DM
                                            )   (Chapter 7)
11 CARL ALEXANDER WESCOTT and              )
   MONETTE ROSEMARIE STEPHENS,             )   AP No. 12-3148
12                                          )
                Debtors.                    )
13 ─────────────────────────────           )   **JUDGMENT DENYING DISCHARGE**
   JANINA M. HOSKINS, Trustee in           )   **OF DEBTORS**
14 Bankruptcy of the Estate of Carl Alexander )
   Wescott and Monette Rosemarie Stephens,  )
15                                          )
                Plaintiff,                  )
16                                          )
   v.                                       )
17                                          )
   CARL ALEXANDER WESCOTT and              )
18 MONETTE ROSEMARIE STEPHENS,             )
                                            )
19              Defendants.                 )

20        The Court having granted the Trustee's Motion for Summary Judgment to Deny

21 Discharge of the Debtors and good cause appearing:

22        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the discharge of Carl

23 Alexander Wescott and the discharge of Monette Rosemarie Stephens are denied pursuant to the

24 provisions of 11 U.S.C. § 727(a).

25                          **END OF ORDER**

26

27

28

1

2    APPROVED AS TO FORM:

3
     ___/s/ Sheila Gropper Nelson_____            Dated:  May 1, 2013
4    Sheila Gropper Nelson
     Attorney for Monette Rosemarie Stephens
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>COURT SERVICE LIST</u>
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8039.order.summary.judgment.wpd

3

Form BLK

# UNITED STATES BANKRUPTCY COURT
## Northern District of California

| In Re: Carl Alexander Wescott and Monette Rosemarie Stephens | Case No.: 12−30143 DM 7 |
|---|---|
| Debtor(s) | Chapter: 7 |

## NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST

Notice is hereby given that a Judgment Denying Discharge of Debtors was entered on May 2, 2013, in Adversary Proceeding No. 12−3148 DM.

It is ordered that the discharge of Carl Alexander Wescott and the discharge of Monette Rosmarie Stephens are denied pursuant to the provisions of 11 U.S.C, 727(a).

Dated: <u>5/3/13</u>

For the Court:

Gloria L. Franklin
Clerk of Court
United States Bankruptcy Court

Exhibit "F"

Sheila Gropper Nelson, S.B.N. 85031
Law Office of Sheila Gropper Nelson
55 Francisco St., Suite 600
San Francisco, CA 94133
Telephone:  (415) 362-2221
Facsimile:   (4150 576-1422
Email:        SheDoesBkLaw@aol.com
Attorney for Monette Rosemarie Stephens


IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

|  |  |
|---|---|
|  | Chapter 7 |
| In re: | Bankruptcy Case No. 12-30143 |
| Carl Alexander Wescott & | APN              12-03148 |
| Monette Rosemarie Stephens | Notice of Stephens' Motion to |
| Debtors/ | Vacate Entry of  Order Denying Stephens |
| JANINA M. HOSKINS, TRUSTEE IN | Discharge and to Vacate Summary Judgment |
| BANKRUPTCY OF THE ESTATE OF | Pursuant to FRCP Rule 59 as applicable hereto |
| CARL ALEXANDER WESCOTT & | Date:        June 28, 2013 |
| MONETTE ROSEMARIE STEPHENS, | Time:        10:00 a.m. |
| Plaintiff, | Dept.:       22nd Floor |
| v. |  |
| CARL ALEXANDER WESCOTT & |  |
| MONETTE ROSEMARIE STEPHENS, |  |
| Defendants_____/ |  |

TO ALL INTERESTED PARTIES, THE APPOINTED TRUSTEE JANINA
HOSKINS, THEIR ATTORNEYS OF RECORD, AND THE HONORABLE JUDGE
DENNIS MONTALI:

Ntc of Mtn FRCP 59/12-30143 & 12-3148                                                    1

1    PLEASE TAKE NOTICE THAT on June 28, 2013 at 10:00 a.m. at 235
2  Pine Street Courtroom 22 San Francisco CA 94104 before the Honorable
3  Dennis Montali, presiding, Monette Rosemarie Stephens, through her
4  attorney of record, will move the Court for an order to alter and amend  the
   Order of Denying Discharge and the entry of summary judgment as against
5  her alone, and to reinstate the Adversary Action Number 12-03148 in the
6  above referenced Chapter 7, pursuant to FRCP 59 as applicable herein, and
7  for such other and further relief as may be just.
8    Said motion is brought on the grounds that the Court's determination
9  to deny the discharge of and to grant summary judgment will work a
10  manifest injustice without the opportunity to have a factual determination of
11  intent and compliance.
12    The motion is supported by this Notice and Notice of Motion, the
13  supporting Points and Authorities, supporting declarations, the pleadings and
14  papers filed in this matter and such other and further matter as the Court
   deems just.
15
16  Dated May 16, 2013                    Respectfully submitted
                                         By: /s/ Sheila Gropper Nelson
17                                        Sheila Gropper Nelson
18                                        Attorney for Monette R. Stephens
19
20
21
22
23
24
25
26
27
28

Ntc of Mtn FRCP 59/12-30143 & 12-3148                                    2



1  Sheila Gropper Nelson, S.B.N. 85031
   Law Office of Sheila Gropper Nelson   Signed and Filed: July 17, 2013
2  55 Francisco St., Suite 600
3  San Francisco, CA 94133
   Telephone:  (415) 362-2221
4  Facsimile:   (4150 576-1422
   Email:       SheDoesBkLaw@ao
5  Attorney for Monette Rosemarie Ste

                                         DENNIS MONTALI
                                         U.S. Bankruptcy Judge

6

7

8                    IN THE UNITED STATES BANKRUPTCY COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                          (San Francisco Division)

11

12                                       Chapter 7

13  In re:                               Bankruptcy Case No.  12-30143

    Carl Alexander Wescott &             APN              12-03148
14
    Monette Rosemarie Stephens           Order Granting  Stephens' Motion to
15  Debtors_____/             Vacate Entry of  Order Denying Stephens'
16  JANINA M. HOSKINS, TRUSTEE IN        Discharge Pursuant to FRCP 59 et seq.

17  BANKRUPTCY OF THE ESTATE OF
    CARL ALEXANDER WESCOTT &             Date:      July 12, 2013
18  MONETTE ROSEMARIE STEPHENS,          Time:      10:00 a.m.
19  Plaintiff,                           Dept.:     22nd Floor
20  v.
    CARL ALEXANDER WESCOTT &
21  MONETTE ROSEMARIE STEPHENS,

22  Defendants_____/

23
            Debtor/defendant Monette Rosemarie Stephens' Motion to Vacate Entry of Order
24
    Denying her Discharge  came on for hearing as being duly noticed, before the Honorable
25
    Dennis Montali, presiding.
26
            Appearances were as stated on the record.
27

28

12-30143/12-03148/Order Granting Motion to Vacate                    Page 1 of  2

| | |
|---|---|
| 1 | The Court having reviewed all of the pleadings, papers and evidence submitted and |
| 2 | oral argument as presented and for good cause shown |
| 3 | IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows: |
| 4 | 1. The Motion to Vacate the Judgment to Deny Monette Stephens' Discharge is |
| 5 | Granted for all of the reasons stated by the Court on the record. |
| 6 | 2. Adversary Action APN 13-0148 is reinstated to the rolls. |
| 7 | 3. A trial date of October 2, 2013 is set. |

** End of Order **

Approved as to form:

By: /s/ Jean Barnier
Jean Barnier, Esq.
MacConaghy & Barnier
Attorneys for Janina M. Hoskins,
Trustee in Bankruptcy of the Estate of
Carl Alexander Wescott &
Monette Rosemarie Stephens

12-30143/12-03148/Order Granting Motion to Vacate          Page 2 of 2

1  The Court having reviewed all of the pleadings, papers and evidence submitted and
2  oral argument as presented and for good cause shown
3      IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:
4      1.    The Motion to Vacate the Judgment to Deny Monette Stephens' Discharge is
5            Granted for all of the reasons stated by the Court on the record.
6      2.    Adversary Action  APN 13-0148  is reinstated to the rolls.
7      3.    A trial date of October 2, 2013 is set.
8
9
10                        ** End of Order **
11
12
13  Approved as to form:
14
15  By: _____
16  Jean Barnier, Esq.
    MacConaghy & Barnier
17  Attorneys for Janina M. Hoskins,
    Trustee in Bankruptcy of the Estate of
18  Carl Alexander Wescott &
    Monette Rosemarie Stephens
19
20
21
22
23
24
25
26
27
28

    12-30143/12-03148/Order Granting Motion to Vacate                    Page 2 of 2

Exhibit "G"



Signed and Filed: July 15, 2013

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 12-30143DM |
| CARL ALEXANDER WESCOTT and | ) |
| MONETTE ROSEMARIE STEPHENS, | ) Chapter 7 |
| | ) |
| Debtors. | ) |
| _____ | ) |
| JANINA M. HOSKINS, | ) Adversary Proceeding |
| | ) No. 12-3148DM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARL ALEXANDER WESCOTT and | ) |
| MONETTE ROSEMARIE STEPHENS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

SCHEDULING ORDER FOR:

[ ] TRIAL IN ADVERSARY PROCEEDING

[ ] FINAL HEARING ON MOTION FOR RELIEF FROM STAY

[ ] TRIAL ON OBJECTIONS TO CLAIM

[ ] HEARING ON OBJECTIONS TO CONFIRMATION OF CHAPTER ___ PLAN

[X] OTHER: TRIAL ON OBJECTION TO DISCHARGE (MONETTE ROSEMARIE STEPHENS, ONLY)

     [ ] A Status Conference in this adversary proceeding

Trial Scheduling Order
Revised July, 2011

```
1    [ ] A preliminary hearing on this motion for relief from stay
     [ ] A hearing regarding objections to claim
2    [ ] A prehearing conference regarding objections to
         confirmation of plan
3    [X] Other: Preliminary hearing on motion to vacate Order
     denying Stephens discharge and vacate summary judgment
4
     was held on July 12, 2013.
5
     Appearances were as follows:
6
7        [X] For plaintiff Janina M. Hoskins          ("Plaintiff"),

8                         Jean Barnier, Esq.                        ;

9        [X] For defendant Monette Rosemarie Stephens   ("Defendant"),

10                        Shiela Gropper Nelson, Esq.               ;

11       [ ] For Debtor(s):  _____;

12       [ ] For Moving Party: _____

13                             _____;

14       [ ] For Trustee:_____;

15       [ ] For Creditor: _____ ("Creditor"),

16                         _____;

17       [ ] For United States Trustee: _____;

18       [ ] Other(s): _____

19                     _____.

20       Upon due consideration, the court hereby enters the following
21   scheduling order.

22       **TRIAL.**  The trial or hearing ("Trial") on the above matter(s)
23   will commence on the Date and Time of Trial, set forth below, at
24   the United States Bankruptcy Court, 235 Pine Street, Twenty-Second
25   Floor, San Francisco, CA 94104.  The Time Reserved for Trial is
26   also shown below.  During the week prior to the Trial, the court
```

Trial Scheduling Order
Revised July, 2011          -2-

1  may move the starting time or day.  The court's Calendar
2  Clerk/Courtroom Deputy will advise the parties of any such change
3  by telephone.  **All parties are cautioned to be prepared to adjust**
4  **their schedules accordingly.**

5      **MOTIONS.**  Unless otherwise ordered, (a) motions to join other
6  parties and to amend the pleadings must be filed not later than **30**
7  days after entry of this scheduling order and (b) motions for
8  summary judgment must be heard no later than **30** calendar days
9  before the Date and Time of Trial.

10      **DISCOVERY.**  Discovery shall be completed by the Discovery
11  Deadline shown below.  Completion means that depositions must be
12  concluded, although not necessarily transcribed.  As to written
13  and production discovery, responses must be due before the
14  Discovery Deadline.  The court will attempt to resolve all
15  discovery disputes on an expedited basis via telephonic
16  conference, which any party may initiate by request to the court's
17  Calendar Clerk/Courtroom Deputy and notice to the other party
18  after they have met and conferred and made a good faith effort to
19  resolve the dispute.  The party requesting the conference should
20  submit a brief letter explaining the issues to be presented.

21      The Discovery Deadline may be extended by the parties by
22  agreement, without an order of the court.

23      **EVIDENCE.**  On motions for relief from stay, testimonial
24  evidence at the Trial must be presented by written declaration(s)
25  or deposition excerpt(s), unless the court by order allows oral
26  testimony.  B.L.R. 4001-1(e).  Any motion for permission to

Trial Scheduling Order
Revised July, 2011           -3-

introduce any oral testimony (including by cross-examination of the other party's declarant(s) or deponent(s)) shall be filed and served (with chambers copies provided) no later than **14** calendar days before the Date and Time of Trial and shall include the names of the witnesses, the subject of their expected testimony, and, where applicable, a statement of the reasons why the testimony cannot properly be introduced by declaration(s) or deposition excerpt(s). Any opposition shall be filed and served (with chambers copies provided) no later than **10** calendar days before the Date and Time of Trial. The court will rule on the motion without a hearing. No such motion is required for cross-examination or redirect examination of expert witnesses.

Except on motions for relief from stay, declarations of non-expert witnesses will not be considered except by stipulation of the parties.

**PRE-TRIAL SUBMISSIONS.** Not later than **7** calendar days before the Date and Time of Trial, each party shall:

(a) File and serve a trial brief, which shall include a summary of the facts to be proven and the legal theories on which the party relies. Briefs shall not exceed **15** pages without <u>prior</u> permission of the court. The court will not normally request or permit post-trial briefs.

(b) Except for motions for relief from stay, file and serve a witness list, including a brief summary of the anticipated testimony from each witness. If a party to the matter will be called as a witness (even as an adverse witness) that party's name

Trial Scheduling Order
Revised July, 2011          -4-

must be included on the witness list.  The presence of a witness'
name on the witness list is to alert the court and the other side
that the witness <u>may</u> be called.  It does not mean that that person
<u>will</u> be called.  Accordingly, each party is responsible for
ensuring the attendance of <u>every witness</u> the party intends to
call, whether or not named by the other side.  Except in
exceptional circumstances, and absent consent by the other side, a
party will not be allowed to call a witness not named on that
party's witness list.  This subparagraph shall not apply to expert
witnesses or their testimony.

(c)  On motions for relief from stay, file and serve
(i) a notice identifying any declaration(s), deposition excerpt(s)
or memoranda previously filed in connection with the preliminary
hearing and (ii) any additional declarations the party wishes the
court to consider.

(d)  File and serve a list of exhibits (other than those
to be used for impeachment or rebuttal) and exchange, but not
file, copies of all exhibits the party intends to introduce into
evidence.  Any paper(s) in the court's file of which a party
intends the court to take judicial notice, or other facts that are
proper for judicial notice under Fed. R. Evid. 201, must be
reproduced and included as an exhibit(s).  Copies of the
declarations filed and served in accordance with this order shall
be marked as exhibits in the manner described herein.  All
exhibits are to be premarked for identification.

In adversary proceedings, Plaintiff's exhibits should be

marked by number and defendant's exhibits should be marked by letter.  On motions for relief from stay and other contested matters initiated by motion, Moving Party's exhibits should be marked by number and Respondent's, Debtor's or Trustee's exhibits should be marked by letter.  On objections to claim(s) and objections to confirmation of plans, Creditor's exhibits should be marked by number and Debtor's or Trustee's exhibits should be marked by letter.

Each page of any exhibit that has more than one page is to be numbered consecutively.  The parties shall bring to Trial copies of all exhibits for opposing counsel, the witnesses and the court, together with an exhibit list.  If a party has more that **10** exhibits, the exhibits should be placed in a three-ring binder with a tab for each exhibit and the exhibit list placed at the front of the binder.

**EXPERTS.**  The presentation of expert testimony at Trial shall be governed by the following:

(a)  Direct evidence shall be presented by a declaration that authenticates the report of the expert.  See FRCP 26(a)(2)(B), incorporated via Fed. R. Bankr. P. 7026.  Each party shall file and serve declarations of experts and other documentary evidence related thereto no later than **30** calendar days prior to the Discovery Deadline; provided, however, on motions for relief from stay, such declarations shall be filed and served no later than **14** calendar days prior to the Date and Time of Trial.

(b)  To cross-examine an opposing party's expert

Trial Scheduling Order
Revised July, 2011            -6-

declarant, a party shall notify the opposing party in writing or by e-mail at least **3 court** days before the Date and Time of Trial, in which case the declarant will be required to attend the Trial. Any party who fails to notify the opposing party will not be permitted to cross-examine the opposing party's expert.  Any party who requests the right to cross-examine an expert and then does not do so will be expected to reimburse the opposing party no less than the expenses incurred in producing the expert at the Trial.

**PRE-TRIAL OBJECTIONS.**  Promptly after receipt of the items mentioned in **PRE-TRIAL SUBMISSIONS**, above, each party must advise the opposing party of any objections to the introduction of testimony or exhibits.  Parties must meet and confer <u>before</u> Trial to attempt to reach agreement regarding admissibility.  The court expects the parties to make good faith efforts to resolve all evidentiary issues.

**MOTIONS IN LIMINE.**  If efforts to resolve disputes regarding the introduction of testimony or exhibits are unsuccessful, motions in limine should be filed and served no later than **4 court** days before the Date and Time of Trial.  Such motions should include a certification that the moving party has complied in good faith with the meet and confer requirements of the preceding paragraph.  Opposition should be filed and served no later than **1 court** day before the Date and Time of Trial.

Copies of motions and oppositions should be delivered or faxed directly to Chambers.  Motions in limine will be heard at the commencement of Trial.

**STIPULATIONS.** At the commencement of Trial, the parties must be prepared to stipulate into evidence all exhibits that are admissible for at least one purpose. Bona-fide objections may be reserved, with the issue of admissibility deferred until the exhibit is offered into evidence.

**ORDER OF PRESENTATION AT TRIAL**. Unless otherwise agreed by the parties or ordered by the court, Plaintiffs in adversary proceedings, moving parties on motions for relief from stay, and claimants on objections to claims will present their cases-in-chief first. On objections to confirmation of plans, debtors or other plan proponents will present their cases-in-chief first.

**IMPEACHMENT AND REBUTTAL WITNESSES.** The requirement of advance identification of witnesses and production of exhibits does not apply to witnesses and exhibits presented for purposes of impeachment or rebuttal.[1] This paragraph supercedes the expert disclosure procedure of FRCP 26(a)(2)(D)(ii), incorporated via Fed. R. Bankr. P. 7026.

**NOTICE TO COURT.** No later than the Monday of the week prior to the Date and Time of Trial, counsel for: Plaintiff (in an adversary proceeding); Moving Party (on a motion for relief from stay); and the Debtor or Trustee (on objections to claim or

---

[1] The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party. Testimony offered only as additional support to an argument made in a case in chief is improper on rebuttal. <u>Peals v Terre Haute Police Dept.</u>, 535 F.3d 621, 630 (7th Cir. 2008); <u>see also Daly v. Far Eastern Shipping Co.</u>, 238 F.Supp.2d 1231, 1238 (W.D. Wash. 2003), <u>aff'd</u> 108 Fed. Appx. 476 (9th Cir. 2004).

Trial Scheduling Order
Revised July, 2011                    -8-

objection to plan confirmation) **must** telephone or e-mail the court's Calendar Clerk/Courtroom Deputy, Ms. Lorena Parada (415-268-2323; Lorena_Parada@canb.uscourts.gov) and report: whether the parties intend to go forward with the Trial as scheduled; if settlement is likely; whether the time reserved for the Trial is realistic; and any other relevant information.

**NON-COMPLIANCE.** Any failure of a party to comply timely with this scheduling order may result in judgment against such party, removal of the Trial from calendar, exclusion of evidence or imposition of monetary or non-monetary sanctions. See FRCP 16(f)(1)(C), incorporated via Fed. R. Bankr. P. 7016.

**DATE AND TIME OF TRIAL**: October 2, 2013, at 9:30 a.m.

**TIME RESERVED FOR TRIAL**: One Day

**DISCOVERY DEADLINE**: N/A

**OTHER PROVISIONS**:

***END OF ORDER***

Trial Scheduling Order
Revised July, 2011                    -9-

Exhibit "H"

1 MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
2 JEAN BARNIER, State Bar No.231683
645 First Street West, Suite D
3 Sonoma, CA 95476
Telephone: (707) 935-3205
4 Email: jbarnier@macbarlaw.com

5 Attorneys for Plaintiff,
Janina M. Hoskins, Trustee in Bankruptcy

6

7

8                   UNITED STATES BANKRUPTCY COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  In re                                    )    Case No.: 12-30143 DM
                                             )    (Chapter 7)
11  CARL ALEXANDER WESCOTT and               )
12  MONETTE ROSEMARIE STEPHENS,              )    AP No. 12-3148
                                             )
13              Debtors.                     )
    _____)    **NOTICE OF MATTERS DEEMED**
14  JANINA M. HOSKINS, Trustee in            )    **ADMITTED**
    Bankruptcy of the Estate of Carl Alexander )
15  Wescott and Monette Rosemarie Stephens,   )
                                             )
16              Plaintiff,                    )
                                             )
17  v.                                        )
                                             )
18  MONETTE ROSEMARIE STEPHENS,              )
                                             )
19              Defendant.                    )
    _____)

20

21          Notice is hereby given that the Admissions of Monette Rosemarie Stephens are deemed

22  admitted pursuant to FRCP Rule 36(a)(3):

23          A matter is admitted unless, within 30 days after being served, the party to whom
            the request is directed serves on the requesting party a written answer or objection
24          addressed to the matter and signed by the party or its attorney.

25          The Request for Admissions was duly served on April 2, 2013. Stephens had thirty days to

26  respond. No response or request for additional time has been made. (See Declaration of Jean

27  Barnier).

28

Case: 12-03148  Doc# 60-1  Filed: 07/08/13  Entered: 07/08/13 13:04:22  Page 61
of 77

Dated: July 25, 2013                    MacConaghy & Barnier, PLC


                         /s/   Jean Barnier
                        Jean Barnier
                        *Attorneys for Plaintiff*
                        *Janina M. Hoskins, Trustee in Bankruptcy*

8039.notice.admissions.admitted.wpd
Case: 12-03148   Doc# 60-1   Filed: 07/26/13   Entered: 07/26/13 13:01:22   Page 2 of 77
Case: 12-03148   Doc# 69-1   Filed: 07/26/13   Entered: 07/26/13 16:53:44   Page 62 of 77

1   MacCONAGHY & BARNIER, PLC
    JOHN H. MacCONAGHY, State Bar No. 83684
2   JEAN BARNIER, State Bar No.231683
    645 First Street West, Suite D
3   Sonoma, CA 95476
    Telephone:  (707) 935-3205
4   Email:  jbarnier@macbarlaw.com

5   Attorneys for Plaintiff,
    Janina M. Hoskins, Trustee in Bankruptcy

6

7

8               UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10   In re                )    Case No.: 12-30143 DM

11                     )    (Chapter 7)
    CARL ALEXANDER WESCOTT and   )
12   MONETTE ROSEMARIE STEPHENS,   )    AP No. 12-3148
                    )
13          Debtors.       )

14   JANINA M. HOSKINS, Trustee in   )
    Bankruptcy of the Estate of Carl Alexander )
15   Wescott and Monette Rosemarie Stephens, )
                    )
16          Plaintiff,     )

17   v.                  )

18   MONETTE ROSEMARIE STEPHENS,   )

19          Defendant.    )

**DECLARATION OF JEAN BARNIER
IN SUPPORT OF NOTICE OF
MATTERS DEEMED ADMITTED**

20

21       I, Jean Barnier, state:

22       1.    I am an attorney admitted to the bar of this Court and am counsel of record for the

23   Trustee in this case.

24       2.    On April 2, 2013, I caused to be served on Sheila Gropper-Nelson, attorney for the

25   defendant, Request for Admissions.  A copy of the Proof of Hand Delivery is attached and labeled

26   Exhibit 1.

27       3.    Neither I or anyone in my firm have received a response to the Request for

28   Admissions served on April 2, 2013.

1      I declare under penalty of perjury under the laws of the State of California that the

2 foregoing is true and correct, that I have personal first-hand knowledge thereto, that if called as a

3 witness, I could and would testify competently thereto, and that this declaration was executed on

4 July 25, 2013 at Sonoma, California.

5

6                                /s/ Jean Barnier

                               Jean Barnier

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)* | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| Jean Barnier, 231683<br>MacConaghy & Barnier, PLC<br>645 First St. West, Ste D<br>Sonoma, CA 95476 | | (707) 935-3205 | |
| ATTORNEY FOR *(Name):* Plaintiff | | Ref. No. or File No.<br>8039 | |

Insert name of court, judicial district or branch court, if any:

United States Bankruptcy Court, Northern District of California
235 Pine St
San Francisco, CA 94104-2701

PLAINTIFF

Janina Hoskins, Trustee in Bankruptcy

DEFENDANT:

Carl A. Wescott and Monette Rosemarie Stephens

| PROOF OF HAND DELIVERY | DATE: | TIME: | DEPT/DIV: | CASE NUMBER:<br>12-03143 DM |
|---|---|---|---|---|

At the time of service I was a citizen of the United States, over 18 years of age and not a party to this action, and I served copies of the following: Interrogatories to Defendant Monette Rosemarie Stephens, Request for Admissions to Defendant Monette Rosemarie Stephens

NAME OF ATTORNEY: Sheila Gropper Nelson, Esq.

DELIVERED TO: Mel Lee, Front Desk – Person in Charge of Office

DATE & TIME OF DELIVERY: 4/2/2013      2:30 PM

ADDRESS, CITY, AND STATE: 55 Francisco Street 6th Floor
San Francisco, CA 94133

MANNER OF SERVICE:
Delivery to Law Office: Service was made by delivery to the attorney's office; or by leaving the document(s) with his/her clerk over the age of 18 therein; or with a person having charge thereof; or if there was no such person in the office, by leaving them between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office. [CCP §1011(a)]

**BY FAX**

Fee for Service: $ 109.95

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 4/3/2013

Dietrich S. Rapalski
Registered California Process Server: SAN FRANCISCO COUNTY
Registration No.2012-0001236
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947
415-491-0606

Signature:

982(a)(23)[New July 1, 1987]

OL#7307740

Exhibit "I"

Sheila Gropper Nelson, SBN 85031
Law Office of Sheila Gropper Nelson
55 Francisco St., Suite 600
San Francisco CA 94133
Phone  415-362-2221
Fax          415-576-1422
Email        SheDoesBkLaw@aol.com

August 5, 2013
Jean Barnier, Esq.
MacConaghy & Barnier, PLC
645 First Street West Suite D
Sonoma CA 95476
By Electronic Transmission to:       jbarnier@macbarlaw.com
Facsimile Transmission to:     707- 935-7051
and First Class Mail

Re:     Case Number 12-03148
        Request for Admissions Deemed Admitted

Dear Ms. Barnier:

We are in receipt of your pleading, identified as "Request for Admissions Deemed Admitted".

Because the date for response to the Trustee's rather late filed discovery fell after the date the Court ruled on the motion for summary judgment we believe the document is inappropriate as well as misleading.

Response to Trustee's propounded discovery not only fell on the date of discovery cut off but fell after the Court had granted summary judgment making any further conduct within the adversary at that time moot.  As you are aware the Trustee's Motion for Summary Judgment was heard and granted by the Court on April 26, 2013. The Court's order denying discharge was signed on May 2, 2013 a day before the discovery cut-off.

Based on those specific dates the necessity to respond to the previously served requests for admissions was either eliminated, overridden or at a minimum unclear.

As has been held by the 9th Circuit what is most critical for case-dispositive sanctions, such as deeming admissions admitted, relates to the risk of prejudice and whether the "alleged discovery violation" "threaten to interfere with the rightful decision of the case." (See Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998))

APN 12-03148/RFA                                                    Page 1 of 2

The chain of dates together with Trustee's identification that "discovery was closed" give little support to the filing of a pleading alleging a failure to respond to the admissions. The attempt to end run the discovery process is also unsupported since the Court did not reinstate the adversary until July 15, 2013. Nothing in this record demonstrates that the absence of response to trustee's previously propounded requests for admission was intentional or intended to interfer with the adversary proceeding.

To the extent that you have citation to support a different conclusion please provide it by Wednesday of this week. Alternatively please withdraw the document titled Request for Admissions deemed admitted.. To avoid unnecessary burden on the Court's and Estate's resources the parties can also stipulate to allow a reopening of discovery for limited purpose including response to the discovery by the Trustee.

Others have opined that the filing gives the distinct impression of amounting to a personal vendetta directed to either this debtor or her counsel rather than a reasoned intent to fulfill the fiduciary obligations not to abuse the resources of the Estate, Court, and Debtor. It is hoped that that conclusion can be avoided. Should we not be able to resolve this without motion a motion will be brought by the close of this week.

Very truly yours,

Sheila Gropper Nelson

cc: Client

APN 12-03148/RFA

Case: 12-03148   Doc# 74-1   Filed: 08/12/13   Entered: 08/12/13 16:53:44   Page 69 of 77

**From:** Jean Barnier <JBarnier@macbarlaw.com>
**To:** shedoesbklaw <shedoesbklaw@aol.com>
**Subject:** RE: 12-03148/ Wescott/Stephens
**Date:** Tue, 6 Aug 2013 12:38 pm

Sheila,

I do not see the point in engaging in fruitless conversation and wasting estate money.    I believe the Rule is on point and very clear.   You seem to think there's ambiguity to the Rule or an exception.  I do not.   There is nothing to "Meet and Confer" about since we have two very different viewpoints about the law.   Meet and confer does not mean I have to explain my position or agree with you.   Once again, you are free to file any papers you wish.   You demanded that I withdraw my paper and I have told you I will not.

*Jean Barnier*

## MacConaghy & Barnier, PLC

645 First St. West, Suite D

Sonoma, CA  95476

Telephone: (707) 935-3205

Facsimile:    (707) 935-7051

jbarnier@macbarlaw.com

www.macbarlaw.com

This message and any attachments hereto contain confidential information and information which may be subject to the attorney-client privilege.  It is intended for the individual or entity named above.  If you are not the intended recipient, please do not read, copy, use, or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system.  Thank you.

**From:** shedoesbklaw@aol.com [mailto:shedoesbklaw@aol.com]

**Sent:** Tuesday, August 06, 2013 11:47 AM

**To:** Jean Barnier

**Subject:** RE: 12-03148/ Wescott/Stephens

So you are essentially not prepared to meet your obligation to meet and confer Correct

-----Original Message-----
From: Jean Barnier <JBarnier@macbarlaw.com>
To: shedoesbklaw <shedoesbklaw@aol.com>
Sent: Tue, Aug 6, 2013 11:14 am
Subject: RE: 12-03148/ Wescott/Stephens

Sheila,

I cited the applicable Rule in my papers.  There is no ambiguity in the Rule.    If you feel the Rule doesn't apply, you  are certainly free to file any papers with the Court since I am not going to withdraw the paper I filed.

*Jean Barnier*

MacConaghy & Barnier, PLC

645 First St. West, Suite D

Sonoma, CA  95476

Telephone: (707) 935-3205

Facsimile:    (707) 935-7051

jbarnier@macbarlaw.com

www.macbarlaw.com

This message and any attachments hereto contain confidential information and information which may be subject to the attorney-client privilege.  It is intended for the individual or entity named above.  If you are not the intended recipient, please do not read, copy, use, or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system.  Thank you.

---

**From:** shedoesbklaw@aol.com [mailto:shedoesbklaw@aol.com]
**Sent:** Tuesday, August 06, 2013 11:08 AM
**To:** Jean Barnier
**Subject:** RE: 12-03148/ Wescott/Stephens


Jean

No I believe that merely saying you disagree without citation or support is not meeting **your** meet and confer obligations. They are mutual.

Please respond with some substance.

Thank you

Very truly yours

Sheila Gropper Nelson


-----Original Message-----
From: Jean Barnier <JBarnier@macbarlaw.com>
To: shedoesbklaw <shedoesbklaw@aol.com>
Sent: Tue, Aug 6, 2013 10:23 am
Subject: RE: 12-03148/ Wescott/Stephens

Sheila,


Thank you for your letter.   I disagree with your legal analysis.    This will comply with your need for meet and confer.

Case: 12-03148   Doc# 74-1   Filed: 08/12/13   Entered: 08/12/13 16:53:44   Page 72 of 77

*Jean Barnier*

# MacConaghy & Barnier, PLC

645 First St. West, Suite D

Sonoma, CA  95476

Telephone: (707) 935-3205

Facsimile:    (707) 935-7051

jbarnier@macbarlaw.com

www.macbarlaw.com

This message and any attachments hereto contain confidential information and information which may be subject to the attorney-client privilege.  It is intended for the individual or entity named above.  If you are not the intended recipient, please do not read, copy, use, or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system.  Thank you.

---

**From:**shedoesbklaw@aol.com [mailto:shedoesbklaw@aol.com]
**Sent:** Monday, August 05, 2013 12:01 PM
**To:** Jean Barnier
**Subject:** 12-03148

Jean

Please see the attached letter. This is an intent to meet and confer. I look forward to your response.

Case: 12-03148    Doc# 74-1    Filed: 08/12/13    Entered: 08/12/13 16:53:44    Page 73
of 77

Very truly yours,

Sheila Gropper Nelson

Exhibit "J"

Sheila Gropper Nelson, SBN 85031
Law Office of Sheila Gropper Nelson
55 Francisco St., Suite 600
San Francisco, CA 94133
Phone:        (415) 362-2221
Facsimile:    (415) 576-1422
Email:        SheDoesBkLaw@aol.com
Attorney for Monette Rosemarie Stephens


### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA
### [San Francisco Division]

| | |
|---|---|
| In re:<br>Carl Alexander Wescott &<br>Monette Rosemarie Stephens<br>        Debtors. | Case No.    12-30143<br>APN        12-03148<br>Chapter   7<br><br>Stipulation to Shorten Time for Notice of Motion and Motion to Determine that Request for Admissions Not Deemed Admitted and/or Alternative Motion to Determine Discovery Cutoff Controls and/or Motion to Grant Leave to Respond to Request for Admissions.<br>Date      August 23, 2013<br>Time      10:30 a.m.<br>Place:    22nd Floor |
| Janina Hoskins, Trustee in Bankruptcy of the Estate of Carl Alexander Wescott & Monette Rosemarie Stephens,<br><br>      Plaintiff,<br>v.<br>Carl Alexander Wescott &<br>Monette Rosemarie Stephens,<br><br>      Defendants.<br>_____ ) | |

    Appointed  Trustee Janina Hoskins, by and through her attorney of record, Jean

Barnier, MacConaghy & Barnier PC and defendant Monette Rosemarie Stephens, through her

attorney of record,  Sheila Gropper Nelson, Law Office of Sheila Gropper Nelson, hereby

agree and stipulate to shorten the time within which a Motion to Determine that Response to

Request for Admissions not Deemed Admitted and/or alternative Motion to Determine

Stipulation to Shorten time for
Mtn re Request for Admissions /12-03148                    1

Discovery Cutoff Controls and/or alternative Motion to Grant Leave to Respond to Request for Admissions can be brought as follows:

[1]     They hereby stipulate that the Motion(s) may be heard on shortened time before the Honorable Judge Dennis Montali on August 23, 2012 at 10:30 a.m. on the 22nd Floor located at 235 Pine St. San Francisco CA 94104.

[2]     That moving papers to be served by electronic mail to Trustee's counsel by 5 p.m. Monday August 12, 2013;

[3]     That Trustee's Opposition, if any, to be served on moving party electronically by 5 p.m. August 19, 2013; and

[4]     That Reply to Opposition, if any, to be electronically served on Trustee's counsel by Noon on August 21, 2013.


Dated:   8/09/2013                     /s/ Jean Barnier
                                       Jean Barnier Attorney for Trustee Hoskins

Dated:    08/09/2013            /s/ Sheila Gropper Nelson
                                       Sheila Gropper Nelson


Stipulation to Shorten time for
Mtn re Request for Admissions /12-03148                                              2