5. Term of financing and option.

BUYER shall have until December 2009 to "unwrap" this deal and pay off the 1st loan on Blair. BUYER will assume title to the PROPERTY at that point. There is some risk that Wells Fargo will call the loan (due on sale clause), in which case BUYER will need to get a new loan quickly.

6. Buyer's financial responsibilities.

BUYER shall be responsible for the following payments:

- 1st Note and Deed of Trust held by SELLER. Currently a $4066.09 mortgage by Wells Fargo, mortgage, current balance $779,671.91 , interest rate 4.375%. It is a 5/1 ARM which is fixed through December 2009.
- insurance on the property (will provide details, currently approximately 1399.24)
- taxes on the property (will provide details, currently approximately 13K a year)

7. Mechanics of payments.

All these bills (property taxes, insurance, 1st Deed mortgage) shall remain in SELLER's name until BUYER assumes title.

Insurance strategy shall be settled on June 12th when BUYER and SELLER call SELLER's insurance provider (Clarence Castillo at Farmer's).

BUYER shall pay the mortgage as due by the 1st of each month, and SELLER shall continue to make mortgage payments to Wells Fargo via auto-deposit on the 1st of every month. If a default or foreclosure occurs due to SELLER's lack of payment on mortgage, SELLER must make the mortgage current.

SELLER shall establish a new Wells Fargo account that BUYER can put his payments in to each month on the 1st (before 2 pm).

BUYER shall be responsible for all costs and/or interest caused by any late payments.

On July 1st, 2007, BUYER shall only owe a half-month's payment to SELLER.

On July 1st, 2007, BUYER and SELLER will also settle up on any amounts owing each other (e.g. property taxes, insurance, HOA dues at the Palms condo)

Case: 12-03148 Doc# 81-20 Filed: 08/30/13 Entered: 08/30/13 15:33:51 Page 1 of 16
Case 12-30143 Claim 19-1 Filed 07/20/12 Desc Main Document Page 16 of 23
Sup. Exhibit X - Claims #19 and #20 X-16 of 50

SELLER shall provide copies of all insurance and tax bills to BUYER as they arrive, and at BUYER's request will provide originals of any bills or documentation by mail.

SELLER shall also provide copies of any monthly statements and other communications from Wells Fargo on the mortgage in a timely fashion, within 3 days of receipt.

8. Debt

Both BUYER and SELLER certify that the debt numbers they have provided (Blair 1st mortgage above + 2 HELOCs; no debt on Palms condo) are accurate and should those debt numbers be higher than certified, the erring party shall pay down the relevant debt, to the declared amount.

Both BUYER and SELLER also warrant that there are no mechanics liens on their respective properties, and are also responsible for any such issues prior to June 15th 2007.

9. Legal Mechanics and Non-Disclosure

This contract ("AGREEMENT TO PURCHASE PROPERTY") to be notarized but not recorded. This agreement is confidential, and the details herein shall not be shared with any other party. BUYER and SELLER, may, of course, share the details with their accountants and attorneys. BUYER will, of course, also be able to share the details of the agreement with mortgage brokers and lending institutions at such time that he gets a loan to pay off SELLER's equity and SELLER's bank debt, close escrow, and get title.

Each party will cooperate with informational requests by the other party in a timely fashion.

10. Closing expenses

At the close of escrow, costs on both purchases shall be borne by BUYER and SELLER as standard in Northern California. In other words, SELLER will pay transfer tax, while BUYER will pay for the escrow fee, title insurance if so required or desired, and the other costs traditionally borne by BUYER.

11. Taxes

BUYER will get the tax benefit of all taxes and insurance paid after June 15th, 2007, as well as any interest paid, on the Blair property, which will become his primary residence. BUYER will also get the benefit of all principal payments from his mortgage payments.

SELLER will get the tax benefit of all payments made 'til June 15th, 2007 on the PROPERTY.

SELLER will provide a 1098 to BUYER for interest in 2007 by January 31st, 2008, and will do so again for 2008 and 2009 also by the following January.

12. Other costs at the beginning

There will be minor costs, not expected to exceed $100, in summer 2007, to notarize this agreement ("OPTION AGREEMENT TO PURCHASE PROPERTY").

SELLER shall pay for those costs.

13. Maintenance

BUYER shall maintain the PROPERTY in good condition at BUYER's expense during the term of this agreement.

14. Disclosures

SELLER has already provided all appropriate disclosure forms to BUYER in the month of April, 2006.

SELLER has provided a complete disclosure package in conjunction with or before the signing of this agreement.

15. Default for BUYER's Nonperformance

Should BUYER become 3 months' behind in payments, BUYER shall sign back PROPERTY to SELLER.

SELLER will notify SELLER if BUYER is ever 2 months' behind in payments.

At and before December 2009, BUYER will do whatever it takes, along with SELLER, to make sure SELLER's credit is not impacted at all and the loan is paid off.

If and when Wells Fargo calls the loan, BUYER will do whatever it takes to make sure SELLER's loan is paid off within 21 days of being notified.

16. Default for SELLER's Nonperformance

If there is a default due to SELLER's not paying the mortgage when BUYER has been making deposits, SELLER is responsible for making the mortgage current.

17. As is

Both BUYER and SELLER are buying 668 Blair Avenue and the Palms condo after exhausting all inspections, contingencies, and investigations and are buying each property "as is", taking full responsibility for the condition of each as of June 15th, 2007.

18. 1031 Exchange

BUYER will cooperate with SELLER's 1031 Exchange, if any, at no cost or liability to BUYER.

19. Time

Time is of the essence of this Agreement.

20. Entire Agreement

The foregoing constitutes the entire Agreement between parties and may only be modified in writing signed by both parties.

BUYER (Peng Leong, Trustee, DSTL 2000 Family Trust)

BUYER (Kooi-Hong Leong-Cheong, Trustee, DSTL 2000 Family Trust)

SELLER (Carl A. Wescott)

State of California County of San Francisco
Subscribed and sworn to (or affirmed) Before me on this 13th day of June, 2007, by Peng Leong, Kooi Hong Leong-Cheong, Carl A. Wescott personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature [signature]

(Seal)

Sean Castillo
COMM. #1742470
NOTARY PUBLIC • CALIFORNIA
San Francisco County
Commission Expires April 2011

# LOC

From: **Carl A. Wescott** (c@CarlWescott.com)
Sent: Wed 6/13/07 6:35 PM
To: ices88@msn.com

| HOME EQUITY LINE OF CREDIT | Request Line Increase | 651-1274xxx | $0.00 | $72,000.00 |
|---|---|---|---|---|

That's the one I paid down to zero.

I will pay the other one down to zero next week when various things clear.

--Carl

---

Carl A. Wescott

# paid the other HELOC down to zero balance

From: **Carl A. Wescott** (carlawescott@sbcglobal.net)
Sent: Sat 6/16/07 12:54 PM
To: 'p leong' (ices88@msn.com)

| | | | | |
|---|---|---|---|---|
| + EQUITYLINE ® | Request Line Increase | 654-7314xxx-1998 | $0.00 | $142,000.00 |


P Leong <ices888@gmail.com>

## current on the 1st line (72k line originally)

2 messages

**Carl A. Wescott <c@carlwescott.com>** **Thu, Dec 23, 2010 at 8:31 AM**
Reply-To: c@carlwescott.com
To: P Leong <ices888@gmail.com>
Cc: John Kolar <johnkolar21@yahoo.com>

Date ▽Description Amount 12/15/10 INTEREST PAYMENT +$190.19

12/01/10 INTEREST PAYMENT +$196.52

Next payment is due in January.

# EQUITY LINE OF CREDIT XXX-XXX4856

## Payment Details

| | |
|---|---|
| **Total Payment Due on 01/15/11 Make a Payment** | **$206.35** |
| **Payment Due** | $196.53 |
| **Fees What's this?** | $9.82 |

The total payment due shown may not include billed amounts for payment protection products or other features as applicable. Please see your statement for any itemized premium or fees. For questions or additional assistance, please call us at 1-866-820-9199.

## Activity Summary

| | |
|---|---|
| **Credit Line Learn about Line Increase** | $71,198.59 |
| **Beginning Available Credit** | |
| **Current Available Credit Transfer Balances** | $0.00 |
| **Total Credit In Use What's this?** | **$71,198.59** |

View Online Statements

**Carl A. Wescott <c@carlwescott.com>** **Thu, Dec 23, 2010 at 8:35 AM**
Reply-To: c@carlwescott.com
To: "Carl A. Wescott" <c@carlwescott.com>, P Leong <ices888@gmail.com>
Cc: John Kolar <johnkolar21@yahoo.com>

By 1st line, I meant first of 2 HELOCs. One is technically a 2nd, and one a 3rd.


WELLS
FARGO

# Account Statement

Statement Date: May 30, 2011
Page 1 of 5
[redacted] 1998
40,843 (CO654)
I-4

CARL A. WESCOTT
853 ASHBURY ST
SAN FRANCISCO CA 94117-4418

---

## Customer Service

Telephone
**1-800-TO-WELLS (1-800-869-3557)**

Online Banking
**www.wellsfargo.com**

Correspondence
**Wells Fargo Bank, N.A.**
**PO Box 4233**
**Portland, OR 97208-4233**

Do not send payment to this address

## Payments

By mail
**Wells Fargo Bank, N.A.**
**PO Box 54780**
**Los Angeles, Ca 90054-0780**

Overnight mail
**Wells Fargo Bank, N.A.**
**Attn:Payment Services**
**2324 Overland Dr.**
**Billings, MT 59102-6401**

Principal only payments
**Wells Fargo Bank, N.A.**
**PO Box 515485**
**Los Angeles, Ca 90051-6785**

---

## EquityLine with FlexAbility SM

Carl A. Wescott
**Account Number:** [redacted] 1998

### Activity summary

| | |
|---|---|
| Approved line of credit | $141,900.00 |
| Credit in use: | |
| Line [redacted] 1998 | $141,900.00 |
| Total credit in use | $141,900.00 |
| Available credit* | $0.00 |
| Beginning balance owed** | $147,017.13 |
| Ending balance owed** | $142,465.37 |

**Line of Credit Restricted.*

***These balances include unpaid finance charges and other unpaid fees and charges. The ending balance owed is not a payoff amount. If you want to pay off and close your Home Equity Line of Credit, please contact Customer Service for detailed payoff instructions. Payoffs attempted in other ways may not close the account, resulting in a delay of the release of your collateral.*

# Account Statement

Statement Date: May 30, 2011
Page 3 of 5
[redacted]1998
40,845

| Account#/Balance Tiers | Effective Date | Number of Days | Corresponding Annual Percentage Rate | Daily Periodic Rate |
|---|---|---|---|---|
| Line # [redacted] | | | | |
| $0.00 - $19,999.99 | 04/30 | 31 | 5.04% | 0.013808% |
| $20,000.00 - $49,999.99 | | 31 | 4.79% | 0.013123% |
| $50,000.00 and above | | 31 | 4.69% | 0.012849% |

Your rate(s) may vary according to the terms of your agreement. You may pay your balance(s) in full at any time. See the end of the statement for important information about your credit card and line of credit account.

Thank you for banking with Wells Fargo.

WELLS FARGO

# Account Statement

Statement Date: May 30, 2011
Page 5 of 5
[redacted]
40,847

.....(Tear Here).....
*Return this portion with your payment*

CARL A. WESCOTT
853 ASHBURY ST
SAN FRANCISCO CA 94117-4418

**EquityLine with FlexAbility℠ payment coupon**

Account number: [redacted]
Payment due 06/25 $565.37

Total amount enclosed
$

Make Check Payable And Send To:

WELLS FARGO BANK, N.A.
PO BOX 54780
LOS ANGELES, CA 90054-0780

A late fee may be assessed if your scheduled payment is not received within 10 days of date shown above.

565404206 0000000006547314825l999 000 00000056537

B 10 (Official Form 10) (12/11)

**UNITED STATES BANKRUPTCY COURT** Northern District of California

**PROOF OF CLAIM**

Name of Debtor: Carl Alexander Wescott and Monette Rosemarie Stephens

Case Number: 12-30143

FILED AUG - 9 2012 UNITED STATES BANKRUPTCY COURT SAN FRANCISCO, CA

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Ionian 36 LLC

COURT USE ONLY

Name and address where notices should be sent:
Stephen R. Hoff
505 San Marin Dr STE B200
Novato CA 94945

Telephone number: (415) 898-2255 email: HOFF@WECKER.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** ____________
(*If known*)

Filed on: ____________

Name and address where payment should be sent (if different from above):
(same)

Telephone number: email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 1,568,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Embezzlement & personal guarantee
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** ___ ___ ___ ___

**3a. Debtor may have scheduled account as:** Ionian-36, LLC
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** ____________
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
**Describe:**

**Value of Property: $**____________

**Annual Interest Rate**____% ☐Fixed or ☐Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$____________

**Basis for perfection:** ____________

**Amount of Secured Claim:** $____________

**Amount Unsecured:** $____________

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$____________

**Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor. ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Stephen R. Hoff
Title: ACTING MANAGER
Company: IONIAN WINTON LLC
Address and telephone number (if different from notice address above):

Stephen R. Hoff (Signature) 8/6/12 (Date)

Telephone number: email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Stephen R. Hoff
505 San Marin Drive STE B200
Novato, CA 94945
phone: 415-898-2255

December 1, 2011

Mr. Carl A. Wescott
853 Ashbury Street
San Francisco, CA 94117

**DEMAND FOR PAYMENT OF $1,568,000**

Mr. Wescott:

The undersigned hereby demand payment from you of $1,568,000.

It is our understanding and belief that, through your personal control of Surprise Development Inc. and 145 East Street Associates LLC, you fraudulently arranged a loan from Sterling Pacific Lending secured by a deed of trust on property at 145 East Street, Woodland, CA, which is jointly owned by Ionian 36 LLC and 145 East Street Associates LLC; that in furtherance of the fraud you provided your personal guarantee for the loan to Sterling Pacific and as an inducement to Ionian 36 LLC to permit the placement of the lien on the property; and that in consummation of the fraud you arranged for loan proceeds to be wired to a bank account under your control and that you took the money for your personal use in violation of both contractual and non-contractual duties owed to the undersigned.

In summary, it is our belief that you have engaged in a fraudulent scheme to loot equity from the property to the detriment of the undersigned, and that you are personally liable for the consequences.

This demand is a prelude to litigation. Specific legal claims and causes of action will be determined by counsel upon further review. We would prefer to settle this matter without litigation and welcome your prompt and constructive reply, to the address above.

Very truly yours,

Stephen R. Hoff
Individually
as real party in interest

Stephen R. Hoff
as Acting Manager of
Ionian 36 LLC

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
**S.B.S. Trust Deed Network**
**(818) 991-4600**
**31194 La Baya Drive, Suite 106**
**Westlake Village, California 91362**

THE FOLLOWING COPY OF THE "NOTICE", THE ORIGINAL OF WHICH WAS FILED FOR RECORD ON 2/24/2012 IN THE OFFICE OF THE RECORDER OF Yolo COUNTY, CALIFORNIA IS SENT TO YOU INASMUCH AS AN EXAMINATION IN OF THE TITLE TO SAID TRUST PROPERTY SHOWS YOU MAY HAVE AN INTEREST THE TRUSTEE'S SALE PROCEEDINGS.

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: **2012-1336**
Loan No.: **B0910003**

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$1,569,493.01** as of **2/22/2012**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**THE FIRST FLOOR FUND, LLC, ET AL**
**C/O S.B.S. TRUST DEED NETWORK**
**31194 LA BAYA DRIVE #106**
**WESTLAKE VILLAGE, CA 91362**
**Phone: 818-991-4600**



TS No.: **2012-1336** Loan No.: **B0910003**

**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

**Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **STERLING PACIFIC LENDING, INC. DBA STERLING PACIFIC FINANCIAL** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **11/3/2009**, executed by **IONIAN 36, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY AND 145 EAST STREET ASSOCIATES, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY**, as Trustor, to secure certain obligations in favor of **STERLING PACIFIC LENDING, INC. DBA STERLING PACIFIC FINANCIAL**, as beneficiary, recorded **11/25/2009**, as Instrument No. **2009-0036945-00**, in Book **XX**, Page **XX**, of Official Records in the Office of the Recorder of **Yolo** County, California describing land therein as: As more fully described on said Deed of Trust.

Including **1 NOTE(S) FOR THE ORIGINAL** sum(s) of **$1,550,000.00**, and any extension(s), renewal(s) and/or modification(s) thereof, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred as stated below:

**THE REMAINING PRINCIPAL BALANCE WHICH BECAME DUE ON 11/30/2011, INCLUDING ALL INTEREST DUE THEREON PLUS LATE CHARGES; ATTORNEY'S FEES INCURRED IN THE PROTECTION OF THE SECURITY HEREIN; AND ANY RECURRING OBLIGATIONS**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Dated: 2/22/2012**

**S.B.S. TRUST DEED NETWORK, AS AGENT FOR THE TRUSTEE BY: NORTH AMERICAN TITLE COMPANY, ITS AGENT**

**BY:** TC ______________________

THERESA CARSON

**S.B.S. Trust Deed Network**
**31194 La Baya Drive, Suite 106**
**Westlake Village, California 91362**
**(818) 991-4600**

Date: 2/27/2012

T.S. Number: 2012-1336
Loan Number: B0910003

## DEBT VALIDATION NOTICE

1. The enclosed document relates to a debt owed to:
   **THE FIRST FLOOR FUND, LLC, ET AL**

2. You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request.

3. As of **2/22/2012** the total delinquency owed was **$1,569,493.01**, because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid. Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed.

4. As of **2/27/2012**, the amount required to pay the entire debt in full was the unpaid principal balance of **$1,496,371.82**, plus interest from **11/1/2011**, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred. The amount will increase daily until the debt has been paid in full. For further information please write to the above listed address or call **(818) 991-4600**

5. You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice. In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.

**WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

