paragraph for the purpose of evidencing its understanding of Civil Code Section 2954.10 recited in part above and the Maker's agreement to the waiver of its terms.

INITIAL [initials]

6. This Note is secured, without limitation, by that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Financing Statement (the "**Deed of Trust**") of the same date given by Maker to Sterling Pacific Lending, Inc. DBA Sterling Pacific Financial, as Trustee, for the benefit of Holder, on certain real estate and personal property (the "**Trust Property**") and the Other Security Documents (as defined in the Deed of Trust, referred to as the "**Other Security Documents**"). This Promissory Note is the Note referred to in, and is entitled to the benefits of, the Deed of Trust and the Other Security Documents. Among the provisions of the Deed of Trust is the following paragraph 12:

12. <u>Transfer or Encumbrances of the Trust Property</u>. Trustor acknowledges that Beneficiary has examined both the creditworthiness of Trustor and Trustor's experience in owning and operating properties such as the Trust Property in determining whether or not to make the Loan, that Beneficiary has relied on Trustor's creditworthiness and experience in deciding to make the Loan, and that Beneficiary will continue to rely on Trustor's ownership of the Trust Property as a means of maintaining the value of the Trust Property as security for repayment of the Debt. Trustor acknowledges that Beneficiary has a valid interest in maintaining the value of the Trust Property so as to ensure that, if Trustor defaults in the repayment of the Debt, Beneficiary can recover the Debt by a sale of the Trust Property. If Trustor shall, without the prior written consent of Beneficiary, further encumber the Trust Property with any lien imposed in connection with any other financing, or sell, transfer or convey any part of the Trust Property or the right to manage or control the operation of any part of the Trust Property, the entire Debt shall become due, at the option of Beneficiary. A sale, transfer or conveyance within the meaning of this Paragraph shall be deemed to include (i) an installment sales agreement in which Trustor agrees to sell any part of the Trust Property for a price to be paid in installments; (ii) an agreement by Trustor leasing all or a substantial part of the Trust Property, or a sale, pledge, assignment or other transfer of, or the grant of a security interest in, Trustor's right, title and interest in any Leases or any Rents; (iii) if Trustor is a corporation or a limited partnership with a corporate general partner, the transfer of stock of the Trustor or its corporate general partner to parties who do not now hold a controlling interest; (iv) if Trustor is a general or limited partnership, joint venture, or other form of partnership (a "**Partnership**"), a transfer of any general partnership interest or the admission of any new general partner; and (v) if Trustor is a limited liability company or a limited partnership with a limited liability company as general partner, the transfer of membership interests in the Trustor or its limited liability company general partner (or the stock or membership interests in any corporation or limited liability company controlling Trustor or its limited liability company general partner) or the creation or issuance of new memberships in Trustor or its limited liability company general partner to parties who do not now own a controlling interest. Beneficiary reserves the right to condition its consent upon a modification of the terms of this Deed of Trust and the Note and on assumption of this Deed of Trust as so modified, by the proposed transferee, payment of a transfer or assumption fee, or such other conditions as Beneficiary shall determine in its sole discretion to be in the interest of Beneficiary. Beneficiary shall not be required to demonstrate any actual impairment of its security or any increased risk of default in order to declare the Debt immediately due and payable upon Trustor's sale, transfer, conveyance or further encumbrance of the Trust Property without Beneficiary's consent. This provision shall apply to every sale, transfer, conveyance, or further encumbrance of the Trust Property regardless of whether

COMMERCIAL NOTE 3
Version 2/15/04 - Copyright, Doss & Page, Lawyers

Case: 12-03148    Doc# 21-22    Filed: 08/30/13    Entered: 08/30/13 15:38:51    Page 21
Case: 12-03148    Claim# 21-22    Filed: 08/09/12    Desc Main Document    Page 21 of 25
Sup. Exhibit X - Claims #19 and #20                                  X-46 of 50

voluntary or not or whether or not Beneficiary has consented to any previous sale, transfer, conveyance, or further encumbrance of the Trust Property.

7. Maker shall be in default under this Note (referred to as an "**Event of Default**") and the whole sum of principal and interest shall become due and payable at the option of the Holder without notice or demand, upon: (i) the nonpayment, by the Grace Period Expiration Date of any installment of principal and/or interest, or any other monetary obligation under this Note, the Deed of Trust or the Other Security Documents; or (ii) any other Event of Default under the Deed of Trust or the Other Security Documents.

8. If an Event of Default occurs, this Note shall thereafter bear interest at the rate of the lesser of (i) the Maximum Rate (as hereinafter defined) or (ii) the Contract Rate plus 5 percent % per annum (which lesser rate is referred to as the "**Default Rate**") from the date of the Event of Default.

9. Acceptance by Holder of any payment for less than what is due shall be deemed an acceptance on account only, and the failure to pay the entire amount then due before the Grace Period Expiration Date, shall be and continue to be an Event of Default under this Note. The rights or remedies of the Holder, as provided in this Note, the Deed of Trust or any of the Other Security Documents, or as provided at law or in equity shall be cumulative and concurrent, and may be pursued singly, jointly or successively against the Trust Property, Leases, Rents (as defined in the Deed of Trust) or any other funds, property or security held by Holder for the payment or performance thereof, or against the Maker or otherwise, at the sole discretion of the Holder. The failure to exercise any such right or remedy shall not be construed as a waiver or release of any rights or remedies or of the right to exercise them at any later time.

10. Maker and all endorsers, guarantors, sureties, accommodation parties hereof, and all other persons liable or to become liable for all or any part of the indebtedness under this Note, the Deed of Trust, and the Other Security Documents, waive all applicable exemption rights, whether under the laws of the State, homestead laws, or otherwise, and also waive valuation and appraisement, diligence, presentment, protest and demand, and also notice of protest, of demand, of nonpayment, of dishonor, of acceleration, of intention to accelerate and of maturity. All endorsers, guarantors, sureties, and accommodation parties hereby consent to any and all renewals, extensions or modifications of the terms hereof, including time for payment. Any such renewals, extensions or modifications may be made without notice to any of said parties.

11. Maker and all endorsers, guarantors, sureties, accommodation parties hereof and all other persons liable or to become liable for all or any part of this indebtedness agree to pay all costs of collection, including reasonable attorneys' fees and all costs of suit, if this Note is not paid when due, or if it is necessary to protect the security for this Note or to commence foreclosure proceedings under the Deed of Trust or any of the Other Security Documents, or if Holder is made a party to any litigation because of this Note, the Deed of Trust or any of the Other Security Documents, whether or not suit is filed, and whether through courts of original jurisdiction, as well as in courts of appellate jurisdiction, or through a bankruptcy court or other legal proceedings. Such costs of collection shall include attorneys fees and costs in all aspects of bankruptcy proceedings affecting the security for this Note or performance hereunder, including plan objection proceedings, objections to discharge, claim objection proceedings, preference actions, relief from stay litigation, motions to dismiss, convert or appoint a trustee, case monitoring and serving on a creditor's committee.

COMMERCIAL NOTE 4
Version 2/15/04 - Copyright, Doss & Page, Lawyers

Case 12-30148 Doc# 81-22 Filed 08/30/13 Entered 08/30/13 15:38:51 Page 2 of 5
Case 12-30148 Claim# 22-12 Filed 08/09/12 Desc Main Document Page 22 of 25
Sup. Exhibit X - Claims #19 and #20      X-47 of 50

12. This Note shall not be amended, modified or changed, nor shall any waiver of any of its provision be effective unless accomplished by an instrument in writing signed by the party against whom enforcement of any amendment, modification, change or waiver is sought.

13. Maker acknowledges that this Note and the loan it evidences was made by a licensed California Finance Lender or licensed California Real Estate Broker or it was arranged by a licensed California Real Estate Broker and that the broker's participation was a material factor in the consummation of this transaction. However, none of the terms and provisions contained in this Note, the Deed of Trust, or any of the Other Security Documents, shall ever be construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate in excess of the Maximum Rate. The Maker or other party now or later liable for the payment of this Note shall never be required to pay interest on this Note at a rate in excess of the Maximum Rate, and the provisions of this paragraph shall control over all other provisions and of any other instrument executed in connection herewith this loan transaction. If Holder collects monies which are deemed to be interest in excess of the Maximum Rate, all excess sums shall be applied against the unpaid principal balance and not to the payment of interest; and if a surplus remains after full payment of principal and lawful interest, the surplus shall be refunded to the Maker in cash and the Maker hereby agrees to accept such refund. As used in this Note, the term "**Maximum Rate**" means the maximum rate (or, if the context so permits or requires, an amount calculated at such rate) of interest which, at the time in question would not cause the interest charged on the indebtedness evidenced by this Note, the Deed of Trust, or any of the Other Security Documents at such time to exceed the maximum amount which Holder would be allowed to contract for, charge, take, reserve or receive under the laws of the State or any other applicable law after taking into account, to the extent required by the laws of the State or any other applicable law, all relevant payments or charges under this Note, the Deed of Trust, and the Other Security Documents.

14. Whenever used herein, the words "Maker" and "Holder" shall be deemed to include their respective successors and assigns. In the event Maker is comprised of more than one individual or entity, each such individual or entity shall be jointly and severally liable under this Note.

15. Time is of the essence of this Note.

16. Any notice, demand, statement, request, or consent made under this Note shall be in writing and shall be deemed given when hand-delivered or within Three (3) Days after the date sent by certified mail, return receipt requested, or the next business day after the date sent by nationally recognized overnight mail or courier service to the address, as set forth above, of the party to whom such notice is to be given, or to such other address as Maker or Holder, as the case may be, shall in like manner designated in writing.

17. The singular number shall include the plural, and the plural the singular, and any gender shall be substituted for any other gender, where appropriate.

18. This Note is to be governed by and construed in accordance with the laws of the State, without giving effect to the conflicts of law provisions thereof. Whenever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Note. Maker consents to the jurisdiction of the state and federal courts in the State for any actions involving the enforcement or interpretation of this Note, Deed of Trust and the transaction they evidence.

COMMERCIAL NOTE 5
Version 2/15/04 - Copyright, Doss & Page, Lawyers

Case: 12-03148    Doc# 21-22    Filed: 08/30/13    Entered: 08/30/13 15:30:51    Page 26 of 25
Case: 12-03148    Claim# 21-22    Filed: 08/09/12    Desc Main Document    Page 26 of 25
Sup. Exhibit X - Claims #19 and #20                                      X-48 of 50

19. MAKER HEREBY WAIVES TRIAL BY JURY IN ANY SUIT INVOLVING THE HOLDER OR ANY ARRANGER OF THIS LOAN AS WELL AS ANY CLAIM FOR PUNITIVE DAMAGES.

20. THIS NOTE, THE DEED OF TRUST, THE ENVIRONMENTAL INDEMNITY, ANY GUARANTY AND THE OTHER SECURITY DOCUMENTS COLLECTIVELY REPRESENT THE FINAL AGREEMENT AMONG THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS BETWEEN OR AMONG THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN OR AMONG THE PARTIES.

**IN WITNESS WHEREOF**, the undersigned has executed and delivered this Note effective as of the date first above written.

Ionian 36, LLC, A California Limited Liability Company
BY: _____
Ionian Equity, LLC, A California Limited
Limited Liability Company
ITS: Manager
   BY: J.A. Schwager
   ITS: Manager

and

145 East Street Associates, LLC, A California Limited Liability Company
BY: _____
Surprise Development, Inc. A California Corporation
ITS: Managing Member
   BY: Carl Wescott
   ITS: President

COMMERCIAL NOTE
Version 2/15/04 - Copyright, Doss & Page, Lawyers

6

FNT-1004607
WHEN RECORDED, RETURN TO:

Sterling Pacific Lending, Inc. DBA Sterling Pacific Financial
1205 Freedom Boulevard Suite #2 Watsonville, CA 95076

YOLO Recorder's Office
Freddie Oakley, County Recorder
DOC- 2009-0036945-00
Acct 102-Fidelity National Title
Wednesday, NOV 25, 2009 14:49:00
Tt1 Pd $115.00    Nbr-0000851122
VRB/R6/4-14

*Above Space for Recorder's Use*

### DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FINANCING STATEMENT

THIS DOCUMENT CONSTITUTES A FIXTURE FILING IN ACCORDANCE WITH SECTION 9402 OF THE CALIFORNIA COMMERCIAL CODE (THE "**California Commercial Code**")

THIS DEED OF TRUST, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS AND FIXTURE FINANCING STATEMENT ("**Deed of Trust**"), made effective as of November 3, 2009, by Ionian 36, LLC, A California Limited Liability Company and 145 East Street Associates, LLC, A California Limited Liability Company ("**Trustor**"), whose address for purposes of this Deed of Trust is 1083 Mississippi Street San Francisco, CA 94107 (the State of California is hereinafter sometimes referred to as the "State"); TO AND IN FAVOR OF Sterling Pacific Lending, Inc DBA Sterling Pacific Financial ("**Trustee**"); FOR THE BENEFIT OF Sterling Pacific Lending, Inc. DBA Sterling Pacific Financial (collectively, the "**Beneficiary**"), whose address is 1205 Freedom Boulevard Suite #2 Watsonville, CA 95076.

#### WITNESSETH:

To secure the payment of a debt described below (the "**Debt**"), Trustor hereby grants, bargains, conveys, transfers, and assigns to Trustee, in trust, WITH POWER OF SALE, all of the real property described in **Exhibit "A"** attached hereto (the "**Premises**") and the buildings, structures, additions, enlargements, lot line adjustment additions, extensions, modifications, repairs and improvements now or hereafter located thereon (the "**Improvements**");

TOGETHER WITH: All right, title, interest and estate of Trustor now owned or hereafter acquired in the following property, rights, interests, and estates (collectively called the "**Trust Property**"):

(a) All easements, rights-of-way, strips of land, streets, alleys, passages, sewer rights, mineral rights, water rights and powers, and all estates, rights, titles, interests, privileges, tenements, hereditaments and appurtenances of any nature, in any way belonging, relating or pertaining to the Premises and the reversion and reversions, remainder and remainders, and all land laying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Premises to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, courtesy and rights of courtesy, property, possession, claim and demand, both in law and in equity, of Trustor in the Premises and every part thereof and all appurtenances thereto;

(b) All machinery, furniture, equipment, fixtures, material, appliances and other articles of personal property of every kind owned by Trustor, or in which Trustor has an interest, located upon the Premises, and appurtenances thereto, and usable for the generation and distribution of air, water, heat, electricity, light, fuel or refrigeration, or for ventilating or air conditioning purposes, or for sanitary or drainage purposes, or for the exclusion of vermin or insects, or for removal of dust, refuse or garbage, and such machinery, furniture, equipment, fixtures and other articles of personal property which consist of all appliances, awnings, window shades, drapery rods, brackets, screens, floor coverings, incinerators and carpeting used in the operation of the Premises and Improvements (and all other personal property, either similar or dissimilar to the foregoing usable in the operation of the Premises and Improvements and located in and on it), together with all replacements and substitutions therefor, now owned or hereafter acquired by Trustor and located in or on said Premises and Improvements, together with all materials intended for construction, reconstruction, alteration, and repair of the Improvements (hereinafter collectively called the "**Equipment**"), together with all condemnation awards and rights under insurance policies and Leases described below pertaining to said Premises or the Improvements now or hereafter located thereon;

(c) All awards or payments, including interest, which may be made as to the Trust Property, whether from the exercise of the right of eminent domain, constructive taking or for any other injury to or decrease in the value of the Trust Property (collectively, "**Awards**");

(d) All leases and other agreements affecting the use, enjoyment or occupancy of the Trust Property, (the "**Leases**"), if any, and all rents and security deposits payable under the Leases, and other deposits, issues and profits from the Trust Property (the "**Rents**");

(e) All Policies (as defined herein) and their proceeds thereof and any unearned premiums on any insurance policies covering the Trust Property, including, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Trust Property, whether such insurance is or is not required by this Deed of Trust;

(f) All utility deposits made to obtain or maintain utility services to the Premises or the Improvements;

(g) Any amounts in any escrow fund for the purposes of payment of taxes, insurance premiums or other Impositions as to the Trust Property;

(h) The right, in the name and on behalf of Trustor, to appear in and defend any action or proceeding brought as to the Trust Property and to commence any action or proceeding to protect the interest of Trustee and Beneficiary in the Trust Property; and

(i) The products and proceeds of the property described in the above (a) through (h) inclusive.

END OF EXHIBIT "A"

(14)4