MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Email: macclaw@macbarlaw.com

Attorneys for Plaintiff,
JANINA M. HOSKINS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS,<br><br>Debtors. | Case No. 12-30143 DM<br><br>(Chapter 7)<br><br>A.P. No. 12-3148<br><br>**OMNIBUS DECLARATION OF JOHN H. MacCONAGHY RE: PLAINTIFF'S EFFORTS TO MEET AND CONFER ON MOTIONS *IN LIMINE* AND OTHER EVIDENTIARY ISSUES** |
| oJANINA M. HOSKINS, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>CARL ALEXANDER WESCOTT AND MONETTE ROSEMARIE STEPHENS,<br><br>Defendants. | Trial Date: October 2, 2013<br>Time: 9:30 a.m.<br>San Francisco Courtroom 22 - Montali |

I, John H. MacConaghy, state:

1. I am an attorney admitted to the bar of this Court and am co-counsel of record for Plaintiff Janina M. Hoskins, Trustee in Bankruptcy of the Estate of Carl Wescott and Monette Stephens.

2. Many of the issues set forth in the concurrently filed Motions in Limine were first raised in the Plaintiff-Trustee's "Objection to Pretrial Disclosures of Monette Stephens" filed on September 17, 2013.

3. On September 20, 2013, I sent a further email to counsel for the Debtor offering to "meet and confer" concerning the Plaintiff's evidentiary objections known at that time, On September 24, 2013, the Debtor's counsel responded, and the same day I raised two other issues. A correct copy of this email chain is attached to this Declaration and labeled Exhibit 1.

4. I received no further communication from Debtor's counsel on these issues.

5. The Plaintiff and the Debtor have been unable to resolve these evidentiary disputes, thus necessitating the concurrently filed Motions in Limine.

6. Other issues have arisen concerning the Defendant's proposed evidence. Pursuant to the Court's pretrial scheduling order the parties were directed to exchange actual pre-marked exhibits no later than September 25. The Defendant's pre-marked exhibits were not delivered to our office until September 26, a defect we waive. However, the documents in the binder we did belatedly receive do not correspond to description of the documents listed on the index and the Defendant's List of Exhibits. For example, what is labeled as "Exhibit DD" on the index and Defendant's List of Exhibits is contained in the tab marked "Exhibit LL" in the binder sent to us by Debtor's counsel. There are many other similar problems in the binder provided us. Many of these are set forth in my email to Debtor's counsel attached hereto and labeled Exhibit 2.

7. For the reasons set forth in that email, the Trustee has been unable to intelligently meet and confer as to the Defendant's proposed Exhibits W through MM. We will do so as soon as we are provided with a clean binder and/or corrected list.

I declare under penalty of perjury that the foregoing is true and correct, that I have personal first hand knowledge thereto, that if called as a witness I would testify competently thereto, and that this declaration is executed on September 26, 2013 at Sonoma, California.

/s/ John H. MacConaghy
John H. MacConaghy
*Attorneys for Plaintiff*