# EXHIBIT 1

# John MacConaghy

| From: | John MacConaghy |
|---|---|
| Sent: | Tuesday, September 24, 2013 4:16 PM |
| To: | 'shedoesbklaw@aol.com' |
| Cc: | Jean Barnier |
| Subject: | RE: Hoskins v. Wescott/Stephens -- MEET AND CONFER |

Dear Ms. Gropper Nelson,

Thank you for getting back to me.

I will be in a deposition most of tomorrow. Due to that and the press of other business, it is probably more efficient to exchange written comments. Written communication will also avoid misunderstandings and misquotes.

The issue as to use of declarations is now moot per the Judge's order, but there are two other issues we need address, in addition to whatever emerges when we actually exchange exhibit binders tomorrow.

1. Klueger & Stein Evidence

You have designated Klueger & Stein CLE materials as documentary evidence and noted that you may call Robert Klueger as a witness. For the reasons noted in my prior email, this is expert opinion evidence which is inadmissible due to the failure of the Defendant to comply with Rule 26(a)(2) as to these matters. More importantly, it is really immaterial to this case. The Trustee is not currently asserting that Klueger & Stein advised the Debtors to do anything improper. The Trustee is asserting that the improper legal advice came from the Arizona law firm of Lodmell & Lodmell, who are the ones who concocted the "Pook Snook Dook" entities and related schemes. What Klueger & Stein did or did not do has nothing to do with the Trustee's claims. Accordingly, we will be filing a Motion in Limine as to this evidence if it is not voluntarily withdrawn.

2. General Character Evidence

I may be mistaken, but I have inferred that you have designated a number friends and business associates of Ms. Stephens as witnesses to testify generally as to her alleged good character and propensity for honesty. If this is the case, that evidence is inadmissible under FRE 404(a). We will be filing a Motion in Limine as to this evidence if it is not voluntarily withdrawn.

I look forward to receiving your written comments on these issues.

Thank you for your anticipated cooperation.

**John H. MacConaghy, Esq.**
MacConaghy & Barnier, PLC
645 First St. West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
macclaw@macbarlaw.com
www.macbarlaw.com

This message and any attachments hereto contain confidential information and information which may be subject to the attorney-client privilege. It is intended for the individual or entity named above. If you are not the intended recipient, please do not read, copy, use, or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Thank you.

**From:** shedoesbklaw@aol.com [mailto:shedoesbklaw@aol.com]
**Sent:** Tuesday, September 24, 2013 3:56 PM
**To:** John MacConaghy
**Subject:** RE: Hoskins v. Wescott/Stephens -- MEET AND CONFER

Dear Mr. MacConaghy

I welcome the opportunity to meet and confer. I am available to talk now or perhaps early tomorrow.

If you would like to give me a time to call you I would be glad to discuss the points raised in your earlier email. My comment about not being available merely referenced my out of office automatic response which you would have gotten on Friday to your email.

I look forward to speaking with you at the earliest convenience.

If that is not possible let me know and I will provide a written response.

Sincerely

Sheila Gropper Nelson


-----Original Message-----
From: John MacConaghy <macclaw@macbarlaw.com>
To: shedoesbklaw <shedoesbklaw@aol.com>
Cc: Jean Barnier <JBarnier@macbarlaw.com>
Sent: Mon, Sep 23, 2013 11:34 am
Subject: RE: Hoskins v. Wescott/Stephens -- MEET AND CONFER

Dear Ms. Gropper Nelson,

I was not aware of your whereabouts on Friday, or any other day for that matter.

Motions in Limine are due on Friday, so I would like to conclude any meet and confer dialogue no later than Thursday at noon.

Also, yesterday I reviewed your Motion concerning direct examination of witnesses, and it appears that there is a considerable misunderstanding.

Except for Motions for Relief from stay, which this is not, Judge Montali's pretrial order does not require leave of Court to present direct examination evidence by live testimony; it requires it.

And Ms. Barnier did not refuse to stipulate to allow you present direct examination evidence by live testimony. Her emails on the subject say nothing of the sort. The Plaintiff objects only to presenting direct examination evidence through written declaration.

I trust this resolves your confusion on this issue.

Thank you.

**John H. MacConaghy, Esq.**
MacConaghy & Barnier, PLC
645 First St. West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
macclaw@macbarlaw.com
www.macbarlaw.com

This message and any attachments hereto contain confidential information and information which may be subject to the attorney-client privilege. It is intended for the individual or entity named above. If you are not the intended recipient, please do not read, copy, use, or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Thank you.

From: shedoesbklaw@aol.com [mailto:shedoesbklaw@aol.com]
Sent: Monday, September 23, 2013 9:45 AM
To: John MacConaghy
Subject: Re: Hoskins v. Wescott/Stephens -- MEET AND CONFER


Dear Mr. MacConaghy

As you know I was not in the office on Friday.

I have looked at the topics in your email and will respond following getting back to the office after attending a deposition all day today.

Sincerely

Sheila Gropper Nelson

-----Original Message-----
From: John MacConaghy <macclaw@macbarlaw.com>
To: shedoesbklaw <shedoesbklaw@aol.com>
Cc: Jean Barnier <JBarnier@macbarlaw.com>; Jmelder7 <Jmelder7@aol.com>
Sent: Fri, Sep 20, 2013 2:55 pm
Subject: Hoskins v. Wescott/Stephens -- MEET AND CONFER

Dear Ms. Gropper Nelson,

I am assisting Jean Barnier in trial preparation of this matter. I am writing you pursuant to the provisions of Page 7:16-22 of Judge Montali's Scheduling Order which require an effort to "meet and confer" concerning evidentiary issues prior the filing of a Motion in Limine.

Based on the current state of the record, there are three evidentiary disputes on which the Plaintiff intends to file Motions In Limine unless these issues can be informally resolved.

Improper Expert Testimony

First, it appears from our investigation that at least two of your designated trial witnesses – Vanessa Watt and Kristine Schwarz—are licensed Marriage & Family Therapists. Presumably you intend to call these persons to give some opinion as to Ms. Stephens' mental capacity during the relevant time periods addressed by the Complaint.

As is set forth in our Objection to Defendant's PreTrial Disclosures, Ms. Stephens is barred from introducing expert opinion testimony of any kind. To the extent that either Ms. Watt or Ms. Schwarz are retained experts, you were obligated to file extensive written reports under Rule 26 before their testimony could be introduced. Even if they were just "treating therapists" a written report was probably required, see *Goodman v. Staples,* 644 F.3d 817 (9th Cir. 2011). At the very least, the Defendant was obligated to provide the information required by Rule 26(a)(2)(D), and of course you failed to do so.

The only other possible information these individuals could provide is what Ms. Stephens may or may not have told them in a therapy session. This would be inadmissible hearsay.

Thus, this evidence is clearly objectionable.

Please confirm that you will not attempt to offer this evidence at trial.

Use of Declarations in Lieu of Direct Testimony

Second, you seek to offer direct testimony of lay witnesses in the form of declarations, you have insisted that the Plaintiff stipulate to this procedure, and you have filed a Motion to authorize this unorthodox procedure. Judge Montali's Scheduling Order already addresses this point in no uncertain terms, "Except on motions for relief from stay, declarations of non-expert witnesses will not be considered except by stipulation of the parties." As your own Motion on this subject notes, the Plaintiff declines to stipulate. That should be the end of the matter. You are not entitled to make up a new rule for your cases.

Although we are not obligated to give you any reason why we decline to stipulate, as a courtesy I will do so. That is, permitting direct evidence by declaration allows you or Ms. Stephens to "script" the testimony of witnesses in a false and inaccurate manner or tone. The Trustee declines to give you this opportunity.

Please confirm that you will not seek to utilize this unorthodox procedure and that you will withdraw your Motion on this subject.

Compelled Testimony of Jean Barnier

Third, your effort to call Ms. Barnier, the Trustee's lead trial counsel, as your own witness is highly improper. It is well settled that seeking to call opposing counsel as a trial witness is barred by the attorney-client privilege, attorney work product privilege, and FRE 403. A This appears to be a crude attempt to harass the Trustee, consistent with your abusive conduct at Ms. Hoskins deposition; e.g., questioning her own marital status, her personal financial experience, etc. Perhaps you believe that this clumsy ploy will intimidate our office or the Trustee. If so, you are mistaken.

Please confirm that you will not attempt to offer this evidence at trial.

Motions In Limine

Unless you voluntarily agree to the above requests, we will of course file Motions in Limine as to each of these matters as per the Judge's Scheduling Order.

Other Matters

The Plaintiff reserves her right to raise other evidentiary disputes, once we see your actual trial exhibits and final witness list, which I assume will be served in a timely fashion.

Thank you for your attention to these matters.

Sincerely,

**John H. MacConaghy, Esq.**
MacConaghy & Barnier, PLC
645 First St. West, Suite D
Sonoma, CA 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
macclaw@macbarlaw.com
www.macbarlaw.com

This message and any attachments hereto contain confidential information and information which may be subject to the attorney-client privilege. It is intended for the individual or entity named above. If you are not the intended recipient, please do not read, copy, use, or disclose this communication to others; also please notify the sender by replying to this message, and then delete it from your system. Thank you.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4117 / Virus Database: 3604/6692 - Release Date: 09/23/13

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4117 / Virus Database: 3604/6694 - Release Date: 09/24/13